**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| WOLVERINE WORLD WIDE, INC., a Delaware corporation f/k/a Wolverine Shoe & Tanning Corporation,<br><br>      Plaintiff,<br>v.<br><br>THE AMERICAN INSURANCE COMPANY, an Ohio corporation;  INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation; FIRST STATE INSURANCE COMPANY, a Connecticut corporation; AMERICAN EMPLOYERS' INSURANCE COMPANY, n/k/a SPARTA INSURANCE COMPANY, a Connecticut corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation; NORTH RIVER INSURANCE COMPANY, a New Jersey corporation; PACIFIC EMPLOYERS INSURANCE COMPANY,  a Pennsylvania corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>      Defendants. | Case No.:<br>Hon. |

**DEFENDANT THE TRAVELERS INDEMNITY COMPANY'S**
**NOTICE OF REMOVAL TO FEDERAL COURT**

Defendant, The Travelers Indemnity Company ("Travelers"), by and through its counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 submits this Notice of Removal from Kent County Circuit Court, State of Michigan, to the United States District Court for the Western District of Michigan, the judicial district in which this action is pending.

In support of this Notice of Removal, Travelers states as follows:

## I.     TIMELINESS OF REMOVAL

1. On December 14, 2018, Plaintiff Wolverine World Wide, Inc. ("Wolverine") filed a Complaint in Kent County Circuit Court, which was assigned Case No. 18-11116-CBB and in which Travelers is named as a defendant (**Exhibit A**, Complaint).

2. Wolverine executed service of process on defendant Travelers on December 18, 2018 by personally serving the Summons and Complaint.

3. Wolverine executed service of process on defendant The American Insurance Company ("AIC") December 18, 2018 by personally serving the Summons and Complaint.

4. Wolverine executed service of process on defendant Century Indemnity Company, successor to CCI Insurance Company, successor to Insurance Company of North America (improperly named as "Insurance Company of North America") ("Century") on December 18, 2018 by personally serving the Summons and Complaint.

5. Wolverine executed service of process on defendant First State Insurance Company ("First State") on December 18, 2018 by personally serving the Summons and Complaint.

6. Wolverine executed service of process on defendant American Employers' Insurance Company n/k/a Sparta Insurance Company ("AEIC") on December 18, 2018 by personally serving the Summons and Complaint.

7. Wolverine executed service of process on defendant Liberty Mutual Insurance Company ("Liberty Mutual") on December 18, 2018 by personally serving the Summons and Complaint.

8. Wolverine executed service of process on defendant Employers Insurance Company of Wausau ("Wausau") on December 18, 2018 by personally serving the Summons and Complaint.

9. Wolverine executed service of process on defendant North River Insurance Company ("North River") on December 18, 2018 by personally serving the Summons and Complaint.

10. Wolverine executed service of process on defendant Pacific Employers Insurance Company ("PEIC") on December 18, 2018 by personally serving the Summons and Complaint.

11. Wolverine executed service of process on defendant Federal Insurance Company ("Federal") on December18, 2018 by personally serving the Summons and Complaint.

12. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because fewer than thirty (30) days have passed since Travelers, AIC, Century, First State, AEIC, Liberty Mutual, Wausau, NRIC, PEIC and Federal (collectively "Defendants") received "through service or otherwise … a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

## II. PAPERS FROM REMOVED ACTION

13. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Travelers in this action, specifically the Summons and Complaint, are attached as **Exhibit A**.

## III. JURISDICTIONAL BASIS FOR REMOVAL

3

14. Travelers seeks to remove this case to federal court on the basis of complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

15. Wolverine is a corporation formed under the laws of the State of Delaware with its principal place of business in Michigan.

16. Travelers is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

17. The American Insurance Company is insurance company formed under the laws of the State of Ohio with its principal place of business in Illinois.

18. Century Indemnity Company, successor to CCI Insurance Company, successor to Insurance Company of North America (improperly named as "Insurance Company of North America") is an insurance company formed under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

19. First State Insurance Company is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

20. American Employers' Insurance Company n/k/a Sparta Insurance Company is an insurance company formed under the laws of the Connecticut with its principal place of business in Connecticut.

21. Liberty Mutual Insurance Company is an insurance company formed under the laws of Massachusetts with its principal place of business in Massachusetts.

22. Employers Insurance Company of Wausau is an insurance company formed under the laws of State of Wisconsin with its principal place of business in Massachusetts.

23. North River Insurance Company is an insurance company formed under the laws of the State of New Jersey with its principal place of business in New Jersey.

24. Pacific Employers Insurance Company is an insurance company formed under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

25. Federal Insurance Company is an insurance company formed under the laws of the State of Indiana with its principal place of business in New Jersey.

26. There is complete diversity between Wolverine and the Defendants. Travelers is entitled to have this cause removed from Kent County Circuit Court to the United States District Court for the Western District of Michigan, the federal district where the state suit is pending. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

## IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

27. The Complaint does not demand any specific sum. In the Complaint, Wolverine seeks a declaratory judgment to determine whether there is insurance coverage (defense and indemnity) under the insurance policies issued by Defendants to Wolverine for claims asserted against Wolverine in: (a) about 220 individual tort actions filed against Wolverine alleging bodily injury and/or property damage from exposure to certain chemicals and waste byproducts allegedly caused by Wolverine's historic leather tannery operations; (b) three class action lawsuits filed against Wolverine generally containing the same allegations as the individual tort actions; (c) one governmental action filed by the Michigan Department of Environmental Quality against Wolverine seeking declaratory and injunctive relief related to the disposal of certain per- and polyfluoroakyl substances ("PFAS") and a Unilateral Administrative Order served on Wolverine by the U.S. Environmental Protection Agency ("EPA") seeking Wolverine's compliance with the EPA's

work plan to investigate and remediate certain PFAS at two different sites; and (d) one lawsuit filed against Wolverine by Boulder Creek Development Co., LLC related to environmental investigation and clean-up costs from Wolverine's disposal of waste byproducts (collectively, the "Underlying Actions").  See **Exhibit A**, Complaint, ¶¶ 2-4, 32-65.

28. In the Complaint, Count I Breach of Contract – Duty to Defend against all Defendants, Paragraph 200, Wolverine alleges that "[a]s a direct and proximate result of the Defendants' individual and collective breaches of their duty of good faith and fair dealing, Wolverine has sustained damages, damages which are continuing, and damages which Wolverine is entitled to recovery from Defendants under the Policies, at law, and in equity.  Wolverine is entitled to all other direct, indirect, consequential, special, and compensatory damages as are appropriate as a result of Defendants' breaches of contract and breaches of their duty of good faith and fair dealing."

29. In the Prayer for Relief, Wolverine seeks (1) all costs, fees, and expenses related to the investigation and defense of the Underlying Actions; (2) all liability incurred or to be incurred by Wolverine in connection with the Underlying Actions, including, but not limited to, settlement costs, costs related to a consent decree or similar, and/or damages imposed by any judgment or order of a court of law, inclusive of fees and interest; (3) costs of any and all appeals related to the Underlying Actions; and (4) all costs expended for remediation, mitigation, and/or clean-up, including, but not limited to, those costs expended in complying with, or related to, the Government Actions or any consent decree or any administrative order or similar order entered in any of the Underlying Actions.  See **Exhibit A**, Complaint, Prayer for Relief, ¶¶ 1-2.

30. Wolverine's Prayer for Relief further asks that "this Court determine and declare that each of the Defendants are obligated to pay and/or reimburse Wolverine in full for all costs, fees, and expenses incurred or to be incurred by Wolverine in connection with any remediation, mitigation, and/or clean-up associated with the alleged damage, including, but not limited to, those costs incurred in complying with, or related to, the Government Actions or any consent decree or any administrative order or similar order entered in any of the Underlying Actions." See **Exhibit A**, Complaint, Prayer for Relief, ¶4.

31. Wolverine's Prayer for Relief also seeks "[f]or Wolverine's actual damages according to proof at trial, including but not limited to compensatory damages in an amount or amounts to be determined by the trier of fact at trial." See **Exhibit A**, Complaint, Prayer for Relief, ¶9.

32. As alleged in the Complaint, Wolverine seeks recovery in the amount of defenses costs and indemnification under each of the insurance policies attached to the Complaint as Exhibits A-1 through A-11. See **Exhibit A**, Complaint, ¶¶ 5-8, 183-185.

33. As a result of the foregoing, this action places at issue and in controversy monetary relief and damages which well exceeds the sum of $75,000, exclusive of interest and costs, such that this Court has original jurisdiction over the claims pursuant to 28 U.S.C. § 1332.

### V.    CONSENT OF ALL CO-DEFENDANTS

34. All Co-Defendants in this action, AIC, Century, First State, AEIC, Liberty Mutual, Wausau, NRIC, PEIC and Federal each join in and consent to this removal. Travelers has attached a consent to removal and joinder in this Notice of Removal from each Co-Defendant as **Exhibit B**.

## VI. NO RESPONSIVE PLEADING HAS BEEN FILED BY ANY DEFENDANT

35. No Defendant has filed any responsive pleading to the Complaint in Kent County Circuit Court.

## VII. NOTICE TO WOLVERINE AND THE STATE COURT

36. As required by 28 U.S.C. § 1446(b), this Notice of Removal, by means of the Notice of Filing Removal filed in the state court action and attached hereto as **Exhibit C**, Travelers is providing notice to Wolverine and the Kent County Clerk of Court of (a) this Notice of Removal; (b) the fact that this action is to be docketed in this Court; and (c) that this Court shall hereafter be entitled to grant all relief to Defendants as is proper under the circumstances.

## VIII. NON-WAIVER OF DEFENSES

37. By removing this action from the Kent County Circuit Court, Defendants do not waive any defenses available to them or admit any of the allegations in Wolverine's Complaint.

38. Travelers reserves the right to supplement this Notice of Removal if it becomes necessary to do so.

WHEREFORE, Travelers respectfully requests that this action proceed in this Court as a removed claim or cause or action under 28 U.S.C. § 1441 and 1446.

Respectfully submitted,

*/s/Charles W. Browning*
Charles W. Browning (P32978)
Olivia M. Paglia (P73490)
PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
P: (248) 901-4000
F: (248) 901-4040

Dated: January 7, 2019

cbrowning@plunkettcooney.com
opaglia@plunkettcooney.com

***Attorneys for Defendant Travelers***

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WOLVERINE WORLD WIDE, INC., a
Delaware corporation f/k/a Wolverine Shoe &
Tanning Corporation,

       Plaintiff,

v.

THE AMERICAN INSURANCE COMPANY, an Ohio
corporation, et al.

       Defendants.

Case No.:
Hon.

---

**CERTIFICATE OF SERVICE**

I hereby certified that on January 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and that I have mailed by United States Postal service to any parties that are not ECF participants.

    Respectfully submitted,

    */s/Charles W. Browning*
    Charles W. Browning (P32978)
    Olivia M. Paglia (P73490)
    PLUNKETT COONEY
    38505 Woodward Avenue, Suite 100
    Bloomfield Hills, MI 48304
    P: (248) 901-4000
    F: (248) 901-4040
    cbrowning@plunkettcooney.com
    opaglia@plunkettcooney.com

    ***Attorneys for Defendant Travelers***

Open.06900.81530.21456397-1