**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| WOLVERINE WORLD WIDE, INC., a Delaware corporation f/k/a Wolverine Shoe & Tanning Corporation, | |
| Plaintiff, | |
| v. | |
| THE AMERICAN INSURANCE COMPANY, an Ohio corporation; INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation; FIRST STATE INSURANCE COMPANY, a Connecticut corporation; AMERICAN EMPLOYERS' INSURANCE COMPANY, n/k/a SPARTA Insurance Company, a Connecticut corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation; NORTH RIVER INSURANCE COMPANY, a New Jersey corporation; PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and DOE INSURANCE COMPANIES 1-10; | Case No.  1:19-cv-00010 Honorable Janet T. Neff Magistrate Ellen S. Carmody  **DEFENDANT THE AMERICAN INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT, DEFENSES, AND RELIANCE UPON JURY DEMAND** |
| Defendants. | |

**DEFENDANT THE AMERICAN INSURANCE COMPANY'S ANSWER TO
PLAINTIFF'S COMPLAINT, DEFENSES, AND RELIANCE UPON JURY DEMAND**

Defendant The American Insurance Company (hereinafter "AIC"), by counsel, for its

Answer to Plaintiff's Complaint states as follows:

## Alleged Nature of the Action

1.      Plaintiff Wolverine brings this action for declaratory judgment and for breach of contract under comprehensive general, umbrella, and excess liability insurance policies issued by Defendants and enclosed in **Exhibits A-1 through A-11** attached hereto (the "Policies").

**ANSWER:  The allegations in Paragraph 1 fail to allege matters requiring a response by AIC. To the extent an answer is required, AIC states upon information and belief that Plaintiff's complaint speaks for itself, and otherwise denies the underlying allegations and relief sought therein as they relate to AIC, and neither admits nor denies the allegations as they relate to other Defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

2.      As of the filing of this Complaint, Wolverine has been named as a defendant in three class actions and approximately 220 individual tort actions brought by current and/or former Michigan residents who have allegedly suffered bodily injury, property damage, personal injury, or some combination thereof, which they attribute to exposure to certain chemicals and waste byproducts allegedly caused by Wolverine's historic operations at or around a former leather tannery Wolverine operated near its principal place of business in Rockford, Michigan (the "Rockford Site"), and/or its property located at 1855 House Street N.E., in Belmont, Michigan (the "Belmont Site") (collectively, the "Tort Actions").  Specifically, the plaintiffs in the Tort Actions allege that Wolverine's use of Scotchgard™, a chemical that contains certain per- and polyfluoroalkyl substances ("PFAS"), in its leather treatment process led to the increased presence of certain PFAS

compounds in the soil and/or groundwater and allegedly caused plaintiffs' alleged injuries and/or damages.

**ANSWER:  The allegations in Paragraph 2 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

3.     Wolverine has also been named as a defendant in two government actions related to its alleged disposal of certain PFAS compounds.  On January 10, 2018, the Michigan Department of Environmental Quality ("MDEQ") filed a complaint against Wolverine in federal court seeking declaratory and injunctive relief under various environmental statutes based on increased presence of certain PFAS compounds on and around the Rockford and Belmont Sites allegedly due to Wolverine's historic operations. Also on January 10, 2018, the U.S. Environmental Protection Agency ("EPA") served on Wolverine a Unilateral Administrative Order, ordering Wolverine to comply with its work plan to investigate and remediate certain PFAS compounds allegedly located at the Rockford and Belmont Sites (together with the MDEQ action, the "Government Actions").

**ANSWER:  The allegations in Paragraph 3 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

4.     In addition, Wolverine is named as a defendant in an action brought by Boulder Creek Development Co., LLC ("Boulder Creek"), the owner of a nearby gravel pit and licensed landfill where Wolverine allegedly disposed of waste byproducts several

decades ago.  The plaintiff in that suit seeks damages related to the clean-up and investigation of its property based on causes of action sounding in environmental statute, negligence, fraud, and nuisance. (This action collectively with the Government Actions and the Tort Actions are referred to herein as the "Underlying Actions").

**ANSWER:  The allegations in Paragraph 4 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

5.    The Defendants' Policies described herein and enclosed in **Exhibits A-1 through A-11** consist of primary, umbrella, and excess comprehensive general liability insurance policies for policy periods spanning from 1957 through 1986 requiring the Defendant-Insurers to defend and indemnify Wolverine, in full, from suits alleging property damage, bodily injury, and/or personal injury (the "Policies").  Certain of the Policies, including all of the primary policies and certain of the excess and umbrella policies, contain a duty to defend, which requires each of the applicable insurers to provide a full defense to Wolverine in connection with each of the Underlying Actions.  As discussed herein, each of the primary insurer Defendants whose Policies contain such a duty to defend and those excess and umbrella insurer Defendants whose Policies require that they defend Wolverine where, for example, the underlying insurer has failed or refused to honor their respective duty to defend, have each failed or refused to provide Wolverine with a full defense in breach of each of their obligations under the Policies and applicable law.

**ANSWER:  AIC denies the allegations in Paragraph 5 as they relate to AIC as untrue, and  neither  admits  nor  denies  the  allegations  therein  as  they  relate  to  other**

4

**defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

6.     The Policies also provide insurance coverage to Wolverine requiring each of the insurers to pay all costs and expenses incurred by Wolverine in connection with any indemnity incurred by Wolverine in connection with the Underlying Actions, including any settlements or judgments.  As discussed more fully herein, all of the Defendants have failed to acknowledge or agree to honor their indemnity obligations under the Policies to pay or reimburse Wolverine for any indemnity costs, which Wolverine may be legally obligated to pay in connection with any settlements or judgments for covered damages alleged in the Underlying Actions.

**ANSWER:  AIC denies the allegations in Paragraph 6 as they relate to AIC as untrue, and neither admits nor denies the allegations therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

7.     Each of the Underlying Actions alleges a covered, or potentially covered, Occurrence and seeks damages from Property Damage, Bodily Injury and/or Personal Injury, as those terms are defined in the Policies, during the period of each of the Policies. Accordingly, each of the primary insurer Defendants, and certain of the excess and umbrella insurer Defendants, has a duty to defend Wolverine in full and to provide a complete indemnity to Wolverine on a joint and several, "all sums" basis, in connection with each of the Underlying Actions under each of the primary Policies.  Each of the umbrella and excess insurer Defendants have an obligation to acknowledge coverage and agree to indemnify Wolverine in the Underlying Actions upon exhaustion of the applicable

underlying coverage or – where required by the Policies – immediately provide Wolverine with a full defense where, for example, the applicable underlying primary insurer Defendant has failed or refused to defend Wolverine in full for the Underlying Actions.

**ANSWER:  AIC denies the allegations in Paragraph 7 as they relate to AIC as untrue, and neither admits nor denies the allegations therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

8.     To date, each of the Defendants has failed and/or refused to provide Wolverine with a full defense in connection with each of the Underlying Actions under each of the Policies, and each of the Defendants also has failed and/or refused to agree to provide Wolverine with a complete indemnity on a joint and several, "all sums" basis, in connection with any settlements and/or judgments in the Underlying Actions.

**ANSWER:  AIC denies the allegations in Paragraph 8 as they relate to AIC as untrue, and neither admits nor denies the allegations therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

9.     Wolverine brings this action for declaratory judgment pursuant to MCR 2.605, seeking a declaration that each of the primary insurer Defendants is obligated to (1) provide Wolverine with a full defense in connection with the Underlying Actions; and/or (2) pay in full the costs and expenses of the investigation and defense of the Underlying Actions; and (3) pay in full for any of Wolverine's legal liabilities incurred, to be incurred, or paid in connection with the Underlying Actions, including any settlements and/or judgments. Wolverine further seeks a declaration that each of the umbrella and excess

insurer Defendants with a duty to defend or obligation to pay defense costs must: (1) provide Wolverine with a full defense in connection with the Underlying Actions; and/or (2) pay in full the costs and expenses of the investigation and defense of the Underlying Actions. Wolverine further seeks a declaration that all of the umbrella and excess insurer Defendants must pay in full any of Wolverine's legal liabilities incurred, to be incurred, or paid in connection with the Underlying Actions, including any settlements and/or judgments. Wolverine also seeks other declarations as to its rights under the Policies, all in accordance with the contractual provisions of these Policies, insuring obligations imposed or implied by law, and the reasonable expectations of Wolverine as an insured.

**<u>ANSWER:</u>  The allegations in Paragraph 9 fail to allege matters requiring a response by AIC. To the extent an answer is required, AIC states upon information and belief that Plaintiff's complaint speaks for itself, and otherwise denies the underlying allegations and relief sought therein as they relate to AIC, and neither admits nor denies the allegations as they relate to other Defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

10.      Wolverine further seeks damages for breach of contract. The primary insurer Defendants each have breached their Policies by failing or refusing to undertake or honor their contractual obligations fully to provide a complete defense to Wolverine and/or to pay in full Wolverine's costs and expenses of investigation and defense.  Each of the excess and umbrella insurer Defendants with a duty to defend also have breached their Policies by failing or refusing to undertake or honor their contractual obligations fully to provide a complete defense to Wolverine and/or to pay in full Wolverine's costs and expenses of

investigation and defense.  Additionally, each of the Defendants has breached its respective duties of good faith and fair dealing owed to Wolverine in connection with their handling of Wolverine's claims.

**ANSWER:  AIC denies the allegations in Paragraph 10 as they relate to AIC as untrue, and neither admits nor denies the allegations therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

11.     Wolverine has performed all acts and preconditions necessary and/or required under the Policies, specifically including, but not limited to, payment of premiums and providing timely and proper notice of all claims and/or suits, which have been satisfied by, among other things, the filing of this Complaint. All conditions and conditions precedent to Defendants' performance of their obligations under the Policies have been satisfied or performed by Wolverine, or their performance is or has been waived or excused by the conduct of these Defendants or by operation of law.

**ANSWER:  AIC denies the allegations in Paragraph 11 as they relate to AIC as untrue, and neither admits nor denies the allegations therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

### Alleged Parties

12.     Plaintiff Wolverine, whose principal place of business is located in Rockford, Michigan, is incorporated under the laws of the State of Delaware and is engaged in the business of designing, manufacturing, and marketing a broad line of quality footwear.

**ANSWER: The allegations in Paragraph 12 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

13. Defendant The American Insurance Company ("AIC") is an insurance company organized under the laws of the State of Ohio, with its principal place of business in Chicago, Illinois.

**ANSWER: AIC admits the allegations contained in Paragraph 13.**

14. Defendant Insurance Company of North America ("INA") is an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

**ANSWER: The allegations in Paragraph 14 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

15. Defendant First State Insurance Company ("First State") is an insurance company organized under the laws of the State of Connecticut, with its principal place of business in Boston, Massachusetts.

**ANSWER: The allegations in Paragraph 15 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

16.     Defendant American Employers' Insurance Company ("AEIC"), n/k/a SPARTA Insurance Company, is an insurance company organized under the laws of the State of Connecticut, with its principal place of business in Farmington, Connecticut.

**ANSWER:  The allegations in Paragraph 16 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

17.     Defendant Liberty Mutual Insurance Company ("Liberty") is an insurance company organized under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts.

**ANSWER:  The allegations in Paragraph 17 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

18.     Defendant The Travelers Indemnity Company ("Travelers") is an insurance company organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

**ANSWER:  The allegations in Paragraph 18 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

19.    Defendant Employers Insurance Company of Wausau ("Wausau") is an insurance company organized under the laws of the State of Wisconsin, with its principal place of business in Boston, Massachusetts.

**ANSWER:  The allegations in Paragraph 19 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

20.    Defendant North River Insurance Company ("North River") is an insurance company organized under the laws of the State of New Jersey, with its principal place of business in Morristown, New Jersey.

**ANSWER:  The allegations in Paragraph 20 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

21.    Defendant Pacific Employers Insurance Company ("Pacific") is an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

**ANSWER:  The allegations in Paragraph 21 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

22.     Defendant Federal Insurance Company ("Federal") is an insurance company organized under the laws of the State of Indiana, with its principal place of business in Philadelphia, Pennsylvania.

**ANSWER:  The allegations in Paragraph 22 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

23.     At all times pertinent, AIC, INA, First State, AEIC, Liberty, Travelers, Wausau, North River, Pacific, and Federal (collectively, "Defendants") were, and are, licensed to do business, and were and are doing and transacting business, in the State of Michigan. Defendants each issued Policies to Wolverine under which relief is being sought herein.

**ANSWER:  AIC objects as the allegations in Paragraph 23 are vague, ambiguous, and unlimited as to time or duration. Answering subject to objections, AIC admits only that it is and was authorized to conduct business in Michigan at various times and currently, denies the remaining allegations in Paragraph 23 as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

24.     Doe Insurance Companies 1 through 10 are insurance companies whose identities are currently unknown to Plaintiff that issued general liability insurance policies (including primary, umbrella, and excess insurance policies) responsive to the Underlying Actions for which relief is being sought herein.  When the true identities of such insurance

companies become known to Plaintiff, this Complaint will be amended to identify such Defendant insurance companies.

**ANSWER:  The allegations in Paragraph 24 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

### Alleged Jurisdiction and Venue

25.    This Court has subject matter jurisdiction over this civil action, with the amount in controversy in excess of $25,000, pursuant to MCL § 600.605, which confers this Court with general jurisdiction over all matters not expressly assigned to other courts. Pursuant to MCR 2.112(O), Plaintiff verifies that this case involves a business dispute as defined by MCL 600.8031.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 25 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

26.    Venue for this action is proper in this Court pursuant to MCL § 600.1621 because Defendants conduct business in this County, and because Wolverine resides, maintains a place of business, and maintains a registered office in this County.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 26 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

### Alleged Background

27.     Wolverine is engaged in the business of designing, manufacturing, and marketing a broad line of quality footwear.

**ANSWER:  The allegations in Paragraph 27 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

28.     As alleged in the Underlying Actions, Wolverine has operated a leather tannery at the Rockford Site, and has utilized or maintained property in furtherance of this business at the Belmont Site.

**ANSWER:  The allegations in Paragraph 28 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any pleadings referenced therein speak for themselves.**

29.     As alleged in the Underlying Actions, in approximately 1958 Wolverine began incorporating Scotchgard™, a chemical that contains certain PFAS compounds, into or part of its tannery process. Wolverine disposed of tanning by-products at or around the Belmont Site after it began incorporating Scotchgard™ into its tannery process and did so until around 1970, when it began disposing at landfills.

**ANSWER:  The allegations in Paragraph 29 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

**Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any pleadings referenced therein speak for themselves.**

30.     Wolverine properly and timely provided notice to all the Defendants of the Underlying Actions, including but not limited to in correspondence dated November 2, 2017, January 8, 2018, February 13, 2018, March 6, 2018, April 10, 2018, June 20, 2018, October 12, 2018, December 6, 2018, and December 7, 2018.  Wolverine also promptly and timely provided all Defendants with all complaints and any amendments thereto from the Underlying Actions received by Wolverine to date and Wolverine has and continues to cooperate with the Defendants with respect to its claim(s).

**ANSWER:**  **AIC objects as the allegations in Paragraph 30 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

31.     All of the Underlying Actions constitute claims and/or demands and/or suits alleging that the acts and/or omissions of Wolverine, a named insured under the Policies, constitute an occurrence, occurrences, or series of continuous occurrences, all of which occurred within the policy periods of the Policies.  Those occurrence(s) are alleged to have caused bodily injury, property damage, personal injury, and/or some combination thereof. As such, all of the Underlying Actions, and potentially forthcoming actions not yet filed,

trigger each of the primary insurer Defendants', and certain of the excess and umbrella insurer Defendants', obligations to fully defend and all of the insurer Defendants' obligations to fully indemnify Wolverine for any settlements or judgments in the Underlying Actions on a joint and several, "all sums" basis, under each of the Policies.

**ANSWER:  AIC objects as the allegations in Paragraph 31 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings referenced therein speak for themselves.**

### I.     Allegations Regarding the MDEQ Action

32.     The MDEQ informed Wolverine that it had allegedly detected certain PFAS compounds in or around Wolverine's property through its investigation into the presence of certain PFAS compounds in groundwater near the Belmont Site.  The Kent County Health Department initiated a similar investigation.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 32 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any documents referenced therein speak for themselves.**

33. On January 10, 2018, the MDEQ filed a complaint against Wolverine in federal court seeking declaratory and injunctive relief under various environmental statutes, *Michigan Department of Environmental Quality v Wolverine World Wide, Inc*, Case No 1:18-cv-00039 (WD Mich). The complaint in the MDEQ action is attached hereto as **Exhibit B-1**.

**ANSWER: AIC neither admits nor denies the allegations contained in Paragraph 33 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

34. The MDEQ asks the court to impose various obligations for the investigation, remediation, clean-up, and mitigation of those areas, homes, and residents allegedly impacted by the disposal of certain PFAS compounds, including by asking the court to require Wolverine to provide short-term and long-term drinking water supplies to impacted wells.

**ANSWER: AIC neither admits nor denies the allegations contained in Paragraph 34 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

35. The gravamen of the MDEQ complaint is that "Wolverine has contributed and continues to contribute to the past and present handling, storage, treatment, transportation, and/or disposal of solid waste at properties owned by Wolverine, and also

at properties owned by others, in such a manner that resulted in releases of [certain PFAS compounds] at levels that resulted in detections that exceed applicable Michigan cleanup criteria . . . and which may present an imminent and substantial endangerment to human health and the environment." Ex. B-1, ¶ 4.

**<u>ANSWER:</u>  AIC neither admits nor denies the allegations contained in Paragraph 35 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

36.     The MDEQ seeks declaratory and injunctive relief, and other damages to be determined by the court, and requests the court to compel Wolverine to:

a.      Investigate and assess the location and extent of releases or threatened releases of certain PFAS compounds into the environment;

b.      Develop and implement plans for the continued sampling and analysis of impacts to drinking water wells from certain PFAS compounds released or disposed of by Wolverine;

c.      Provide alternate drinking water supplies to users of drinking water wells impacted by certain PFAS compounds for which Wolverine is responsible;

d.      Provide long-term, reliable drinking water supplies to users of drinking water wells, including by connecting residents to municipal drinking water supplies, to address unacceptable risks posed by a

> release or threat of release of certain PFAS compounds allegedly attributable to Wolverine;
>
> e.  Perform response activities required under the Michigan Natural Resources and Environmental Protection Act to abate any endangerment to human health and the environment from exposure to certain PFAS compounds at locations where they have come to be located; and
>
> f.  Payment of the State's past and future response activity costs of surveillance and enforcement.

Ex. B-1, ¶¶ 5-6, and at 20.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 36 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

37.  The MDEQ action alleges a covered occurrence, occurrences, or series of occurrences under the Policies and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the Policies.  The allegations in the MDEQ action triggered the primary insurer Defendants', and certain of the excess and umbrella insurer Defendants', respective duties to fully defend Wolverine and/or to pay in full Wolverine's defense and investigation costs in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.  The allegations in the MDEQ action also require each of the insurer Defendants to agree to fully indemnify

19

Wolverine on a joint and several, "all sums" basis, for any settlements or judgments in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.

**ANSWER:** **AIC objects as the allegations in Paragraph 37 are vague, ambiguous, unlimited as to time, period, or policy, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

II.      Allegations Regarding the EPA Action

38.      Also on January 10, 2018, the EPA served on Wolverine a Unilateral Administrative Order ("UAO"), *In the Matter of Wolverine Worldwide Tannery and House Street Disposal Site*, CERCLA Docket No V-W-18-C-004 (US EPA), ordering Wolverine to comply with its work plan to investigate and remediate contamination at the Rockford and Belmont Sites.  The UAO in the EPA action is attached hereto as **Exhibit B-2**

**ANSWER:** **AIC neither admits nor denies the allegations contained in Paragraph 38 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

39.     The UAO provided that the EPA had evaluated the data from the MDEQ's investigation, and Wolverine's own investigation, compared the results to the list of CERCLA hazardous substances (as provided in 40 C.F.R. Part 302), and found that "[l]isted hazardous substances were detected at levels above typical background concentrations and at levels that exceeded applicable State action levels in all soil, groundwater and surface water sediment samples."   Ex. B-2, ¶ 7(k).   The EPA ordered Wolverine to implement and complete a work plan to remediate the Rockford and Belmont Sites.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 39 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

40.     The EPA action alleges a covered occurrence, occurrences, or series of occurrences under the Policies and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the Policies.  The allegations in the EPA action triggered the primary insurer Defendants', and certain of the excess and umbrella insurer Defendants', respective duties to fully defend Wolverine and/or to pay in full Wolverine's defense and investigation costs in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.  The allegations in the EPA action also require each of the insurer Defendants to agree to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements or judgments in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.

**ANSWER:  AIC objects as the allegations in Paragraph 40 are vague, ambiguous, unlimited as to time, period, or policy, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings referenced therein speak for themselves.**

41.    The EPA action alleges a covered occurrence or series of occurrences under the Policies and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the Policies, which has triggered the primary insurer Defendants' respective duties to defend and indemnify Wolverine, triggered the obligation of each applicable umbrella insurer to defend and indemnify Wolverine in the event of denial of coverage by the relevant primary insurer, and obligated each applicable umbrella and excess insurer to assume the primary insurer's obligations upon exhaustion of the relevant underlying policy.

**ANSWER:  AIC objects as the allegations in Paragraph 41 are vague, ambiguous, unlimited as to time, period, or policy, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient**

information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings referenced therein speak for themselves.

### III.    Allegations Regarding the Boulder Creek Action

42.    On November 14, 2018, Wolverine was named as a defendant in an action brought by Boulder Creek, the owner of a sanitary landfill and gravel mining operation located at 4300 Cannonsburg Rd. NE, Belmont, MI 49306 (the "NE Gravel Site"), where Wolverine allegedly disposed of waste byproducts several decades ago, *Boulder Creek Development Co, LLC v Wolverine World Wide, Inc*, Case No. 18-10212-CE (Kent Cty Mi Cir Ct) (the "Boulder Creek Action").  The complaint in the Boulder Creek Action is attached hereto as **Exhibit B-3**.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 42 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

43.    The Boulder Creek Action alleges that in or around 1958, Wolverine "began incorporating PFAS compounds . . . in its own manufacturing operations by treating leather and finished shoes with Scotchgard™ in order to weatherproof its products" and that "[i]n order to effect disposal of its waste [related to the tanning process], Wolverine utilized several dumpsites and dumping methods in Kent County, including, but certainly not limited to, the use of the now-infamous House Street dump, spreading the waste on farmland, and the NE Gravel site."  Ex. B-3, ¶¶ 26, 29.

23

**ANSWER:** **AIC neither admits nor denies the allegations contained in Paragraph 43 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

44.     The Boulder Creek Action alleges that the presence of PFAS and other chemical compounds at the NE Gravel Site from approximately the 1950s to present has caused property damage and personal injury.  The plaintiff in the Boulder Creek Action seeks damages related to the clean-up and investigation of its property based on causes of action sounding in environmental statute, negligence, fraud, and nuisance.

**ANSWER:** **AIC neither admits nor denies the allegations contained in Paragraph 44 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

45.     The Boulder Creek Action alleges a covered occurrence, occurrences, or series of occurrences under the Policies and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the Policies.  The allegations in the Boulder Creek Action triggered the primary insurer Defendants', and certain of the excess and umbrella insurer Defendants', respective duties to fully defend Wolverine and/or to pay in full Wolverine's defense and investigation costs in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.  The allegations in the Boulder Creek Action also require each of the insurer Defendants to agree

to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements or judgments in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.

**ANSWER:  AIC objects as the allegations in Paragraph 45 are vague, ambiguous, unlimited as to time, period, or policy, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings referenced therein speak for themselves.**

## IV.     Allegations Regarding the Class Actions

46.     Wolverine has been named as a defendant in three class actions brought by current and/or former Michigan residents who have allegedly suffered bodily injury, property damage, personal injury, or some combination thereof, which they attribute to exposure to soil and/or groundwater containing certain PFAS compounds allegedly originating from Wolverine's historic operations at or around the Rockford and Belmont Sites.  Those plaintiffs allege that the presence of certain PFAS compounds in the soil and/or groundwater caused their alleged injuries and/or damages.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 46 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said**

**Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

47.    On December 1, 2017, Wolverine was named as a defendant in *Beverly Zimmerman et al v The 3M Company et al*, Case No 1:17-cv-01062 (WD Mich) (the "Zimmerman Class Action"). The complaint in the Zimmerman Class Action is attached hereto as **Exhibit B-4**.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 47 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

48.    The Zimmerman Class Action alleges that Wolverine began using Scotchgard™ in 1958, that thereafter, "Wolverine engaged in a number of grossly negligent practices including the disposal and maintenance of toxic waste and sludge, that led to the contamination of the surrounding environment and drinking water with PFAS and other hazardous chemicals," and that "[t]he ongoing presence of PFAS contamination has impacted Plaintiffs and the Class Members' properties, is a blight on the affected communities and deprives Plaintiffs and Class Members of their free use and enjoyment of their property."  Ex. B-4, ¶¶ 59, 128.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 48 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said**

**Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

49.     The Zimmerman Class Action alleges that the presence of certain PFAS and other chemical compounds at and around the properties, and in the water supply, of the plaintiffs and class members from approximately the 1950s to present has caused property damage, bodily injury, and/or personal injury. The plaintiffs in the Zimmerman Class Action seek damages based on causes of action sounding in trespass, negligence, nuisance, products liability, fraud, and emotional distress, among others.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 49 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

50.     The Zimmerman Class Action alleges a covered occurrence, occurrences, or series of occurrences under the Policies and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the Policies.  The allegations in the Zimmerman Class Action triggered the primary insurer Defendants', and certain of the excess and umbrella insurer Defendants', respective duties to fully defend Wolverine and/or to pay in full Wolverine's defense and investigation costs in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.  The allegations in the Zimmerman Class Action also require each of the insurer Defendants to agree to fully indemnify Wolverine on a joint and several, "all sums" basis, for any

settlements or judgments in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.

**ANSWER:   AIC objects as the allegations in Paragraph 50 are vague, ambiguous, unlimited as to time, period, or policy, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings referenced therein speak for themselves.**

51.     On March 5, 2018, Wolverine was named as a defendant in *Megan Johns et al v Wolverine World Wide, Inc.*, Case No 18-02078-CE (Kent Cty Mi Cir Ct) (the "Johns Class Action").  The complaint in the Johns Class Action is attached hereto as **Exhibit B-5**.

**ANSWER:   AIC neither admits nor denies the allegations contained in Paragraph 51 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

52.     The Johns Class Action, which was recently removed to federal court (*see Megan Johns et al v Wolverine World Wide, Inc*, Case No 1:18-cv-01302 (WD Mich)) alleges that Wolverine began using Scotchgard™ in 1958, that thereafter, "Wolverine engaged in grossly negligent practices including the dumping and disposal of its tannery and

manufacturing waste [containing certain PFAS compounds] into the environment throughout Kent County, Michigan," and that "Plaintiffs' [sic] and the Class have, and continue, to experience harms resulting from Wolverine's negligent use, handling, disposal and dumping of PFAS into the environment, including interference with their property rights." Ex. B-5, ¶¶ 14, 35.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 52 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

53.     The Johns Class Action further alleges that the presence of certain PFAS and other chemical compounds at and around the properties, and in the water supply, of the plaintiffs and class members from approximately the 1950s to present has caused property damage, bodily injury, and/or personal injury.  The plaintiffs in the Johns Class Action seek damages based on causes of action sounding in negligence, nuisance, fraud, and emotional distress, among others.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 53 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

54.     The Johns Class Action alleges a covered occurrence, occurrences, or series of occurrences under the Policies and seeks damages from property damage, bodily injury,

and/or personal injury during the policy periods of the Policies. The allegations in the Johns Class Action triggered the primary insurer Defendants', and certain of the excess and umbrella insurer Defendants', respective duties to fully defend Wolverine and/or to pay in full Wolverine's defense and investigation costs in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein. The allegations in the Johns Class Action also require each of the insurer Defendants to agree to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements or judgments in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.

**ANSWER: AIC objects as the allegations in Paragraph 54 are vague, ambiguous, unlimited as to time, period, or policy, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings referenced therein speak for themselves.**

55. On December 4, 2018, Wolverine was named as a defendant in *Susan Henry v Wolverine World Wide, Inc et al*, Case No 1:18-cv-01924-UNA (D Del) (the "Henry Class Action"). The complaint in the Henry Class Action is attached hereto as **Exhibit B-6**.

**ANSWER: AIC neither admits nor denies the allegations contained in Paragraph 55 for the reason that it lacks sufficient information or knowledge to form a belief as to**

**their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

56.     The Henry Class Action alleges that Wolverine used Scotchgard™ "[f]rom the late 1950's until about 2002," that during this time, Wolverine "unreasonably dispos[ed] of materials containing toxic chemicals, including [certain PFAS compounds], in a manner that guaranteed they would enter the environment, including ground and water," and that "Plaintiff and Putative Classes have suffered exposure, personal injury, bioaccumulation of PFCs in their blood which causes known cancers and diseases, property damage, and the diminution of property value as a result of the [certain PFAS compounds] contamination caused by Defendants, including of drinking water supplies." Ex. B-6, ¶¶ 46, 154, 285.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 56 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

57.     The Henry Class Action alleges that the presence of certain PFAS and other chemical compounds at and around the properties, and in the water supply, of the plaintiffs and class members from approximately the 1950s to present has caused property damage, bodily injury, and/or personal injury. The plaintiffs in the Henry Class Action seek damages based on causes of action sounding in negligence, medical monitoring, products liability, nuisance, and emotional distress, among others.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 57 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

58.     The Henry Class Action alleges a covered occurrence, occurrences, or series of occurrences under the Policies and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the Policies.  The allegations in the Henry Class Action triggered the primary insurer Defendants', and certain of the excess and umbrella insurer Defendants', respective duties to fully defend Wolverine and/or to pay in full Wolverine's defense and investigation costs in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.  The allegations in the Henry Class Action also require each of the insurer Defendants to agree to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements or judgments in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.

**ANSWER:  AIC objects as the allegations in Paragraph 58 are vague, ambiguous, unlimited as to time, period, or policy, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its**

proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings referenced therein speak for themselves.

V.    Allegations Regarding the Individual Actions

59.    Wolverine has been named as a defendant in over 220 individual actions brought by current and/or former Michigan residents who have allegedly suffered bodily injury, property damage, personal injury, or some combination thereof, which they attribute to exposure to soil and/or groundwater containing certain PFAS compounds allegedly originating from Wolverine's historic operations at or around the Rockford and Belmont Sites.  Those plaintiffs allege that the presence of certain PFAS compounds in the soil and/or groundwater caused their alleged injuries and/or damages.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 59 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

60.    The vast majority of the individual actions were brought by the same law firm and, as such, the allegations across individual actions are substantially similar.  In many instances, the key allegations that trigger coverage under the Policies are identical across individual actions. Accordingly, Wolverine discusses herein an exemplar individual action as representative of the entire universe of individual actions.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 60 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said**

**Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

61.     In *John D. Stewart et al v Wolverine World Wide, Inc, et al*, Case No 18-09087-C2 (Kent Cty Mi Cir Ct) (the "Stewart Exemplar Action"), the plaintiffs allege that from 1939 to 1970, "Wolverine dumped sludge, liquid, and barrels containing hazardous tannery waste into unlined seepage pits and trenches, which Wolverine understood would leach into groundwater," and that "[t]he aquifer from which Plaintiffs' [sic] obtain drinking water is contaminated with tannery waste containing toxic chemicals called [certain PFAS compounds] [because] Wolverine used and then dumped [certain PFAS compounds] into the bare ground." Ex. B-7, ¶¶ 1-2.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 61 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

62.     With respect to the geographic area of concern, the Stewart Exemplar Action alleges disposal at areas north of the House Street property "in an unlicensed dump area off of Jewell Avenue NE" and "in the area to the west of Wolven Avenue NE, in an old gravel pit and onto farmland," both in Algoma Township, Michigan.  Ex. B-7 at ¶¶ 125, 126 (Kent Cty Mi Cir Ct).

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 62 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said**

**Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

63.    The Stewart Exemplar Action further alleges that "due to contaminated drinking water, the residents' use, enjoyment, and value of their properties has been substantially impaired, and the residents and their children face an increased risk to a host of deadly and severe health problems, some of which have already materialized. Wolverine's contamination has caused severe diminution in property value, extreme anxiety, adverse health effects, and an increased risk to future injuries."  Ex. B-7, ¶ 7.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 63 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

64.    The Stewart Exemplar Action, like all of the individual actions, alleges that the presence of certain PFAS compounds and other chemical compounds at and around the properties, and in the water supply, of the plaintiffs has caused property damage, bodily injury, and/or personal injury. The plaintiffs in the Stewart Exemplar Action seek damages based on causes of action sounding in nuisance, negligence, ultra hazardous activity, products liability, and environmental statute, among others.

**ANSWER:  AIC neither admits nor denies the allegations contained in Paragraph 64 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said**

**Paragraph subject to objections, AIC states that any pleadings or documents referenced therein speak for themselves.**

65.     The Stewart Exemplar Action and each of the individual actions allege a covered occurrence, occurrences, or series of occurrences under the Policies and seek damages from property damage, bodily injury, and/or personal injury during the policy periods of the Policies.  The allegations in the Stewart Exemplar Action and each of the individual actions triggered the primary insurer Defendants', and certain of the excess and umbrella insurer Defendants', respective duties to fully defend Wolverine and/or to pay in full Wolverine's defense and investigation costs in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.  The allegations in the Stewart Exemplar Action and each of the individual actions also require each of the insurer Defendants to agree to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements or judgments in the Underlying Actions in accordance with the terms of their respective Policies as discussed in full herein.

**ANSWER:  AIC objects as the allegations in Paragraph 65 are vague, ambiguous, unlimited as to time, period, or policy, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any pleadings referenced therein speak for themselves.**

## The Alleged Policies

### I.      Wolverine's Alleged Primary Insurance Policies

66.      Defendants AIC, INA, Liberty, Travelers, and Wausau ("Primary Insurers") issued primary insurance policies to Wolverine during the relevant policy periods, each of which, upon information and belief, contains a duty to defend Wolverine in connection with each of the Underlying Actions immediately upon receiving notice of a suit alleging a potentially covered occurrence, occurrences, or series of occurrences.  To date, AIC, INA, Liberty, Travelers, and Wausau have failed and/or refused, in breach of their Policies, to honor in full their duty to defend Wolverine in each of the Underlying Actions under each of their Policies.

**ANSWER:  AIC objects as the allegations in Paragraph 66 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

67.     To the extent the primary policies issued by Defendants AIC, INA, Liberty, Travelers, and/or Wausau contain self-insured retentions, on information and belief, such self-insured retentions have been or will be satisfied and Defendants are obligated to honor in full their duty to defend and to provide Wolverine with a full defense in connection with each of the Underlying Actions.

**ANSWER:**  **AIC objects as the allegations in Paragraph 67 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any policies, to the extent they exist and all terms, contents, and the issuance thereof are proven, speak for themselves.**

68.     Defendant Liberty issued the following primary insurance policies to Wolverine ("Liberty Policies") that, on information and belief, each contain a duty to defend Wolverine for all of the Underlying Actions and an obligation to fully indemnify Wolverine for all settlements and/or judgments on a joint and several, "all sums" basis arising from the Underlying Actions:

| Policy Periods | Policy Number |
|---|---|
| 4/6/1957 – 4/6/1958 | LP1-141-050531-028 |
| 4/6/1958 – 4/6/1959 | LP1-141-050531-029 |
| 4/6/1959 – 4/6/1960 | LP1-141-050531-020 |
| 4/6/1960 – 4/6/1961 | LP1-141-050531-021 |

| 4/6/1961 – 4/6/1962 | LP1-141-050531-022 |
|---|---|
| 4/6/1962 – 4/6/1963 | LP1-141-050531-023 |
| 4/6/1963 – 4/6/1964 | LP1-141-050531-024 |
| 4/6/1964 – 4/6/1965 | LP1-141-050531-025 |
| 1/1/1966 – 4/6/1966 | LP1-141-050531-026 |
| 4/6/1967 – 4/6/1968 | LG1-141-050531-087 |
| 4/6/1968 – 1/1/1969 | LG1-141-050531-088 |
| 1/1/1969 – 1/1/1970 | LG1-141-050531-089 |
| 1/1/1970 – 1/1/1971 | LG1-141-050531-080 |
| 1/1/1971 – 1/1/1972 | LG1-141-050531-081 |
| 1/1/1972 – 2/28/1973 | LG1-141-050531-082 |

**ANSWER:  The allegations in Paragraph 68 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

69.     Attached as **Exhibit A-1** are true and correct copies of those Liberty Policies and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:  The allegations in Paragraph 69 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

70.     The Liberty Policies contained in Exhibit A-1 each provide insurance coverage on an occurrence basis for all suits alleging property damage, bodily injury, and/or personal injury during the policy periods and they each contain a duty to defend Wolverine and an obligation to indemnify Wolverine on an "all sums" basis for any settlements and/or judgments.  Upon information and belief, the remaining Liberty Policies

contain substantially identical terms, conditions and obligations including a duty to defend and indemnify Wolverine on an "all sums" basis from any suits alleging property damage, bodily injury, and/or personal injury during the policy periods.

**ANSWER:  The allegations in Paragraph 70 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

71.     Each of the Underlying Actions alleges a covered, or potentially covered, occurrence, occurrences, or series of occurrences under the Liberty Policies contained in Exhibit A-1 and allege property damage, bodily injury, and/or personal injury during the policy periods of the Liberty Policies.  As such, the allegations in the Underlying Actions require Liberty to provide Wolverine with a full defense and to indemnify Wolverine on an "all sums" basis.  Each of the Underlying Actions also allege a covered, or potentially covered, occurrence, occurrences, or series of occurrences under the remaining Liberty Policies based on alleged property damage, bodily injury, and/or personal injury during the policy periods of the Liberty Policies.  As such, the allegations in the Underlying Actions require Liberty to provide Wolverine with a full defense and to indemnify Wolverine on an "all sums" basis under the remaining Liberty Policies.

**ANSWER:  The allegations in Paragraph 71 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

**Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

72.     The Liberty Policies contained in Exhibit A-1 include coverage terms that are identical, or substantially similar, to the following exemplary coverage terms:

> The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **damages** because of...**bodily injury** or...**property damage** to which this insurance applies, caused by an **occurrence**, and the company shall have the right and duty to defend any suit against the **insured** seeking **damages** on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient....

(Ex. A-1, Policy LG1-141-050531-082, Pt. I.)  These Liberty Policies define bodily injury as "bodily injury, sickness or disease sustained by any person" and property damage as "injury to or destruction of tangible property." (*Id.*, Definitions.)

**ANSWER:  The allegations in Paragraph 72 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

73.     The Liberty Policies contained in Exhibit A-1 define occurrence as "an accident, including injurious exposure to conditions, which results, during the policy period, in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**." (*Id.*)

**ANSWER:  The allegations in Paragraph 73 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks**

**sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

74.     In addition to bodily injury and property damage coverage, the Liberty Policies contained in Exhibit A-1 provide coverage for personal injury liability:

> The Company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as **damages** because of **personal injury**, and the company shall have the right and duty to defend any suit against the **insured** seeking **damages** on account of such **personal injury**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient….

(*Id.*, Personal Injury Liability Insurance Endorsement, Pt. I.) These Liberty Policies define personal injury as including "(1) any injury to the feelings or reputation of a natural person, including mental anguish, and (2) any injury to intangible property sustained by an organization as the result of false eviction, malicious prosecution, libel, slander or defamation; but the term '**personal injury**' shall not include injury included within the definitions of '**bodily injury**' and '**property damage**'" (*Id.*, Personal Injury Liability Insurance Endorsement, Pt. IV.)

**ANSWER:  The allegations in Paragraph 74 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

75.    The Liberty Policies not contained in Exhibit A-1, upon information and belief, contain substantially identical terms, conditions and obligations as those alleged in the preceding paragraphs.

**ANSWER:  The allegations in Paragraph 75 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

76.    To date, Liberty has failed and/or refused to honor in full its duty to defend or to pay for a full and complete defense of Wolverine under the Liberty Policies with respect to each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 76 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

77.    Wolverine, upon information and belief, has performed all of its obligations and satisfied all the conditions of the foregoing Liberty Policies, or such performance or satisfaction has been waived and/or excused by the conduct of Liberty or by operation of law.

**ANSWER:  The allegations in Paragraph 77 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

43

**Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

78.     Wolverine has conducted a diligent and thorough search for the insurance policies issued by Liberty in its care, custody, and control.  Wolverine also requested that Defendant Liberty conduct a diligent search for any insurance policies in its possession that were issued to Wolverine at any time and provide coverage for comprehensive (or commercial) general liability.  Despite Wolverine's reasonable request, Defendant Liberty has failed and/or refused to conduct a diligent and thorough search for insurance policies in its possession, care, custody and control issued by Liberty to Wolverine.

**ANSWER:  The allegations in Paragraph 78 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

79.     AIC issued the following primary insurance policy to Wolverine (the "AIC Primary Policy") that, upon information and belief, contains a duty to defend Wolverine for all of the Underlying Actions and an obligation to indemnify Wolverine for all settlements and/or judgments on a joint and several, "all sums" basis arising from the Underlying Actions:

| Policy Period | Policy Number |
|---|---|
| 4/6/1966 – 4/6/1967 | K2342252 |

**ANSWER:  AIC objects as the allegations in Paragraph 79 are vague, ambiguous, speculative, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the**

**extent a response is required, AIC denies the allegations therein and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any policies, to the extent they exist and all terms, contents, and the issuance thereof are proven, speak for themselves.**

80.     Upon information and belief, the AIC Primary Policy provides insurance coverage on an occurrence basis for all suits alleging property damage, bodily injury, and/or personal injury during the policy period and contains a duty to defend Wolverine and to indemnify Wolverine for any settlements and/or judgments.

**ANSWER:   AIC objects as the allegations in Paragraph 80 are vague, ambiguous, speculative, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any policies, to the extent they exist and all terms, contents, and the issuance thereof are proven, speak for themselves.**

81.     Upon information and belief, each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the AIC Primary Policy and seeks damages from property damage, bodily injury, and/or personal injury during the policy period of the AIC Primary Policy, which has triggered AIC's duty to defend and indemnify Wolverine.

**ANSWER:   AIC objects as the allegations in Paragraph 81 are vague, ambiguous, speculative, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the**

45

extent a response is required, AIC denies the allegations therein and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any policies, to the extent they exist and all terms, contents, and the issuance thereof are proven, speak for themselves.

82.     To date, AIC has failed and/or refused to honor in full its duty to defend or to pay for a full and complete defense to Wolverine under the AIC Primary Policy with respect to each of the Underlying Actions.

**ANSWER:  AIC objects as the allegations in Paragraph 82 are vague, ambiguous, speculative, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any policies, to the extent they exist and all terms, contents, and the issuance thereof are proven, speak for themselves.**

83.     Wolverine, upon information and belief, has performed all of its obligations and satisfied all the conditions of the foregoing Policy, or such performance or satisfaction has been waived and/or excused by the conduct of AIC or by operation of law.

**ANSWER:  AIC objects as the allegations in Paragraph 83 are vague, ambiguous, speculative, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC**

**states that any policies, to the extent they exist and all terms, contents, and the issuance thereof are proven, speak for themselves.**

84.   Wolverine has conducted a diligent and thorough search for the insurance policies issued by AIC in its care, custody, and control.  Wolverine also requested that AIC conduct a diligent search for any insurance policies in its possession that were issued to Wolverine at any time and that provide coverage for comprehensive (or commercial) general liability.  Despite Wolverine's reasonable request, AIC has failed and/or refused to conduct a diligent and thorough search for insurance policies issued by AIC to Wolverine.

**ANSWER:  AIC objects as the allegations in Paragraph 84 are vague and ambiguous. Answering said Paragraph subject to objections, AIC denies the allegations therein as they relate to AIC, and neither admit nor deny the allegations therein as they may relate to Plaintiff, and leaves Plaintiff to its proofs thereof.**

85.   Attached at **Exhibit A-2** are true and correct copies of policies issued by AIC to Wolverine and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:  AIC objects as the allegations in Paragraph 85 are vague and ambiguous. Answering said Paragraph subject to objections, AIC denies the allegations therein as they relate to AIC, and neither admit nor deny the allegations therein as they may relate to Plaintiff and leaves Plaintiff to its proofs thereof.**

86.   Defendant INA issued the following primary insurance policies to Wolverine (the "INA Primary Policies") that each contain a duty to defend Wolverine for all of the Underlying Actions and an obligation to indemnify Wolverine for all settlements and/or judgments on a joint and several, "all sums" basis, arising from the Underlying Actions:

| Policy Periods | Policy Number |
|---|---|
| 3/1/1977 – 3/1/1978 | GAL 331483 |
| 3/1/1978 – 3/1/1979 | GAL 376803 |
| 3/1/1979 – 3/1/1980 | GAL 376812 |

**ANSWER:  The allegations in Paragraph 86 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

87. Attached at **Exhibit A-3** are true and correct copies of the INA Primary Policies and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:  The allegations in Paragraph 87 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

88. The INA Primary Policies each provide insurance coverage on an occurrence basis for all suits alleging property damage, bodily injury, and/or personal injury during the policy periods and they each contain a duty to defend Wolverine and to indemnify Wolverine for any settlements and/or judgments.

**ANSWER:  The allegations in Paragraph 88 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

**Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

89.     Each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the INA Primary Policies and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the INA Primary Policies, which has triggered INA's duty to defend and indemnify Wolverine.

**ANSWER:  The allegations in Paragraph 89 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

90.     The INA Primary Policies include coverage terms that are identical, or substantially similar, to the following exemplary coverage terms:

> The company will pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of…bodily injury or…property damage to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient….

(Ex. A-3, Policy GAL 376803, Coverage Part, Pt. I.)  The INA Primary Policies define bodily injury as "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom" and property damage as "(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of

tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period." (*Id.*, Definitions.)

**ANSWER:  The allegations in Paragraph 90 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

91.    The INA Primary Policies define occurrence as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (*Id.*)

**ANSWER:  The allegations in Paragraph 91 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

92.    In addition to bodily injury and property damage coverage, the INA Primary Policies provide coverage for personal injury liability:

> The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury (therein called "personal injury") sustained by any person or organization, and arising out of one or more of the following offenses committed in the conduct of the Named Insured's business:... wrongful entry or eviction, or other invasion of the right of private occupancy; if such offense is committed during the policy period...and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent,

and may make such investigation and settlement of any claim
or suit as it deems expedient....

(*Id.*, Personal Injury Liability Insurance Coverage Part.)

**ANSWER:  The allegations in Paragraph 92 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

93.     To date, INA has failed and/or refused to honor in full its duty to defend or to pay for a full and complete defense of Wolverine under the INA Primary Policies with respect to each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 93 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

94.     Wolverine has performed all of its obligations and satisfied all the conditions of the INA Primary Policies, or such performance or satisfaction has been waived and/or excused by the conduct of INA or by operation of law.

**ANSWER:  The allegations in Paragraph 94 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

95.     Defendant Travelers issued the following primary insurance policies to Wolverine (the "Travelers Policies") that, upon information and belief, each contain a duty to defend Wolverine for all of the Underlying Actions and an obligation to indemnify Wolverine for all settlements and/or judgments on a joint and several, "all sums" basis, arising from the Underlying Actions:

| Policy Periods | Policy Number |
|---|---|
| 1/1/1980 – 1/1/1981 | TR-SLG-168T045-4-80 |
| 1/1/1981 – 1/1/1982 | TR-SLG-168T045-4-81 |
| 1/1/1982 – 1/1/1983 | TR-SLG-168T045-4-82 |
| 1/1/1983 – 1/1/1984 | TR-SLG-168T045-4-83 |
| 1/1/1984 – 1/1/1985 | TR-SLG-168T045-4-84 |
| 1/1/1985 – 1/1/1986 | TR-SLG-168T045-4-85 |

**ANSWER:  The allegations in Paragraph 95 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

96.     Attached at **Exhibit A-4** is a true and correct copy of one of the Travelers Policies (the "Travelers Policy") and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:  The allegations in Paragraph 96 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

97.     The Travelers Policy contained in Exhibit A-4 provides insurance coverage on an occurrence basis for all suits alleging property damage, bodily injury, and/or personal injury during the policy periods and contains a duty to defend Wolverine and to indemnify Wolverine for any settlements and/or judgments.  Upon information and belief, the remaining Travelers Policies contain substantially identical terms, conditions and obligations.

**ANSWER:  The allegations in Paragraph 97 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

98.     Each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the Travelers Policy contained in Exhibit A-4 and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the Travelers Policies, which has triggered Travelers' duty to defend and indemnify Wolverine.  Upon information and belief, each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the remaining Travelers Policies and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the Travelers Policies, which has triggered Travelers' duty to defend and indemnify Wolverine under the remaining Travelers Policies.

**ANSWER:  The allegations in Paragraph 98 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

**Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

> 99.    The Travelers Policy includes the following coverage terms:
>
>> The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of…*bodily injury* or…*property damage* to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient….

(Ex. A-4, Policy TR-SLG-168T045-4-82, Comprehensive General Liability Coverage Part, Pt. I.) The Travelers Policy defines bodily injury as "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom" and property damage as "(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an *occurrence* during the policy period." (*Id.*, Definitions.)

**ANSWER:  The allegations in Paragraph 99 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

100.    The Travelers Policy defines occurrence as "an accident, including continuous or repeated exposure to conditions, which results in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured*." (*Id.*)

**ANSWER:  The allegations in Paragraph 100 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

101.    In addition to bodily injury and property damage coverage, the Travelers Policy provides coverage for personal injury liability:

> The Company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of *personal injury* or *advertising injury* to which this insurance applies, sustained by any person or organization and arising out of the conduct of the *named insured*'s business…and the Company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such injury, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient….

(*Id.*, Broad Form Comprehensive General Liability Endorsement, Pt. II.) The Travelers Policies define personal injury as including "wrongful entry or eviction or other invasion of the right of private occupancy." (*Id.*)

**ANSWER:  The allegations in Paragraph 101 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

102.   Upon information and belief, the Travelers Policies not contained in Exhibit A-4 contain substantially identical terms, conditions and obligations as those alleged in the preceding paragraphs.

**ANSWER:  The allegations in Paragraph 102 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

103.   To date, Travelers has failed and/or refused to honor in full its duty to defend or to pay for a full and complete defense of Wolverine under the Travelers Policies with respect to each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 103 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

104.   Wolverine has performed all of its obligations and satisfied all the conditions of the Travelers Policy, or such performance or satisfaction has been waived and/or excused by the conduct of Travelers or by operation of law.  Upon information and belief, Wolverine has performed all of its obligations and satisfied all the conditions of each of the Travelers Policies, or such performance or satisfaction has been waived and/or excused by the conduct of Travelers or by operation of law.

**ANSWER:  The allegations in Paragraph 104 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

105.    Wolverine has conducted a diligent and thorough search for the insurance policies issued by Travelers in its care, custody, and control.  Wolverine also requested that Defendant Travelers conduct a diligent search for any insurance policies in its possession that were issued to Wolverine at any time and provide coverage for comprehensive (or commercial) general liability.   Despite Wolverine's reasonable request, Defendant Travelers has failed and/or refused to conduct a diligent and thorough search for insurance policies issued by Travelers to Wolverine.

**ANSWER:  The allegations in Paragraph 105 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

106.    Defendant Wausau issued the following primary insurance policies to Wolverine (the "Wausau Policies") that each contain a duty to defend Wolverine for all of the Underlying Actions and an obligation to indemnify Wolverine for all settlements and/or judgments on a joint and several, "all sums" basis, arising from the Underlying Actions:

| Policy Periods | Policy Number |
|---|---|
| 2/28/1973 – 1/1/1974 | 1724 00 045849 |
| 1/1/1974 – 1/1/1975 | 1725 00 045849 |

| 1/1/1975 – 1/1/1976 | 1726 00 045849 |
|---|---|
| 1/1/1976 – 1/1/1977 | 1727 00 045849 |

**ANSWER:  The allegations in Paragraph 106 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

107.   Attached at Exhibit A-5 are true and correct copies of the Wausau Policies and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:  The allegations in Paragraph 107 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

108.   The Wausau Policies each provide insurance coverage on an occurrence basis for all suits alleging property damage, bodily injury, and/or personal injury during the policy periods and they each contain a duty to defend Wolverine and to indemnify Wolverine for any settlements and/or judgments.

**ANSWER:  The allegations in Paragraph 108 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

109.    Each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the Wausau Policies and seeks damages from property damage, bodily injury, and/or personal injury during the policy periods of the Wausau Policies, which has triggered Wausau's duty to defend and indemnify Wolverine.

**ANSWER:  The allegations in Paragraph 109 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

110.    The Wausau Policies include coverage terms that are identical, or substantially similar, to the following exemplary coverage terms:

> The company will pay on behalf of the **insured** all sums which the insured shall become legally obligated to pay as damages because of...**bodily injury** or...**property damage** to which this insurance applies, caused by an **occurrence**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient....

(Ex. A-5, Policy 1726 00 045849, Coverages, Pt. I.)  The Wausau Policies define bodily injury as "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom" and property damage as "(1) physical injury or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."  (*Id.*, Definitions.)

**ANSWER:  The allegations in Paragraph 110 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

111.    The Wausau Policies define occurrence as "an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**." (*Id.*)

**ANSWER:  The allegations in Paragraph 111 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

112.    In addition to bodily injury and property damage coverage, the Wausau Policies provide coverage for personal injury liability:

> THE COMPANY WILL PAY ON BEHALF OF THE INSURED ALL SUMS WHICH THE INSURED SHALL BECOME LEGALLY OBLIGATED TO PAY AS DAMAGES BECAUSE OF PERSONAL INJURY SUSTAINED BY ANY PERSON OR ORGANIZATION, AND ARISING OUT OF ANY ACT OR OMISSION COMMITTED IN THE CONDUCT OF THE NAMED INSURED'S BUSINESS, IF SUCH ACTS OR OMISSIONS OCCUR DURING THE POLICY PERIOD...AND THE COMPANY SHALL HAVE THE RIGHT AND DUTY TO DEFEND ANY SUIT AGAINST THE INSURED SEEKING DAMAGES ON ACCOUNT OF SUCH PERSONAL INJURY EVEN IF ANY OF THE ALLEGATIONS OF THE SUIT ARE GROUNDLESS, FALSE OR FRAUDULENT, AND MAY MAKE SUCH INVESTIGATION AND SETTLEMENT OF ANY CLAIM OR SUIT AS IT DEEMS EXPEDIENT....

(*Id.*, End. 2.)  The Wausau Policies define personal injury as "(1) any injury to the feelings or reputation of a natural person, including mental anguish, and (2) any injury to intangible

property sustained by any person or organization as a result of libel, slander, defamation, wrongful entry or eviction or malicious prosecution; but the term 'personal injury' shall not include injury included within the definitions of 'bodily injury' and 'property damage.'" (*Id.*)

**ANSWER:  The allegations in Paragraph 112 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

113.    To date, Wausau has failed and/or refused to honor in full its duty to defend or to pay for a full and complete defense of Wolverine under the Wausau Policies with respect to each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 113 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

114.    Wolverine has performed all of its obligations and satisfied all the conditions of the Wausau Policies, or such performance or satisfaction has been waived and/or excused by the conduct of Wausau or by operation of law.

**ANSWER:  The allegations in Paragraph 114 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

Plaintiff to its proofs thereof. **Further answering said Paragraph, AIC states that any**
**documents referenced therein speak for themselves.**

II.     **Wolverine's Alleged Excess and Umbrella Insurance Policies**

115.    Defendants AIC, INA, First State, AEIC, North River, Pacific, and Federal
issued excess and/or umbrella insurance policies to Wolverine during the relevant policy
periods that contain a duty to defend and/or indemnify Wolverine in connection with each
of the Underlying Actions upon the exhaustion, satisfaction, and/or reduction of the limits
of the Primary Policies.

**ANSWER:   AIC objects as the allegations in Paragraph 115 are vague, ambiguous,**
**unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for**
**one or more legal conclusions to which no response is required. Answering said**
**Paragraph subject to objections and to the extent a response is required, AIC denies**
**the allegations as they relate to AIC, neither admits nor denies the allegations**
**contained therein as they relate to other defendants for the reason that it lacks**
**sufficient information or knowledge to form a belief as to their truth, and leaves**
**Plaintiff to its proofs thereof. Further answering said Paragraph subject to**
**objections, AIC states that any policies, to the extent they exist and all terms,**
**contents, and the issuance thereof are proven, speak for themselves.**

116.    Certain of the umbrella policies additionally require that the insurer
Defendant immediately provide Wolverine with a full defense where the applicable
underlying primary insurer Defendant has failed and/or refused to defend Wolverine in full
for the Underlying Actions.

**ANSWER:** AIC objects as the allegations in Paragraph 116 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations as they relate to AIC, neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any policies, to the extent they exist and all terms, contents, and the issuance thereof are proven, speak for themselves.

117. To date, AIC, INA, Liberty, Travelers, and Wausau have failed and/or refused to acknowledge coverage and agree to defend and/or indemnify Wolverine in the Underlying Actions upon exhaustion of the applicable underlying coverage or – where required by the Policies – immediately provide Wolverine with a full defense where the applicable underlying primary insurer Defendant has failed or refused to defend Wolverine in full for the Underlying Actions. Those umbrella insurer Defendants who issued Policies requiring them to defend Wolverine in the Underlying Actions where the underlying primary insurer has denied coverage have breached their contractual obligations by refusing and/or failing to do so.

**ANSWER:** AIC objects as the allegations in Paragraph 117 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies

the allegations as they relate to AIC, neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC states that any policies, to the extent they exist and all terms, contents, and the issuance thereof are proven, speak for themselves.

118.   AIC issued the following excess insurance policies to Wolverine (the "AIC Excess Policies"):

| Policy Periods | Policy Number |
|----------------|---------------|
| 1/1/1980 – 1/1/1981 | XLX 1362260 |
| 1/1/1981 – 1/1/1982 | XLX 1363840 |
| 1/1/1982 – 1/1/1983 | XLX 1440544 |
| 1/1/1983 – 1/1/1984 | XLX 1532184 |
| 1/1/1984 – 1/1/1985 | XLX 1484189 |
| 1/1/1985 – 1/1/1986 | XLX 1621365 |

**ANSWER:  AIC admits only that it issued one or more excess liability policies to Wolverine World Wide, Inc., et al., during the referenced time period, the issuance, scope, contents and precise terms of which have not been confirmed or verified, and denies any remaining allegations in Paragraph 118 in the manner and form alleged or as untrue. Further answering said Paragraph, Plaintiff has only attached copies of portions of three of the alleged excess policies referenced therein, and has the burden of proving the existence, issuance, insured, period, limits, terms, exclusions, conditions, and other contents of any alleged policy issued by AIC.**

119.   Attached at **Exhibit A-2** are true and correct copies of the AIC Excess Policies and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:   AIC denies the allegations in Paragraph 119 as they relate to the referenced documents, and neither admits nor denies the allegations therein as they relate to what may currently be in Plaintiff possession for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

120.   The AIC Excess Policies contained in Exhibit A-2 each provide insurance coverage on an occurrence basis for all suits alleging property damage, bodily injury, and/or personal injury during the policy periods, obligating AIC to "indemnify [Wolverine] for [Wolverine's] ultimate net loss in excess of" the applicable underlying insurance.  (Ex. A-2, Policy XLX 1621365, Insuring Agreements, Pt. 1.)  Upon information and belief, the AIC Excess Policies not contained in Exhibit A-2 contain substantially identical terms, conditions and obligations as those alleged herein.

**ANSWER:   AIC objects as the allegations in Paragraph 120 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

121.   Upon information and belief, each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the AIC Policies and seeks damages

from property damage, bodily injury, and/or personal injury during the policy periods of the AIC Policies, which shall trigger AIC's duty to pay ultimate net loss upon exhaustion of the applicable underlying policies.

**ANSWER:  AIC objects as the allegations in Paragraph 121 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

122.    AIC has an obligation to investigate Wolverine's claims in connection with the Underlying Actions and to acknowledge coverage and agree to indemnify Wolverine in the Underlying Actions upon exhaustion of the applicable underlying coverage.

**ANSWER:  AIC objects as the allegations in Paragraph 122 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein and leaves Plaintiff to its proofs thereof. Further answering**

**said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

123.    Wolverine has conducted a diligent and thorough search for the insurance policies issued by AIC that are in its care, custody, and control.  Wolverine also requested that AIC conduct a diligent search for any insurance policies in its possession that were issued to Wolverine at any time and provide coverage for comprehensive (or commercial) general liability.  Despite Wolverine's reasonable request, AIC has failed and/or refused to conduct a diligent and thorough search for insurance policies in its possession, care, custody and control issued by AIC to Wolverine.

**ANSWER:  AIC objects as the allegations in Paragraph 123 are vague and ambiguous. Answering said Paragraph subject to objections, AIC denies the allegations therein as they relate to AIC, and neither admit nor deny the allegations therein as they may relate to Plaintiff, and leaves Plaintiff to its proofs thereof.**

124.    Defendant INA issued the following umbrella insurance policy to Wolverine (the "INA Umbrella Policy"):

| Policy Period | Policy Number |
|---|---|
| 1/1/1985 – 1/1/1986 | XBC 155081 |

**ANSWER:  The allegations in Paragraph 124 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

**Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

125.     Attached at **Exhibit A-6** is true and correct copy of the INA Umbrella Policy and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:  The allegations in Paragraph 125 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

126.     The INA Umbrella Policy provides insurance coverage on an occurrence basis for all suits alleging property damage and/or personal injury, "or any combination thereof." (Ex. A-6, Policy XBC 155081, Limits of Liability.)

**ANSWER:  The allegations in Paragraph 126 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

127.     Upon information and belief, each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the INA Umbrella Policy and seeks damages for property damage and/or personal injury during the policy period of the INA Umbrella Policy, which triggers INA's duty to defend and/or indemnify Wolverine upon exhaustion of the applicable underlying policies.

**ANSWER:  The allegations in Paragraph 127 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

128.    INA has an obligation to investigate Wolverine's claims in connection with the Underlying Actions and to acknowledge coverage and agree to defend and/or indemnify Wolverine in the Underlying Actions upon exhaustion of the applicable underlying coverage.

**ANSWER:  The allegations in Paragraph 128 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

129.    Defendant First State issued the following umbrella and excess insurance policies to Wolverine (the "First State Policies") that, on information and belief, each contain a "drop down" duty to defend Wolverine for all of the Underlying Actions and an obligation to indemnify Wolverine for all settlements and/or judgments on a joint and several, "all sums" basis, in connection with the Underlying Actions:

| Policy Periods | Policy Number |
|---|---|
| 1/1/1980 – 1/1/1981 | 945753 |
| 1/1/1981 – 1/1/1982 | 947882 |
| 1/1/1982 – 1/1/1983 | 951220 |
| 1/1/1982 – 1/1/1983 | 933764 |
| 1/1/1983 – 1/1/1984 | 953392 |
| 1/1/1983 – 1/1/1984 | 933764 |

| 1/1/1984 – 1/1/1985 | 955050 |
|---|---|
| 1/1/1984 – 1/1/1985 | EU001432 |

**ANSWER:**  **The allegations in Paragraph 129 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

130.    Attached at **Exhibit A-7** are true and correct copies of the First State Policies and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:**  **The allegations in Paragraph 130 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

131.    The First State Policies contained in Exhibit A-7 include coverage terms that are identical, or substantially similar, to the following exemplary coverage terms, which require First State to:

> [I]ndemnify the INSURED for ULTIMATE NET LOSS . . . in excess of the RETAINED LIMIT . . .  [for] all sums which the INSURED shall be obligated to pay by reason of the liability imposed upon the INSURED by law or liability assumed by the INSURED under contract or agreement for damages and expenses, because of:
> A.     PERSONAL INJURY, as hereinafter defined;
> B.     PROPERTY DAMAGE, as hereinafter defined;
> ***
> To which this policy applies, caused by an OCCURRENCE, as hereinafter defined, happening anywhere in the world.

(Ex. A-7, Policy 955050, Insuring Agreement, Section I.)  These Policies define PERSONAL INJURY in relevant part as "bodily injury, sickness, disease, disability or shock, including death at any time resulting therefrom, mental anguish and mental injury . . . which occurs during the policy period."  (*Id.*, Definitions, Section I.) These Policies define PROPERTY DAMAGE as:

1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, and
2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an OCCURRENCE during the policy period.

(*Id.*, Definitions, Section K.)

**ANSWER:  The allegations in Paragraph 131 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

132.    The First State Policies contained in Exhibit A-7 define an OCCURRENCE in relevant part as "an accident or event including continuous repeated exposure to conditions, which results, during the policy period, in PERSONAL INJURY or PROPERTY DAMAGE neither expected nor intended from the stand-point of the INSURED." (*Id.*, Definitions, Section H.)

**ANSWER:  The allegations in Paragraph 132 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

71

**Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

133.   The First State Policies contained in Exhibit A-7 provide that First State "shall be liable only for the ULTIMATE NET LOSS in excess of the greater of the INSURED's . . . UNDERLYING LIMIT . . . ; or RETAINED LIMIT.   (*Id.*, Insuring Agreement, Section II.) However, these First State Policies state in relevant part that:

> [W]ith respect to any OCCURRENCE not covered, as warranted, by the underlying policies listed in Schedule A hereof, whether collectible or not, or not covered by any other underlying insurance collectible by the INSURED, but covered by the terms and conditions of this policy, except for the RETAINED LIMIT, [Hartford] shall . . . defend any suit against the insured alleging PERSONAL INJURY, [or] PROPERTY DAMAGE . . . and seeking damages therefore, even if such suit is groundless, false or fraudulent.

(*Id.*, Insuring Agreement, Section IV.)

**ANSWER:  The allegations in Paragraph 133 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

134.   Upon information and belief, the First State Policies not contained in Exhibit A-7 contain substantially identical terms, conditions and obligations as those alleged in the preceding paragraphs.

**ANSWER:  The allegations in Paragraph 134 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.

135.     Each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the First State Policies contained in Exhibit A-7 and seeks damages from property damage and/or personal injury during the policy periods of the First State Policies.  Upon information and belief, each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the remaining First State Policies and seeks damages from property damage and/or personal injury during the policy periods of the First State Policies.

**ANSWER:  The allegations in Paragraph 135 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

136.     Based on the foregoing, First State is required to "drop down" to provide a defense and indemnification where the underlying insurance has not or will not respond, has been reduced, or has been exhausted, requiring First State to provide a full defense and to completely indemnify Wolverine on a joint and several, "all sums" basis, with respect to each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 136 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

**Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

137.    Because some or all of the insurance underlying the First State Policies has not agreed to or will not respond to provide coverage to Wolverine for the Underlying Actions, or has been reduced or otherwise exhausted, First State is, upon information and belief, presently obligated to defend Wolverine in full for each of the Underlying Actions and to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements and/or judgments in connection with each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 137 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

138.    First State has failed and/or refused to provide Wolverine with a complete defense from each of the Underlying Actions and has failed and/or refused to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements and/or judgments in connection with each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 138 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

139.   Wolverine has performed all of its obligations and satisfied all the conditions of the First State Policies, or such performance or satisfaction has been waived and/or excused by the conduct of First State or by operation of law.

**ANSWER:  The allegations in Paragraph 139 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

140.   Wolverine has conducted a diligent and thorough search for the insurance policies issued by First State in its care, custody, and control.  Wolverine also requested that Defendant First State conduct a diligent search for any insurance policies in its possession that were issued to Wolverine at any time and provide coverage for comprehensive (or commercial) general liability.  Despite Wolverine's reasonable request, Defendant First State has failed and/or refused to conduct a diligent and thorough search for insurance policies issued by First State to Wolverine.

**ANSWER:  The allegations in Paragraph 140 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

141.   Defendant AEIC issued the following umbrella insurance policies to Wolverine (the "AEIC Policies") that each contain a "drop down" duty to pay Wolverine's

defense expenses  and an obligation to indemnify Wolverine for all settlements and/or judgments on a joint and several, "all sums" basis, arising from the Underlying Actions:

| Policy Periods | Policy Number |
|---|---|
| 4/6/1966 – 4/6/1967 | A22-8477-001 |
| 4/6/1967 – 4/6/1968 | A22-8477-001 |
| 4/6/1968 – 4/6/1969 | A22-8477-001 |
| 4/6/1969 – 4/6/1970 | A22-8500-288 |
| 4/6/1970 – 4/6/1971 | A22-8500-288 |
| 4/6/1971 – 4/6/1972 | A22-8500-288 |

**ANSWER:  The allegations in Paragraph 141 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

142.    Attached at **Exhibit A-8** is a true and correct copy of AEIC Policy A22-8500-288 and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:  The allegations in Paragraph 142 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

143.    AEIC Policy A22-8500-288 obligates AEIC to:

> [I]ndemnify the Insured for all sums which the Insured shall be obligated to pay by reason of the liability imposed upon him by law or liability assumed by him under contract or agreement for damages, and expenses, all as included in the definition of 'ultimate net loss,' because of:
>
> (a) Personal injuries, as hereinafter defined;
> (b) Property damage, as hereinafter defined;

76

*** 

(Ex. A-8, Policy A22-8477-001, Insuring Agreements, Section I.)  AEIC Policy A22-8500-288 defines personal injuries in relevant part as "bodily injury, sickness or disease, mental injury, mental anguish, shock, disability . . . invasion of the right of privacy . . . including death at any time resulting therefrom" and defines property damage as "physical injury to, or physical destruction of, tangible property, including the loss of use thereof."  (*Id.*)

**ANSWER:  The allegations in Paragraph 143 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

144.   AEIC Policy A22-8477-001 provides that AEIC:

shall be liable only for ultimate net loss in excess of either:

(a) except as provided in sub-paragraph (b) hereof, the applicable limits of liability of the policies of underlying insurance set forth in Item 3 of the  Declarations; or

(b) as respects each occurrence not covered by such underlying insurance, or where each occurrence is covered by such under-lying insurance but in recoverable amounts less than the Underlying  Limits set forth in Item 4 of the Declarations, the  amount of ultimate net loss set forth in the Declarations as 'Underlying Limits,'

but in no event shall the company be held liable for an amount in excess of the applicable limit of liability set forth in Item 5 of the Declarations.

(*Id.*, Conditions, Section 5.)

**ANSWER:  The allegations in Paragraph 144 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.

145.    Upon information and belief, the AEIC Policy not contained in Exhibit A-8 contains substantially identical terms, conditions and obligations as those alleged in the preceding paragraphs.

**ANSWER:  The allegations in Paragraph 145 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

146.    Each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the AEIC Policy A22-8477-001 and seeks damages from property damage and/or personal injuries during the policy periods of the AEIC Policies. Upon information and belief, each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the AEIC Policy not contained in Exhibit A-8 and seeks damages from property damage and/or personal injuries during the policy periods of the AEIC Policies.

**ANSWER:  The allegations in Paragraph 146 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

147.   Based on the foregoing, AEIC is required to "drop down" to pay for Wolverine's defense expenses and indemnify Wolverine where the underlying insurance has not or will not respond, has been reduced, or has been exhausted, requiring AEIC to provide payment to Wolverine for a full defense and to completely indemnify Wolverine on a joint and several, "all sums" basis, with respect to each of the Underlying Actions.

**ANSWER:**  **The allegations in Paragraph 147 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

148.   Because some or all of the insurance underlying the AEIC Policies has not or will not respond to provide coverage to Wolverine for the Underlying Actions, or has been reduced or otherwise exhausted, AEIC is, upon information and belief, AEIC presently is obligated to provide payment to Wolverine for a full defense for each of the Underlying Actions and to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements and/or judgments in connection with each of the Underlying Actions.

**ANSWER:**  **The allegations in Paragraph 148 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

149.   AEIC has failed and/or refused to provide payment to Wolverine for a full defense for each of the Underlying Actions and has failed and/or refused to fully indemnify

Wolverine on a joint and several, "all sums" basis, for any settlements and/or judgments in connection with each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 149 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

150.    Wolverine has performed all of its obligations and satisfied all the conditions of the AEIC Policies, or such performance or satisfaction has been waived and/or excused by the conduct of AEIC or by operation of law.

**ANSWER:  The allegations in Paragraph 150 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

151.    Because some or all of the insurance underlying the AEIC Policies has not or will not respond to provide coverage to Wolverine for the Underlying Actions, or has been reduced or otherwise exhausted, AEIC is presently obligated to defend Wolverine in full for each of the Underlying Actions and to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements and/or judgments in connection with each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 151 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks**

**sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

152. Wolverine has conducted a diligent and thorough search for the insurance policies issued by AEIC in its care, custody, and control. Wolverine also requested that Defendant AEIC conduct a diligent search for any insurance policies in its possession that were issued to Wolverine at any time and provide coverage for comprehensive (or commercial) general liability. Despite Wolverine's reasonable request, Defendant AEIC has failed and/or refused to conduct a diligent and thorough search for insurance policies issued by AEIC to Wolverine.

**ANSWER:  The allegations in Paragraph 152 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

153. Defendant North River issued the following umbrella insurance policy to Wolverine (the "North River Policy") which contains a "drop down" duty to pay Wolverine's defense expenses and an obligation to indemnify Wolverine for all settlements and/or judgments on a joint and several, "all sums" basis, in connection with the Underlying Actions:

| Policy Periods | Policy Number |
|---|---|
| 2/1/1977 – 2/1/1978 | JU 0286 |
| 2/1/1978 – 2/1/1979 | JU 0286 |
| 2/1/1979 – 2/1/1980 | JU 0286 |

**ANSWER:  The allegations in Paragraph 153 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

154.   Attached at **Exhibit A-9** are true and correct copies of the North River Policy.

**ANSWER:  The allegations in Paragraph 154 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

155.   The North River Policy provides that North River will "indemnify the Insured for all Sums which the Insured shall be obligated to pay by reason of the liability . . . imposed by law . . . for damages on account of . . . (i) personal injuries [and] (ii) Property Damage . . . caused by or arising out of each occurrence happening anywhere in the world." (Ex. A-9, North River Policy, Insuring Agreements, Pt. I.)

**ANSWER:  The allegations in Paragraph 155 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

156.   The North River Policy further provides that North River "shall only be liable for ultimate net loss the excess of either (a) the limits of the underlying insurances . . . in

respect of each occurred covered by said underlying insurances, or (b) $25,000 ultimate not loss in respect of each occurrence not covered by said underlying insurances . . . and then only up to a further sum as stated in Item 2 (a) of the Declarations in all in respect of each occurrence . . .." (*Id.*, Insuring Agreements, Pt. II.)

**ANSWER:  The allegations in Paragraph 156 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

157.    The North River Policy defines "ultimate net loss" in relevant part as:

the total sum which the Insured, or his Underlying Insurers as scheduled, or both, become obligated to pay by reason of personal injuries [or] property damage . . . and shall also include  . . . all sums paid as . . .  compensation, fees, charges and law costs . . . expenses for  . . . lawyers . . . and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder . . .

(*Id.*, Definitions, Pt. 7.)

**ANSWER:  The allegations in Paragraph 157 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

158.    Each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the North River Policy and seeks damages from property damage and/or personal injuries during the policy periods of the AEIC Policies.

**ANSWER:  The allegations in Paragraph 158 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

159.   Based on the foregoing, North River is required to "drop down" to pay for Wolverine's defense expenses and indemnify Wolverine where the underlying insurance has not or will not respond, has been reduced, or has been exhausted, and Wolverine has incurred in excess of $25,000 of "ultimate net loss"; requiring North River to provide payment to Wolverine for a full defense and to completely indemnify Wolverine on a joint and several, "all sums" basis, with respect to each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 159 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

160.   Because some or all of the insurance underlying the North River Policies has not or will not respond to provide coverage to Wolverine for the Underlying Actions, or has been reduced or otherwise exhausted, Wolverine has incurred in excess of $25,000 of "ultimate net loss" as that term is defined in the North River Policy in connection with the Underlying Actions, North River is presently obligated to provide payment to Wolverine for a full defense for each of the Underlying Actions and to fully indemnify Wolverine on a joint

and several, "all sums" basis, for any settlements and/or judgments in connection with each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 160 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

161.    North River has failed and/or refused to provide payment to Wolverine for a full defense for each of the Underlying Actions and has failed and/or refused to fully indemnify Wolverine on a joint and several, "all sums" basis, for any settlements and/or judgments in connection with each of the Underlying Actions.

**ANSWER:  The allegations in Paragraph 161 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

162.    Wolverine has performed all of its obligations and satisfied all the conditions of the North River Policy, or such performance or satisfaction has been waived and/or excused by the conduct of AEIC or by operation of law.

**ANSWER:  The allegations in Paragraph 162 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.

163.    Defendant Pacific issued the following excess insurance policies to Wolverine (the "Pacific Policies"):

| Policy Periods | Policy Number |
|---|---|
| 1/22/1980 – 1/1/1981 | XCC 003306 |
| 1/1/1981 – 1/1/1982 | XCC 011177 |
| 1/1/1982 – 1/1/1983 | XCC 011293 |
| 1/1/1983 – 1/1/1984 | XCC 012870 |
| 1/1/1984 – 1/1/1985 | XCC 013002 |

**ANSWER:  The allegations in Paragraph 163 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

164.    Attached at **Exhibit A-10** are true and correct copies of the Pacific Policies and/or certain evidence thereof currently in Wolverine's possession.

**ANSWER:  The allegations in Paragraph 164 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

165.    Upon information and belief, the Pacific Policies provide insurance coverage on an occurrence basis for all suits alleging property damage, bodily injury, and/or personal injury.

**ANSWER:  The allegations in Paragraph 165 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

166.    Upon information and belief, each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the Pacific Policies and seeks damages for property damage, bodily injury, and/or personal injury during the policy periods of the Pacific Policies, which shall trigger Pacific's duty pay for Wolverine's defense and/or indemnify Wolverine in the Underlying Actions upon exhaustion of the applicable underlying policies.

**ANSWER:  The allegations in Paragraph 166 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

167.    Pacific has an obligation to investigate Wolverine's claims in connection with the Underlying Actions and to acknowledge coverage and agree to pay for Wolverine's defense and/or indemnify Wolverine in the Underlying Actions upon exhaustion of the applicable underlying coverage.

**ANSWER:  The allegations in Paragraph 167 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

**Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

168.    Wolverine has conducted a diligent and thorough search for the insurance policies issued by Pacific in its care, custody, and control.  Wolverine also requested that Defendant Pacific conduct a diligent search for any insurance policies in its possession that were issued to Wolverine at any time and provide coverage for comprehensive (or commercial) general liability.  Despite Wolverine's reasonable request, Defendant Pacific has failed and/or refused to conduct a diligent and thorough search for insurance policies issued by Pacific to Wolverine.

**ANSWER:  The allegations in Paragraph 168 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

169.    Defendant Federal issued the following excess insurance policy to Wolverine (the "Federal Policy") that contains  an obligation to indemnify Wolverine for all "Loss" on a joint and several, "all sums" basis, arising from the Underlying Actions:

| Policy Periods | Policy Number |
|---|---|
| 1/1/1985 – 1/1/1986 | 7929-05-17 |

**ANSWER:  The allegations in Paragraph 169 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves**

Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.

170.    Attached at **Exhibit A-11** is a true and correct copy of the Federal Policy.

**ANSWER:  The allegations in Paragraph 170 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

171.    The Liberty Policy provide insurance coverage on an occurrence basis for "Loss" that is "in excess of any UNDERLYING INSURANCE" that "result[ed] from any occurrence insured by the terms and provisions of" the underlying insurance.  (Ex. A-11, Policy 7929-05-17, Insuring Agreement.)

**ANSWER:  The allegations in Paragraph 171 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

172.    Each of the Underlying Actions alleges a covered occurrence, occurrences, or series of occurrences under the Liberty Policy and all policies underlying the Liberty Policy and seeks damages for property damage, bodily injury, and/or personal injury during the policy periods of the Liberty Policy, which trigger Liberty's duty pay for "Loss" in the Underlying Actions upon exhaustion of the applicable underlying policies.

**ANSWER:  The allegations in Paragraph 172 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

173.   Liberty has an obligation to investigate Wolverine's claims in connection with the Underlying Actions and to acknowledge coverage and agree to pay for Wolverine's defense and/or indemnify Wolverine in the Underlying Actions upon exhaustion of the applicable underlying coverage.

**ANSWER:  The allegations in Paragraph 173 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.**

### III.      The Alleged Doe Insurer Defendants

174.   Doe Insurance Companies 1 through 10 are insurance companies whose identities are currently unknown to Plaintiff that issued general liability insurance policies (including primary, umbrella, and excess insurance policies) providing insurance coverage with a duty to defend and/or indemnify Wolverine in connection with the Underlying Actions for which relief has been sought herein. When the true identifies of such insurance companies become known to Plaintiff, this complaint will be amended to identify such defendant insurance companies.

**ANSWER:**  The allegations in Paragraph 174 are not directed to AIC, and AIC neither admits nor denies the allegations contained therein for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph, AIC states that any documents referenced therein speak for themselves.

**IV.      Alleged Duty to Defend and Indemnify Wolverine**

175.    Wolverine is an insured under each of the Policies.

**ANSWER:**  AIC objects as the allegations in Paragraph 175 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.

176.    The Primary Insurers currently have an obligation, and/or on information and belief currently have an obligation, by contract and by law to: (1) immediately investigate and provide a full and complete defense to Wolverine in connection with each of the Underlying Actions; and/or (2) pay in full the costs and expenses of the investigation

91

and defense of the Underlying Actions; and (3) pay in full for any of Wolverine's legal liabilities incurred, to be incurred, or paid in connection with the Underlying Actions, including any settlements and/or judgments.

**ANSWER:  AIC objects as the allegations in Paragraph 176 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

177.   The Primary Insurers currently have an obligation, and/or on information and belief currently have an obligation, contractually and by law to assume their respective duties to defend a suit in its entirety even where that suit alleges a mere potential for coverage and even if some of the other claims in that suit do not trigger coverage in and of themselves.

**ANSWER:  AIC objects as the allegations in Paragraph 177 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said**

**Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

178.    Each of the excess and umbrella insurer Defendants with a duty to defend – First State, AEIC and North River – must, on information and belief, undertake or honor their contractual obligations to provide a complete defense to Wolverine and/or to pay in full Wolverine's costs and expenses of investigation and defense where – as here – the Primary Insurers have failed and refused to do so.

**ANSWER:  AIC objects as the allegations in Paragraph 178 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents**

**of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

179.   Federal, Pacific, INA (under the INA Umbrella Policies) and AIC (under the AIC Excess Policies), on information and belief, are obligated to immediately investigate and acknowledge their respective duties and must pay in full any of Wolverine's legal liabilities incurred, to be incurred, or paid in connection with the Underlying Actions, including any settlements and/or judgments, upon Wolverine's exhaustion of the applicable underlying insurance.

**ANSWER:**  **AIC objects as the allegations in Paragraph 179 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

180.   In connection with the Court's analysis of the Defendants' aforementioned duties, any ambiguities in and of the Policies must be construed against each insurer

Defendant and resolved in favor of coverage. Further, any exclusionary language or provisions, including, but not limited to, so-called "pollution exclusions," cannot defeat an insurers duty to defend and should be applied in a manner that best affords coverage rather than limit or preclude it.

**ANSWER:   AIC objects as the allegations in Paragraph 180 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that no such ambiguities exist with respect to any alleged or actual AIC policies.**

181.    Any and all purported "pollution exclusions" that appear in the Policies do not apply to preclude or limit coverage for the Underlying Actions. To the extent that the Court must determine the applicability and scope of such exclusions, the Primary Insurers and – in the alternative – First State, AEIC, and North River, first must provide a full and complete defense to Wolverine and are not entitled to recoup any defense costs at a later date.

**ANSWER:   AIC objects as the allegations in Paragraph 181 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said**

**Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

182.    All of the Underlying Actions allege an occurrence, occurrences, or series of occurrences that fall within the policy periods of all of the Policies discussed herein and listed in Exhibit A.

**ANSWER:   AIC objects as the allegations in Paragraph 182 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

183.    In consideration of premiums paid by Wolverine with respect to each of the Policies, Defendants issued the Policies to Wolverine with the expectation that Wolverine would receive a full and complete defense and complete indemnification on a joint and several, "all sums" basis, with respect to all suits, such as the Underlying Actions, alleging property damage, bodily injury, and/or personal injury arising from an occurrence, occurrences, or series of occurrences under the Policies.

**ANSWER:  AIC objects as the allegations in Paragraph 183 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

184.    On information and belief, under each of the Policies issued by the Primary Insurers, Wolverine is entitled to a full defense for each of the Underlying Actions and is entitled to complete indemnity for all sums, including all settlements and/or judgments, arising out of the Underlying Actions.  On information and belief, where – as here – the Primary Insurers have failed and refused to provide Wolverine with a full defense, First State, AEIC, and North River must, under their respective Policies, provide Wolverine with a full defense in connection with the Underlying Actions.

**ANSWER:  AIC objects as the allegations in Paragraph 184 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies**

**the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof.**

185.    On information and belief, under each of the Policies issued by Federal and Pacific and certain of the Policies issued by INA and AIC, Wolverine is entitled to a decision from each Defendant acknowledging coverage and agreeing to pay in full any of Wolverine's legal liabilities incurred, to be incurred, or paid in connection with the Underlying Actions, including any settlements and/or judgments upon exhaustion of the applicable underlying coverage.

**ANSWER:  AIC objects as the allegations in Paragraph 185 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

186.    To date, each applicable Defendant has failed and/or refused to honor their obligations in connection with each of the Underlying Actions.

**ANSWER:   AIC objects as the allegations in Paragraph 186 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

**Count I – Against All Defendants**
**(Alleged Breach of Contract – Duty to Defend)**

187.    Wolverine repeats and realleges the allegations in the foregoing paragraphs, as if fully set forth herein.

**ANSWER:   Defendant AIC incorporates by reference its objections and answers to Paragraphs 1-186 of Plaintiff's Complaint as though fully set forth herein.**

188.    All of the Underlying Actions constitute claims and/or demands and/or suits alleging that the acts and/or omissions of Wolverine, a named insured under the Policies, constitute an occurrence, occurrences, or a series of occurrences, all of which occurred within the policy periods of the Policies.   The Underlying Actions further allege that

Wolverine has caused bodily injury, property damage, personal injury, and/or some combination thereof as a result of an occurrence, occurrences, or a series of occurrences. As such, all of the Underlying Actions, and potentially forthcoming actions not yet filed, trigger each of the Primary Insurers' duty to defend Wolverine in full under each of the Primary Insurers' Policies.

**ANSWER:  AIC objects as the allegations in Paragraph 188 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

189.   Each of the Primary Insurers, under each of their specified Policies, are required to provide a complete defense and/or to pay in full for all of Wolverine's costs and expenses incurred in connection with the investigation and defense of each of the Underlying Actions, inclusive of on-going remediation, clean-up, and/or mitigation costs incurred with the intent to reduce and/or eliminate Wolverine's liability and/or damages in the Underlying Actions.

**ANSWER:**  **AIC objects as the allegations in Paragraph 189 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

190.   Each of the Primary Insurers has failed and/or refused under each of their respective Policies to acknowledge, accept, or undertake a complete defense of Wolverine in connection with each of the Underlying Actions and/or to pay in full all of the costs, fees and expenses incurred by Wolverine to investigate and defend each of the Underlying Actions.  Each of the Primary Insurers' failures and/or refusals to honor in full their duty to defend constitute independent breaches of the Policies, which are continuing, up through and including the date of this Complaint.

**ANSWER:**  **AIC objects as the allegations in Paragraph 190 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies**

**the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

191.   Each of the Primary Insurers have repudiated their contractual obligations set forth in each of the Policies in their entirety by stating and/or declaring that they will not and/or do not intend to honor in full and without reservation all of their contractual obligations to Wolverine. Each of the Primary Insurers have stated that they will not and/or do not intend (i) to provide a complete defense and/or to pay for all defense and investigation costs paid or incurred by Wolverine, including, without limitation, mitigation, remediation, and clean-up costs and (ii) to otherwise acknowledge, accept, and undertake fully, without reservation, all of their obligations under each of the Policies with respect to Wolverine's defense of the Underlying Actions.   Each of the Primary Insurers' failures and/or refusals to honor in full their duties and obligations constitute independent breaches of the Policies, which are continuing, up through and including the date of this Complaint.

**ANSWER:   AIC objects as the allegations in Paragraph 191 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said**

**Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

192.    First State, AEIC, and North River, under each of their specified Policies, are obligated and required to pay in full all of the costs, fees, and expenses incurred by Wolverine in investigating and defending the Underlying Actions, inclusive of remediation, clean-up, and/or mitigation costs incurred with the intent to reduce and/or eliminate Wolverine's liability and/or damages in the Underlying Actions where, as here, the applicable underlying primary insurer Defendant have failed and/or refused to defend Wolverine in full for the Underlying Actions.

**ANSWER:  AIC objects as the allegations in Paragraph 192 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and**

**leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

193.   First State, AEIC, and North River each have failed and/or refused under each of the Policies to acknowledge, accept, undertake and/or pay in full for a complete defense of Wolverine in connection with each of the Underlying Actions despite the failure and refusal by each of the underlying Primary Insurers to defend Wolverine in full for the Underlying Actions.   Each of First State's, AEIC's, and North River's failures and/or refusals to honor their obligations to provide and/or pay in full for all of the costs, fees and expenses incurred by Wolverine to investigate and defend the Underlying Actions constitutes independent breaches of the Policies, which are continuing, up through and including the date of this Complaint.

**ANSWER:**  **AIC objects as the allegations in Paragraph 193 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents**

**of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

194.    The foregoing conduct by Primary Insurers, First State, AEIC, and North River have effectively rendered Wolverine without insurance coverage for its defense in the Underlying Actions, including its investigative costs and remediation, clean-up, and/or mitigation cost incurred with the intent to reduce and/or eliminate Wolverine's liability and/or damages in the Underlying Actions.

**ANSWER:   AIC objects as the allegations in Paragraph 194 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

195.    Wolverine has performed all of its duties and obligations under the previously specified Policies and complied with and fully satisfied all applicable terms and conditions under the Policies, including the payment of premiums. In the alternative,

Wolverine's performance of or compliance with such duties, terms, and/or conditions has been waived or otherwise excused by the conduct of the aforementioned Defendants or by operation of law. Thus, Wolverine is entitled to the full benefits and protections of each of the specified Policies with respect to the Underlying Actions.

**ANSWER:** **AIC objects as the allegations in Paragraph 195 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

196.   Inherent in each and every contract is a duty of good faith and fair dealing among the parties to that contract. Each of the Defendants is bound by a duty of good faith and fair dealing with Wolverine by virtue of each of the Policies.

**ANSWER:** **AIC objects as the allegations in Paragraph 196 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies**

106

**the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

197.   Each of the Defendants has arbitrarily, recklessly, and unreasonably withheld from Wolverine the full benefits of the insurance coverage under the Policies, and has breached the Policies by, among other things: (1) failing and/or refusing to honor their duty to defend with respect to each of the Underlying Actions; (2) failing and/or refusing to pay Wolverine's defense and investigation costs in full for each of the Underlying Actions; (3) unreasonably and improperly misinterpreting and misapplying the terms, provisions, conditions of and insurance coverage provided by the Policies; (4) arbitrarily, recklessly, and unilaterally denying and/or limiting their duties and obligations under the Policies; (5) arbitrarily, recklessly, and indifferently failing and/or refusing to provide or agree to provide Wolverine with the full benefits of the promised indemnity under each of the Policies with respect to "all sums" incurred by Wolverine in the Underlying Actions including any settlements or judgments; (6) arbitrarily, recklessly and indifferently insisting that any payments made by the Defendants for Wolverine's defense and investigation costs are subject to recoupment at a later date; (7) arbitrarily, recklessly, and indifferently failing and/or refusing to conduct a complete and thorough search for any

insurance policies, or evidence thereof, in their possession, custody and control that were issued to Wolverine; and/or (8) refusing and/or failing to acknowledge the existence of Policies which provide coverage for this claim despite having previously acknowledged and agreed to the existence of coverage under those Policies in connection with prior claims by Wolverine.

**ANSWER:  AIC objects as the allegations in Paragraph 197 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

198.    The foregoing conduct by each of the Defendants constitutes independent breaches of each of the Policies and amounts to arbitrary, reckless, indifferent, and/or intentional disregard of the interests of Wolverine.

**ANSWER:  AIC objects as the allegations in Paragraph 198 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said**

**Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

199.    The foregoing conduct by each of the Defendants constitutes a breach of each insurer Defendants' duty of good faith and fair dealing.

**ANSWER:**  **AIC objects as the allegations in Paragraph 199 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

200.    As a direct and proximate result of the Defendants' individual and collective breaches of their duty of good faith and fair dealing, Wolverine has sustained damages, damages which are continuing, and damages which Wolverine is entitled to recovery from Defendants under the Policies, at law, and in equity.  Wolverine also is entitled to all other direct, indirect, consequential, special, and compensatory damages as are appropriate as a result of Defendants' breaches of contract and breaches of their duty of good faith and fair dealing.

**ANSWER:  AIC objects as the allegations in Paragraph 200 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

### Count II – All Defendants
### (Alleged Declaratory Judgment Pursuant to MCR 2.605)

201.    Wolverine repeats and realleges each of the allegations in the foregoing paragraphs, as if fully set forth herein.

**ANSWER:  Defendant AIC incorporates by reference its objections and answers to Paragraphs 1-200 of Plaintiff's Complaint as though fully set forth herein.**

202.   Each of the Underlying Actions alleges a covered, or at least a potentially covered, occurrence, occurrences, or series of occurrences under each of the Policies issued by each of the Defendants.

**ANSWER:  AIC objects as the allegations in Paragraph 202 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

203.   Each of the Primary Insurers has an immediate duty to defend and/or an obligation to fully pay Wolverine's costs, fees, and expenses as incurred in connect with the investigation and defense of the Underlying Actions under each of their Policies.  Each of the Primary Insurers has failed and/or refused to honor their duty to defend Wolverine in each of the Underlying Actions under each of the Policies.

**ANSWER:** **AIC objects as the allegations in Paragraph 203 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

204.    First State, AEIC, and North River agreed in each of their attached Policies to provide a complete defense to Wolverine and/or to fully pay Wolverine's costs of investigating and defending any suits alleging or potentially alleging any occurrence arising from property damage, bodily injury, and/or personal injury under each of the Policies where the underlying insurance, as is the case here, has not or will not respond, has been reduced, or has been exhausted.  Because each of the Primary Insurers underlying the Policies issued by First State, AEIC, and North River have failed and/or refused to honor their duty to defend Wolverine in each of the Underlying Actions, First State, AEIC, and North River must honor their duty to defend Wolverine and/or are obligated to provide a complete defense to Wolverine and/or to fully pay Wolverine's costs of investigating and defending each of the Underlying Actions.

**ANSWER:  AIC objects as the allegations in Paragraph 204 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

205.   The Primary Insurers, First State, AEIC, and North River have individually and collectively failed and/or refused to honor their duty to defend and/or to provide a complete defense to Wolverine and/or to pay fully all costs incurred by Wolverine in defending and investigating the Underlying Actions.

**ANSWER:  AIC objects as the allegations in Paragraph 205 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and**

**leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

206.   Each of the Defendants agreed in each of their Policies, and has a present obligation, to fully and completely indemnify Wolverine on a joint and several, "all sums" basis, for any and all liabilities incurred, to be incurred, or paid by Wolverine in the Underlying Actions, including any settlements and/or judgments, under each of the Policies.

**ANSWER:  AIC objects as the allegations in Paragraph 206 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

207.    Each of the Defendants has refused and/or failed to honor their obligations to provide, under each of their Policies, a complete indemnification to Wolverine and/or has failed and/or refused to acknowledge or agree to accept its obligations to pay in full on a joint and several, "all sums" basis, for any liabilities incurred or to be incurred by Wolverine with respect to the Underlying Actions, including, but not limited to, any settlements and/or judgments.

**ANSWER:   AIC objects as the allegations in Paragraph 207 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

208.    An actual and justiciable controversy presently exists between Wolverine and each of the Defendants concerning Defendants' respective duties and obligations under each of the Policies with respect to the Underlying Actions.

**ANSWER:   AIC objects as the allegations in Paragraph 208 are vague, ambiguous, unlimited as to time, unspecified as to policy, claim, or suit, and otherwise call for**

**one or more legal conclusions to which no response is required. Answering said Paragraph subject to objections and to the extent a response is required, AIC denies the allegations therein as they relate to AIC, and neither admits nor denies the allegations contained therein as they relate to other defendants for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and leaves Plaintiff to its proofs thereof. Further answering said Paragraph subject to objections, AIC otherwise states that the terms, exclusions, conditions, and contents of the AIC policies, to the extent proven to exist and issued to Plaintiff, speak for themselves and relies upon same with respect to any rights, duties, or obligation thereunder.**

<u>**DEFENSES**</u>

Defendant The American Insurance Company ("AIC") has undertaken in good faith to list all of the Defenses that it may have with respect to Plaintiff's claims as described in the Complaint. However, AIC reserves the right to reevaluate, restate and/or delete defenses and/or to assert additional defenses as further information and documentation is obtained.  Further, by characterizing the following as defenses AIC does not admit that it bears the burden of proof on any of the issues raised by such defenses.  Additionally, AIC does not waive any of its rights under the actual or alleged AIC policies at issue in this action ("AIC Policies") or at law with respect to defense and indemnity for the claims and sites at issue herein. Subject to and without waiving the foregoing limitations and reservations, AIC identifies the following Defenses upon which it may rely in this action:

1.      Plaintiff's Complaint fails to state one or more proper causes of action upon which relief can be granted as to AIC.

2.      No coverage exists for the underlying environmental claims and sites at issue in this action as described in Plaintiff's Complaint under any AIC Policies issued to Plaintiff.

3.      Plaintiff's claims are barred as it cannot sustain its burden to prove the existence, issuance, insured, terms, conditions, limits, and other necessary portions of each of the AIC Policies alleged at issue in this action.

4.      Michigan law applies to this dispute and governs the coverage issues at issue in this action,

5.      Any defense or indemnity that may be owed by AIC under any policy issued to Plaintiff is limited by a pro rata, time-on-the-risk allocation among all insured and uninsured periods.

6.      Plaintiff's claims may be barred by applicable statutes of limitations and/or statutes of repose.

7.      Plaintiff may have failed to mitigate their damages.

8.      Plaintiff is barred by the doctrine of laches in that some evidence may no longer be available or may be in an altered state, prejudicing and/or preventing AIC from being able to properly or fully prepare its defense of this action.

9.      AIC is entitled to judgment in its favor as a matter of law as to some or all of Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) and/or Fed.R.Civ.P. 56.

10.      There exists no genuine issue of material fact and AIC is entitled to judgment in its favor as a matter of law.

11.      In the event an agreement to arbitrate, release, satisfaction, or discharge is found to exist in this matter, Plaintiff's claims are subject to dismissal as a matter of law.

12.      Plaintiff may be estopped from asserting some or all of their alleged claims.

13.     Plaintiff's claims may be barred, in whole or in part, based upon prior settlements, releases, discharges, waivers, relinquishments and/or covenants not to sue.

14.     Plaintiff's claims may be barred due to lack of notice and/or lack of adequate notice.

15.     There is no coverage for claims for pollution or for any pollution the sites at issue under the AIC Policies pursuant to applicable pollution exclusions contained in or incorporated by the AIC Policies.

16.     There is no insurance coverage under the AIC Policies to the extent that the Underlying Claims do not constitute claims for "damages" because of "property damage," as those terms are defined by the AIC Policies.

17.     There is no insurance coverage under the AIC Policies to the extent that any damages being sought from Plaintiff were not the result of an "occurrence" as that term is defined by the AIC Policies.

18.     There is no insurance coverage under the AIC Policies to the extent that the Underlying Claims do not seek sums that Plaintiff is legally obligated to pay as damages.

19.     There is no insurance coverage under the AIC Policies to the extent that Plaintiff has not been declared liable by adjudication or compromise with the written consent of AIC.

20.     There is no insurance coverage under the AIC Policies to the extent that the Underlying Claims do not constitute "ultimate net loss" as that term is defined by the AIC Policies.

21.    There is no insurance coverage under the AIC Policies to the extent that the Underlying Claims at issue involve "property damage" that did not occur during the effective dates of the AIC Policies.

22.    There is no insurance coverage under the AIC Policies to the extent that any "property damage" allegedly caused by Plaintiff was either expected or intended from the standpoint of any insured.

23.    There is no insurance coverage for the claims or sites at issue under the AIC Policies for property damage to property owned or occupied by or rented to the insured, property used by the insured or property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control.

24.    There is no insurance coverage under the AIC Policies to the extent that the claims and sites at issue involve a known loss or a loss-in-progress, non-fortuitous events or uninsurable risks of which Plaintiff knew or should have known before the AIC Policies were issued or while they were in effect.

25.    There is no insurance coverage under the AIC Policies to the extent that Plaintiff has violated any of the conditions precedent to coverage in the AIC Policies.

26.    There is no insurance coverage under the AIC Policies to the extent that Plaintiff has failed to provide timely written notice to AIC of a claim, accident, occurrence, suit or event as required by the AIC Policies.

27.    There is no insurance coverage under the AIC Policies to the extent that Plaintiff has failed to timely forward to AIC every demand, notice, summons or other process received by Plaintiff and/or its representatives, as required by the AIC Policies.

28.     There is no insurance coverage under the AIC Policies to the extent that Plaintiff has failed to assist and/or cooperate with AIC or to otherwise comply with the assistance or cooperation clauses contained in or incorporated by the AIC Policies.

29.     There is no insurance coverage under the AIC Policies to the extent that Plaintiff voluntarily made and/or undertook any obligation(s) with respect to any claim asserted against it without notice to, or the consent of, AIC.

30.     There is no insurance coverage under the AIC Policies to the extent that any defense or indemnity costs were incurred or obligations undertaken prior to the tender of those costs to AIC for payment.

31.     There is no insurance coverage under the AIC Policies to the extent that Plaintiff has harmed, reduced, prejudiced and/or impaired, in whole or in part, the subrogation rights of AIC with respect to the claims and sites at issue.

32.     There is no insurance coverage under the AIC Policies to the extent that Plaintiff failed to take all reasonable steps to prevent any alleged property damage.

33.     There is no insurance coverage under the AIC Policies to the extent that the claims and sites at issue seeks declaratory, injunctive, restitutionary or other equitable relief.

34.     There is no insurance coverage under the AIC Policies to the extent that any damages or activities for which coverage is sought from AIC constitute operational expenses or costs of doing business.

35.     There is no insurance coverage under the AIC Policies for any punitive or exemplary damages, fines, penalties, or interest awarded against Plaintiff.

36.     AIC has no obligation to defend Plaintiff under the AIC Policies to the extent that there is no "suit" seeking damages from Plaintiff for the claims and sites at issue.

37.     There is no insurance coverage under the AIC Policies to the extent that the claims and sites at issue arise out of or are alleged to have arisen out of the criminal or illegal acts of any insured and/or Plaintiff or Plaintiff's violation of federal, state and/or local laws.

38.     There is no insurance coverage under the AIC Policies to the extent that the claims and sites at issue arise out of or are alleged to have arisen out of acts or omissions of Plaintiff that were informed, willful, wanton and/or against public policy.

39.     The relevant underlying limits of liability have not been properly and fully exhausted to implicate coverage under the AIC Policies at issue, and accordingly Plaintiff is not entitled to insurance coverage (defense or indemnity) under those policies.

40.     There is no insurance coverage under the AIC Policies for the claims and sites at issue to the extent that the applicable limits of liability of the AIC Policies have been impaired or exhausted, in whole or in part, by the payment of claims.

41.     To the extent that it is determined that insurance coverage exists under the AIC Policies for the claims and sites at issue, such coverage is subject to the limits of liability in the Policy including, but not limited to, any applicable deductible or self-insured retention, and any per occurrence and aggregate limits of liability.

42.     To the extent that it is determined that insurance coverage exists under the AIC Policies for the claims and sites at issue, the amount of coverage available may be reduced or eliminated by application of the "other insurance" and non-cumulation provisions contained in or incorporated by the AIC Policies.

43.     To the extent that it is determined that insurance coverage exists under the AIC Policies for the claims and sites at issue, such finding is subject to proper allocation of any covered damages across all time periods during which property damage occurred, including allocation as to Plaintiff for uninsured periods.

44.     Coverage may otherwise be limited or precluded under the AIC Policies to the extent that any other policy terms, definitions, exclusions, conditions and endorsements not specifically identified herein apply to the claims and sites at issue, and/or based on applicable statutes, common law, or equity.

45.     AIC reserves it rights to adopt or rely upon any other defenses asserted by any other insurer in this action to the extent applicable to AIC and consistent with the defenses asserted herein.

43.     Plaintiff's Complaint does not describe the claims made against AIC or the claims and sites at issue at issue with sufficient particularity to enable AIC to determine what additional defenses it may have in response to the Complaint or otherwise to coverage.  AIC therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

WHEREFORE, as to Plaintiff's Complaint in its entirety, Defendant AIC respectfully requests that this Court:

a.     Dismiss Plaintiff's Complaint against AIC with prejudice;

b.     Award AIC its costs, interest, and attorneys' fees and expenses incurred in defending this action;

c.     Deny all of the relief and remedies sought in Plaintiff's Prayer for Relief; and

d.     Award all other relief that this Court may deem just and proper.

## RELIANCE UPON JURY DEMAND

Defendant The American Insurance Company relies upon the Jury Trial Demand previously filed by Plaintiff in this matter, as well as the Reliance Upon Jury Demand filed by any other Defendants in this matter.

Respectfully submitted,

DATED:  January 21, 2019           BY: */s/ Bradford S. Moyer*
Bradford S. Moyer (P51481)
PLUNKETT COONEY, P.C.
950 Trade Centre Way, Suite 310
Kalamazoo, MI 49002
(269) 382-5935
bmoyer@plunkettcooney.com

Sara Corbello (P73736)
PLUNKETT COONEY, P.C.
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
(248)  901-4000
scorbello@plunkettcooney.com

*Attorneys for Defendant The American Insurance Company*

Open.26453.90148.21503428-1