UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.

AMERICAN INSURANCE
COMPANY, et al.,

    Defendants.

_____/

Case No. 1:19-cv-10

HON. JANET T. NEFF

## ORDER APPOINTING AND AUTHORIZING SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53

The Honorable Paula Manderfield is appointed as special master (the "Master") in this matter to address all issues more fully described below. The Master has filed an affidavit and supplemental affidavits (ECF Nos. 78, 94, 95) confirming the Master has no disqualifying conflicts of interests, either individually or imputed from her firm, Fraser Trebilcock Davis & Dunlap, P.C., and measures to address any future potential conflicts of interest.

    1.    **General Duties and Authority**. The Master shall proceed with all reasonable diligence to oversee pretrial proceedings in this complex insurance coverage case, including discovery, document management, claims of privilege, case management and related matters, to efficiently prepare the case for disposition. Pursuant to the authority set out in Rule 53(c), the Master may:

        A.    Regulate all proceedings;

        B.    Take all appropriate measures to perform assigned duties fairly and efficiently;

  C. Conduct evidentiary hearings, and exercise the Court's power to compel, take, and record evidence in conjunction with such hearings; and enter appropriate orders accordingly; and

  D. By order impose on a party any noncontempt sanction provided by Rule 37 or 45, and recommend a contempt sanction against a party and sanctions against a nonparty.

2. **Discovery**. The Master's duties shall include but not be limited to the following:

  A. Facilitating discovery schedules and processes and orderly and efficient discovery in this matter, including schedules for answering discovery, document production, supplemental document production, depositions, and expert disclosures;

  B. Coordinating discovery amongst the parties and cases consolidated or related, if any, for purposes of discovery in this case;

  C. Reviewing and attempting to resolve informally any discovery conflicts, including issues regarding claims of privilege, relevance, confidentiality, and access to any records; and

  D. Resolving any issues that arise during the course of a deposition.

3. **Document Management**. Given the numerous insurers and varied and numerous policies of insurance at issue over the course of nearly three decades (1957 through 1986), the Master is charged with the implementation and oversight of necessary document production and document management procedures, including assisting with issues raised by electronically stored information. If there are lost insurance policies, the Master shall coordinate a method for retrieval or, if not possible, for determining the parties' best, good faith reconstruction of the lost policies.

4. **Case Management**. The Master shall establish pretrial case management procedures and deadlines for the orderly and efficient progress of this case, including but not

limited to pleadings, motions, disclosures, discovery, alternative dispute resolution, settlement, key proceedings, and Special Findings and Recommendations, which the Master shall set forth in a Case Management Order.  The Case Management Order may be amended at the discretion of the Master.  The Master may develop schedules with the parties to facilitate the efficient resolution of motions regarding common issues, including proposed motion schedules for dispositive motions under Federal Rule of Civil Procedure 12 and/or Rule 56.

      5.      **Disputes**.  The parties shall work in good faith to resolve any disputes between them, with the Master facilitating the resolution of any disputes concerning pretrial proceedings to the fullest extent possible.  All discovery disputes, scheduling issues, document management, and pretrial case management issues in this matter shall be submitted to the Master before any motion to compel, motion for protective order, motion for sanctions, or any similar motion may be filed.

      6.      **Recommendations and Objections**.  To the extent a dispute is not resolved by agreement between the parties, the Master is authorized to issue a written report to the Court summarizing the dispute, and the Master may make a recommendation to resolve such disputes, and the recommendation shall resolve the issue unless one or more parties files an objection to the recommendation within seven days after the Master issues a decision.  If a party files an objection to the Master's recommendation, the non-objecting party may file a response to the objection within seven days, with the Court setting the matter for hearing or conference and resolution.

      7.      **Special Findings and Recommendations**.  The Master shall make findings and recommendations to the Court on key preliminary matters in this litigation, including:

        A.      Insurers, Policies and Coverage

      (1)      For each Defendant insurer or group of insurance companies, findings on:

        (a)      The nature and amounts of the coverage;

      (b)     The dates of coverage;

      (c)     Claims arising from lost policies (identification and explanation);

      (d)     Any defenses to coverage claimed by the Defendant, including but not limited to: (i) exclusions; (ii) exemptions; (iii) statutes of limitation; (iv) laches, (v) any other contract language defenses, or (vi) previous payment in full of applicable policy limits; and

(2)     Findings of fact and recommendations necessary to decide liability and/or damages.

B.     **Expert Reports and Testimony**. Findings of fact and recommendations regarding expert qualifications and the admissibility of expert evidence.

**8.**     **Review**. Any recommendation, order or decision of the Master is subject to de novo review by the Court. The Master may file reports with the Court pertaining to any recommendation to which an objection has been filed. In the event an issue arises regarding the scheduling or taking of a deposition, any recommendation of the Master shall be binding on the parties unless and until it is timely objected to, at which time the matter or issue will be held in abeyance until the Court has an opportunity to decide the matter.

**9.**     **Court Communication**. The Master is authorized to have *ex parte* communication with the Court.

**10.**     **Record**. The Master shall preserve copies of (a) all communications with the parties' respective counsel and any third-party communications related to this matter; (b) all invoices prepared in this matter; (c) each recommendation the Master makes; and (d) a complete record of the evidence considered by the Master in making any recommendation related to any discovery issues that she resolves.

11. **Court Officer**. The Master is an officer of the court. The Master will be engaged in a quasi-judicial function and shall be entitled to absolute common law and statutory immunity. The parties shall hold the Master harmless from any claimed liability that may arise as a consequence of the Master's activity in connection with this case and the matters decided.

12. **Cooperation and Assistance**. The parties and their representatives shall cooperate with the Master in connection with her role in this matter, including but not limited to, scheduling and keeping appointments, providing information, and responding to requests in a timely manner. The Master may employ such assistants or associates as she deems necessary to fulfill her role.

13. **Confidentiality**. The Master's role in this matter shall be in compliance with any Protective or Confidentiality Order entered by the Court.

14. **Billing**. The Master shall bill at the rate of $400.00 per hour. The Master shall submit a monthly invoice to the attorneys of record in this matter with time billed in one-tenth hour increments, divided equally amongst the eight parties: (1) Wolverine World Wide, Inc.; (2) American Insurance Company; (3) Century Indemnity Company s/i/i/t CCI Insurance Company s/i/i/t Insurance Company of North America/Pacific Employers Insurance Company/Federal Insurance Company; (4) First State Insurance Company; (5) Bedivere Insurance Company n/k/a Sparta Insurance Company s/i/i/t American Employers Insurance Company/North River Insurance Company; (6) Liberty Mutual Insurance Company; (7) Travelers Indemnity Company/Travelers Indemnity Company of Illinois n/k/a Travelers Property Casualty Company of America/Northfield Insurance Company/St. Paul Fire and Marine Insurance Company/Aetna Casualty and Surety Company n/k/a Travelers Casualty and Surety Company/Travelers Property Casualty Company of America; and (8) Employers Insurance Company of Wausau.

15. **Bimonthly Status Report**. The Master shall file a Status Report every two months summarizing the status of the case and pertinent pretrial proceedings.

16. **Duration**.  This appointment shall remain effective until the pretrial proceedings in this case are concluded and the case is ready for disposition by the Court or until further order of the Court.

17. **Amendment**  This Order may be amended by order of the Court.


**IT IS SO ORDERED**.


Dated:  May 31, 2019                                   /s/ Janet T. Neff
                                                                            JANET T. NEFF
                                                                            United States District Judge