**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| WOLVERINE WORLD WIDE, INC., a Delaware corporation f/k/a Wolverine Shoe & Tanning Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>THE AMERICAN INSURANCE COMPANY, an Ohio corporation; CENTURY INDEMNITY COMPANY, as successor to CCI Insurance Company, as successor to Insurance Company of North America, a Pennsylvania corporation; FIRST STATE INSURANCE COMPANY, a Connecticut corporation; BEDIVERE INSURANCE COMPANY, as successor to certain insurance policies issued by American Employers' Insurance Company, a Connecticut corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation; NORTH RIVER INSURANCE COMPANY, a New Jersey corporation; PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; and DOE INSURANCE COMPANIES 1-10;<br><br>                Defendants,<br><br>- and -<br><br>FIRST STATE INSURANCE COMPANY, a Connecticut corporation,<br><br>                Counter and Cross-claimant,<br><br>v.<br><br>THE AMERICAN INSURANCE COMPANY, an Ohio corporation; CENTURY INDEMNITY COMPANY, as successor to CCI Insurance Company, as successor to Insurance Company of North America, a Pennsylvania corporation; FEDERAL INSURANCE COMPANY, an Indiana corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts | Case No. 1:19-cv-00010-JTN-ESC<br><br>Honorable Janet T. Neff<br>Mag. Judge Ellen S. Carmody<br><br><br><br><br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

corporation; NORTH RIVER INSURANCE COMPANY, a New Jersey corporation; PACIFIC EMPLOYERS INSURANCE COMPANY, a Pennsylvania corporation; BEDIVERE INSURANCE COMPANY, as successor to certain insurance policies issued by American Employers' Insurance Company, a Connecticut corporation; THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; EMPLOYERS INSURANCE COMPANY OF WAUSAU, a Wisconsin corporation; DOE INSURANCE COMPANIES 1-10; and WOLVERINE WORLD WIDE, INC., a Delaware corporation f/k/a Wolverine Shoe & Tanning Corporation,

  Counter and Cross-claim Defendants,

- and -

THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS n/k/a TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; NORTHFIELD INSURANCE COMPANY, an Iowa corporation; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation; THE AETNA CASUALTY AND SURETY COMPANY n/k/a TRAVELERS CASUALTY AND SURETY COMPANY, a Connecticut corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,

     Counter-Claimants,

v.

WOLVERINE WORLD WIDE, INC., a Delaware corporation f/k/a Wolverine Shoe & Tanning Corporation,

     Counter-Defendant.

## **STIPULATED PROTECTIVE ORDER**

The parties to the above-captioned matter anticipate exchanging sensitive information with each other throughout the course of this litigation and, accordingly, believe that a protective order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect the confidential nature of this information. The parties having stipulated and agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, IT IS HEREBY ORDERED AS FOLLOWS:

The parties and any other person or entity subject to this Protective Order, as set forth in this Order, shall adhere to the following terms:

1. Any party or non-party responding to discovery requests in this action may designate the following types of non-public documents, information or material (collectively "Discovery Material") as "CONFIDENTIAL":

    a. Materials or information the designating party has a good faith belief contains commercially sensitive information including, without limitation, trade secrets, proprietary information or other personal or business Discovery Material subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, and which is disclosed during the course of discovery in this action, whether or not disclosed through document production or written discovery, or through deposition, including, but not limited to, (1) non-public documents relating to on-going government investigations; (2) documents reflecting internal business deliberations, and/or non-public business negotiations; (3) non-public documents relating to pending litigation; (4) medical information; and/or (5) non-public environmental analysis. "Discovery Material" designated as "CONFIDENTIAL"

shall not include information that is obtained from publicly available sources or from federal, state or local government records available to the general public.

2. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as confidential under this Protective Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

3. With respect to the "CONFIDENTIAL" portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "CONFIDENTIAL" by stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record or within fifteen (15) days of receipt of the deposition transcript, that a question calls for "CONFIDENTIAL" information, in which case the transcript of the designated testimony shall be marked "Confidential Information Governed by Protective Order" by the reporter.

4. Discovery Material designated by the producing person as "CONFIDENTIAL" shall not be disclosed to any other person whomsoever, except to:

    a) the parties to this action and the present and former employees of the parties, or any subsidiary or affiliate thereof, who are assisting the parties in this litigation, or who appear as witnesses or deponents;

    b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c) its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d) Potential, anticipated, or actual fact witnesses or deponents and their counsel. Counsel for the party who provides CONFIDENTIAL Discovery

        Material to such witnesses or deponents shall advise them of the existence and terms of this Protective Order. Said witnesses or deponents may not retain any disclosed CONFIDENTIAL Discovery Material;

e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f) stenographers, videographers and other court reporters engaged to transcribe depositions conducted in this action;

g) the employees and claims administrators to whom the parties' counsel report and who have a business need to know, including but not limited to those providing any settlement authority;

h) the parties' lenders, parent companies, member companies, counsel for such entities, auditors, and accountants;

i) the parties' reinsurers, reinsurance intermediaries, retrocessionaires, and regulators; and

j) the Court and its support personnel or any other person upon stipulation by the parties.

5. The parties, their counsel (and staff) and the persons and entities set forth in Paragraphs 4(e) - 4(h) shall take reasonable efforts and precautions to protect the Discovery Material designated as "CONFIDENTIAL" from disclosure to persons and entities not a party to this action and shall use no lesser degree of care than they each would employ in protecting their own respective confidential and privileged information.

6. With respect to the entities set forth in Paragraph 4(i), such entities will be advised that all Discovery Material designated as "CONFIDENTIAL" is subject to a Protective Order.

7. Information or documents designated as "CONFIDENTIAL" under this Protective Order must not be used or disclosed by the parties, their counsel or the persons and entities set forth in Paragraphs 4(e) - 4(h) for any purposes whatsoever other than for purposes

related to the litigation in which the information or documents were disclosed (including appeals). Counsel shall retain each signed Non-Disclosure Agreement required under this Protective Order, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. Subject to any applicable privilege, it is understood that nothing contained in this Protective Order shall limit the right of any of the parties to disclose their own documents or information, or any documents or information obtained independently and not pursuant to this Order.

9. If any person or entity not a party to this action requests or demands, by subpoena or otherwise, any Discovery Material designated as "CONFIDENTIAL" in this action from any of the parties or their counsel, the person receiving the request or demand will immediately notify the party that produced such Discovery Material, through its undersigned counsel, and will take reasonable steps to permit the producing party to assert all applicable rights and privileges with respect to such Discovery Material, including permitting the producing party a reasonable opportunity to intervene and be heard.

10. The parties agree that the inadvertent or unintentional disclosure by any party of any Discovery Material designated as "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of any applicable confidentiality, privilege, or immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon the discovery of any such inadvertent disclosure, the party making the inadvertent disclosure shall immediately notify the party that produced such Discovery Material designated as "CONFIDENTIAL," through its undersigned counsel, and the parties shall

cooperate to restore the confidentiality, privilege, or immunity to the disclosed Discovery Material and/or information, including retrieval or destruction of all copies, if possible.

11. Any party who either objects to any designation of Discovery Material as "CONFIDENTIAL," or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the close of discovery of this action serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection or request. If the designating party and objecting party(ies) cannot reach an agreement on the designation, the designating party shall file a motion to designate the subject Discovery Material as "CONFIDENTIAL" or "attorneys' eyes only" within 30 days of the objection (or as extended by written agreement). Failure to file such motion shall constitute a waiver of the designation. The burden shall be on the designating party to establish the basis for the designation.

12. The parties may not file CONFIDENTIAL Discovery Material with the Court unless filed pursuant to the U.S. District Court of the Western District of Michigan Local Rules 5.3 and 10.6.

13. This Protective Order is intended to govern only pre-trial proceedings. The parties agree to meet and confer before trial regarding how to handle Discovery Material designated as "CONFIDENTIAL" at trial. This Order, however, will remain in effect until the parties reach agreement or until the Court enters a new order addressing the handling of Discovery Materials designated as "CONFIDENTIAL."

14. In the event this action does not reach a trial phase, this Order shall survive the termination of the litigation and the party, entity or person receiving all Discovery Material designated as "CONFIDENTIAL" shall, at its discretion, within 30 days:

      a)    Return such material to the producing person, or
      b)    Destroy such material, or
      c)    Maintain such information in accordance with the terms of this Protective Order, subject to the respective document retention/destruction policies of the party, entity or person receiving the information.

Notwithstanding anything to the contrary, counsel for the parties may retain documents constituting work product, as well as copies of pleadings and motion papers, subject to their respective firms' document retention/destruction policies, all of which shall be maintained in accordance with the provisions of this Protective Order.

15.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16.    Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by motion to the Court:

      a)    Amendment to this Order;

      b)    Additional protection for specific items of "CONFIDENTIAL" Discovery Material;

      c)    Relief from the provisions of this Order with respect to specific items or categories of "CONFIDENTIAL" Discovery Material; or

      d)    The assertion of rights not specified herein, which are deemed reserved.

Dated: August _5_, 2019                      ENTERED:

                                                  /s/ Ellen S. Carmody
                                                  Honorable Ellen S. Carmody
                                                  U.S. Magistrate Judge

**PARTIES' SIGNATURES ON THE FOLLOWING PAGES**

So Stipulated:

*s/ Kevin B. Dreher*
Kevin B. Dreher
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
kdreher@reedsmith.com

Charles M. Denton
Erika P. Weiss
BARNES & THORNBURG LLP
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Charles.Denton@btlaw.com
Erika.Weiss@btlaw.com

**Attorneys for Wolverine World Wide, Inc., f/k/a Wolverine Shoe & Tanning Corporation**

*s/Richard McDermott*
Richard McDermott
Brent J. Graber
Seth M. Jaffe
Jonathan R. Puskar
HINKHOUSE WILLIAMS WALSH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 3400
Chicago, IL  60601
(312) 784-5400
(312) 784-5499 (fax)
rmcdermott@hww-law.com
bgraber@hww-law.com
sjaffe@hww-law.com
jpuskar@hww-law.com

**Attorneys for Defendants North River Insurance Company and Bedivere Insurance Company (as successor to certain insurance policies issued by American Employers' Insurance Company)**

*s/ Charles W. Browning*
Charles W. Browning
Patrick E. Winters
Olivia M. Paglia
PLUNKETT COONEY
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
Telephone: (248) 901-4000
Facsimile: (248) 901-4040
cbrowning@plunkettcooney.com
pwinters@plunkettcooney.com
opaglia@plunkettcooney.com

**Attorneys for Defendant The Travelers Indemnity Company and for Counter-Plaintiffs**

*s/ Bradford S. Moyer*
Bradford S. Moyer
Stephanie M. Brochert
PLUNKETT COONEY
950 Trade Centre Way, Ste. 310
Kalamazoo, MI 49002
(269) 226-8844
bmoyer@plunkettcooney.com
sbrochert@plunkettcooney.com

**Attorneys for The American Insurance Company**

*s/ Matthew V. Fisher*
Matthew V. Fisher
Michael J. Cohen
Pamela J. Tillman
MEISSNER TIERNEY FISHER & NICHOLS S.C.
111 E. Kilbourn Ave., Ste. 1900
Milwaukee, WI 53202
(414) 273-1300
mvf@mtfn.com
mjc@mtfn.com
pjt@mtfn.com

Daniel Johnson James
Gary A. Maximiuk
WHEELER UPHAM PC
Calder Plaza Bldg.
250 Monroe Ave., NW, Ste. 100
Grand Rapids, MI 49503
(616) 459-7100
james@wuattorneys.com
maximiuk@wuattorneys.com

**Attorneys for Liberty Mutual Insurance Company**

*s/ Bradley K. Glazier*
Bradley K. Glazier
BOS & GLAZIER PLC
990 Monroe Ave., NW
Grand Rapids, MI 49503
(616) 458-6814
bglazier@bosglazier.com

Brian C. Coffey
COHN BAUGHMAN & MARTIN
333 W Wacker Dr., Ste. 900
Chicago, IL 60606
(312) 775-3900
brian.coffey@mclolaw.com

**Attorneys for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Pacific Employers Insurance Company, and Federal Insurance Company**

*s/ Anthony F. Caffrey, III*
Anthony F. Caffrey , III
CARDELLI LANFEAR PC
322 W Lincoln Ave.
Royal Oak, MI 48067
Telephone: (248) 544-1100
Facsimile: (248) 544-1191
acaffrey@cardellilaw.com

Wayne S. Karbal
Paul Parker
KARBAL COHEN ECONOMOU SILK & DUNNE, LLC
150 S. Wacker Drive, Suite 1700
Chicago, IL 60606
(312) 431-3700; (312) 431-3670 (f)
wkarbal@karballaw.com
pparker@karballaw.com

**Attorneys for First State Insurance Company**

*s/ William Gerald McElroy, Jr.*
William Gerald McElroy , Jr.
ZELLE LLP
161 Worcester Rd., Ste. 502
Framingham, MA 01701
(781) 466-0706
WMcElroy@zelle.com

David W. Centner
CLARK HILL PLC
200 Ottawa Ave., NW, Ste. 500
Grand Rapids, MI 49503
Telephone: (616) 608-1100
Facsimile: (616) 608-1199
dcentner@clarkhill.com

**Attorneys for Employers Insurance Company of Wausau**

Dated: August 2, 2019