**UNITED STATES DISTRICT COURT**
**IN THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

**ORAL ARGUMENT REQUESTED**

v.

THE AMERICAN INSURANCE COMPANY, et. al,

    Defendants.

Case No. 1:19-cv-00010

Honorable Janet T. Neff
Mag. Judge Ellen S. Carmody

___

**LIBERTY MUTUAL INSURANCE COMPANY'S**
**MOTION TO COMPEL DISCOVERY RESPONSES TO ITS FIRST SET OF REQUESTS**
**FOR ADMISSIONS, INTERROGATORIES AND ACCOMPANYING REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO WOLVERINE WORLD WIDE, INC.**

**ORAL ARGUMENT REQUESTED**
___

Defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), moves this Court pursuant to Fed. R. Civ. P. 37(a)(3)(b) for an order compelling Plaintiff, Wolverine Worldwide Inc. ("Wolverine"), to produce responses and documents requested in Liberty Mutual's First Set of Requests for Admission, Interrogatories and Accompanying Requests for Production of Documents, and in support of the motion, states as follows:

    1.    On July 25, 2019, Liberty Mutual served Wolverine with its First Set of Requests for Admission, Interrogatories and Requests for Production of Documents ("Discovery Requests"). Each of the Discovery Requests was narrowly tailored to address issues involving the exhaustion of the Liberty Mutual Policies as outlined in the Special Master's Initial Case Management/Scheduling Order ("Scheduling Order"), including the 2002 Settlement Agreement between Wolverine and Liberty Mutual that arose out of the

2001 Coverage Action filed by Wolverine with respect to coverage for alleged environmental contamination at two sites where Wolverine disposed of its wastes.[1] In particular, Liberty Mutual sought, *inter alia*, the following Requests for Admission related to whether or not Wolverine admitted or denied such issues as: (1) the 2002 Settlement Agreement settled all claims for defense and indemnity between Liberty Mutual and Wolverine raised in the 2001 Coverage Action; (2) all property damage aggregate limits under all of the Liberty Mutual Policies are exhausted by virtue of the 2002 Settlement Agreement; and (3) Wolverine has not taken any action to otherwise contest or modify the 2002 Settlement Agreement, among others.  Liberty Mutual also served several interrogatories and document requests in conjunction with the Requests for Admission that sought documents and information from Wolverine to the extent that Wolverine contends the 2002 Settlement Agreement somehow did not exhaust the Liberty Mutual Policies.

2.       On July 25, 2019, within less than two hours of Liberty Mutual's service of the Discovery Requests, Wolverine's counsel advised Liberty Mutual that it wanted to schedule a meet and confer regarding the Discovery Requests.

3.       On August 2, 2019, Liberty Mutual and Wolverine met and conferred on the issue of Liberty Mutual's Discovery Requests.  The meet and confer was scheduled at the request of Wolverine, even though the deadline for Wolverine to respond to the Discovery Requests had not yet passed.  During the meet and confer, when Liberty Mutual asked

---

[1] As stated in the accompanying brief, fn1, the Discovery Requests also addressed issues of lost policies.  The Special Master recently clarified by e-mail on August 8, 2019, that such discovery is within the Phase I scope of discovery.  With that issue having been resolved, Liberty Mutual reserves the right to address its Discovery Requests as to the lost policy issues if Wolverine nevertheless refuses to comply with discovery on issues relative to eight newly-alleged policies that were allegedly issued by Liberty Mutual for the periods of 4/6/57 to 4/6/65 ("Newly-Alleged Liberty Mutual Policies").

Wolverine to articulate in writing why Wolverine believed the submitted discovery was beyond the scope of Phase I discovery, Wolverine responded that it neither wanted to spend the time nor the money responding in writing to Liberty Mutual as to why it believed the Discovery Requests were objectionable, and that it did not intend to provide formal responses to the Discovery Requests.  As a result of the meet and confer, Wolverine and Liberty Mutual were unable to resolve their differences on the relevancy and scope of the Discovery Requests, thereby necessitating the filing of this motion.

4. As explained further in the Liberty Mutual's brief in support of its motion to compel, Wolverine is entirely incorrect that Liberty Mutual's Discovery Requests are beyond the scope of Phase I discovery.  Pursuant to the express language of the Scheduling Order, the scope of discovery included "discovery relative to the duty to defend and **exhaustion of policies.**" (ECF Dkt. No. 99, PageID.7068) (emphasis added).  Furthermore, in direct contravention to Wolverine's contention during the meet and confer that discovery beyond production of the 2002 Settlement Agreement was not contemplated, the Scheduling Order did not place limits on the types of discovery that could be sought by the parties related to the issues to be resolved in Phase I of the litigation and, in fact, expressly allows for interrogatories, requests for admissions, document production, depositions and the utilization of expert witnesses, with discovery required be completed by January 10, 2020. (*Id.*, PageID.7068-7069)

5. The Discovery Requests, as highlighted in the attached brief, are relevant and clearly fall within the scope of the duty to defend and exhaustion issues set forth in the Scheduling Order.  First, discovery on the impact of the 2002 Settlement Agreement upon Wolverine's current coverage claims is entirely relevant here because the property damage

and personal injury aggregate limits of the Liberty Mutual Policies were exhausted pursuant to the 2002 Settlement Agreement.

6. Secondly, whether Wolverine admits that the property damage and personal injury policy limits of the Liberty Mutual Policies are exhausted by virtue of the 2002 Settlement Agreement also impacts the duty to defend issue in the present coverage action because Liberty Mutual, pursuant to the policies, "shall not be obligated to …. defend any suit after the applicable limit of the company's liability has been exhausted by payment of … settlements."

7. Accordingly, Liberty Mutual requests that this Court enter an order compelling Wolverine to produce responses, documents and information sought through Liberty Mutual's Discovery Requests.

Dated: August 9, 2019

Respectfully submitted,

/s/ Pamela J. Tillman
Michael J. Cohen
Pamela J. Tillman
Matthew V. Fisher
Meissner Tierney Fisher & Nichols S.C.
111 E. Kilbourn Ave, 19th Floor
Milwaukee, WI 53202
(414) 273-1300
mjc@mtfn.com
pjt@mtfn.com
mvf@mtfn.com

Gary A. Maximiuk (P26385)
Daniel J. James (P75147)
Wheeler Upham, P.C.
250 Monroe Ave NW, Ste. 100
Grand Rapids, MI 49503
maximiuk@wuattorneys.com
james@wuattorneys.com

**Attorneys for Defendant,
Liberty Mutual Insurance Company**

# UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.

THE AMERICAN INSURANCE COMPANY, et. al,

    Defendants.

Case No. 1:19-cv-00010

Honorable Janet T. Neff
Mag. Judge Ellen S. Carmody

_____

**CERTIFICATE OF SERVICE**

    I do hereby certify that on the 9th day of August, 2019, I served the foregoing document and this Certificate of Service to all Counsel of Record with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

    /s/ Daniel J. James_____
    Daniel J. James
    Wheeler Upham, P.C.