UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.

THE AMERICAN INSURANCE
COMPANY, et al.,

    Defendants.
_____/

Case No. 1:19-cv-10

HON. JANET T. NEFF

**OPINION AND ORDER**

Before the Court are "Certain Defendants' Rule 53(f)(2) Limited Objection to Portions of the Special Master's Report and Recommendation Regarding Plaintiff Wolverine World Wide, Inc.'s Motion for Partial Summary Judgment Regarding Award of Consequential Damages Based on Certain Defendants' Breach of the Duty to Defend" (ECF No. 1397) and "Plaintiff's Partial Objection to the Special Master's Report and Recommendation Regarding Consequential Damages" (ECF No. 1399). Plaintiff filed a Response to Certain Defendants' Limited Objection (ECF No. 1433) and Certain Defendants filed a Response to Plaintiff's Partial Objection (ECF No. 1440). For the reasons that follow, the Court overrules and denies Certain Defendants' objections and grants in part and denies in part Plaintiff's objections.

The Court reviews *de novo* all objections to findings of fact made or recommended by the Special Master and decides de novo all objections to conclusions of law made or recommended by the Special Master. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 53(f)(3) and (4). The Court will not revisit arguments that are re-raised and which were already thoroughly addressed by the Report

and Recommendation. *See, e.g., Frans v. Comm'r of Soc. Sec.*, No. 2:18-CV-4, 2019 WL 3205838, at *1 (W.D. Mich. July 16, 2019). For an objection to be sustained, it must specifically identify a factual or legal error in the report and recommendation, which undermines the conclusions and recommendations therein. *See, e.g., Hochstein v. Microsoft Corp.*, 730 F.Supp.2d 714, 717 (E.D. Mich. 2010), *aff'd* 430 F. App'x 898 (Fed. Cir. 2011) ("The Court reviews *de novo* factual findings and legal conclusions of the Special Master to which a specific objection has been made."). "[G]eneral objections do not satisfy the objection requirement." *See, e.g., Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). New arguments raised for the first time in the objections will not be considered. *See Hannon v. Brintlinger*, No. 2:17-CV-33, 2018 WL 1141424, at *1 (W.D. Mich. Mar. 2, 2018) (citing and quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

The Court outlines the parties' objections. Certain Defendants make three objections:

> 1. the Court should reject the Special Master's Recommendation that the remaining environmental investigation, vendor, and consultant expenses are proper defense costs;
>
> 2. the Court should reject the Special Master's recommendation that the attorneys' fees incurred by Plaintiff are reasonable as a matter of law;
>
> 3. objection to the start date of the allocation period;

(ECF No. 1397 at PageID.123866-123875). Plaintiff makes six objections:

> 1. the damages R&R rewrites the policies, creates ambiguity, and conflicts with the law of this case, Michigan, and the Sixth Circuit;
>
> 2. all damages Wolverine incurred to provide the service of a defense should be awarded;
>
> 3. because the duty to defend is not allocable, neither are the consequential damages flowing from its breach;
>
> 4. pro rata allocation has never been applied based on allegations;

>    5. the damages R&R failed to consider personal injury claims;

>    6. the prejudgment interest accrued from the date this case began;

(ECF No. 1399 at PageID.123907-123916). Some of these objections can be immediately dispatched. The objection that the Special Master incorrectly assumed that the remaining environmental investigation, vendor, and consultant expenses were not disputed was not raised in the motion briefing (ECF No. 1397 at PageID.123868; ECF No. 825). Arguments raised for the first time in an objection cannot be considered.[1]

The Court will also not consider Certain Defendants' objection to the start date of the allocation period: this objection is a general objection and re-raises or relies on arguments in the motion briefing, which have already been addressed by the Special Master (ECF No. 1397 at PageID.123875; ECF No. 1373 at PageID.123520-123523).

Plaintiff also re-raises arguments. Plaintiff attempts to reopen the issue of whether the Certain Defendants-insurers are jointly and severally liable for all damages incurred from the breach of the duty to defend. The Court previously decided this issue, as the Special Master notes (ECF No. 1373 at PageID.123523).

Plaintiff also objects that the Report and Recommendation failed to consider personal injury claims and "pro rata allocation cannot be adopted or applied to damages Wolverine incurred to defend itself" from personal injury claims (ECF No. 1399 at PageID.123916). The Court has previously decided the issue of allocation and personal injury liability coverage is the subject of a

---

[1] The Special Master specifically noted that "[i]t is a fair assumption that Defendants do not dispute the remaining environmental investigation, vendor and consultant expenses other those specific costs raised in Defendants' Cross-Motion for Partial Summary Judgment on Classification of Non-Defense Costs or they would have been previously raised" (ECF No. 1373 at PageID.123535). Certain Defendants do not rebut this specific conclusion or explain why this issue was not previously raised.

separate dispositive motion as Certain Defendants note (ECF No. 1435 at PageID.124883).

The underlying motion is concerned with the narrow issue of the scope of consequential damages. The Court, therefore, addresses the few, remaining valid objections.

*The Reasonableness of Incurred Attorney Fees*

Certain Defendants object that Plaintiff did not make any showing that the attorney fees were reasonable and necessary, and Certain Defendants created a triable issue of fact on the reasonableness and necessity of the costs based on expert evidence they put on the record (ECF No. 1397 at PageID.123874-123875). Plaintiff responds that the Special Master correctly determined that Plaintiff's defense costs are presumed reasonable because of the insurers' breach of the duty to defend (ECF No. 1433 at PageID.124860).

The Court previously held that insurers breached their duty to defend, thus, "the actually incurred fees are a reasonable measure of the damages caused." *Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pennsylvania*, 345 F. App'x 995, 999 (6th Cir. 2009) (applying Michigan law); *City of Holland v. Fed. Ins. Co.*, No. 1:13-CV-1097, 2017 WL 5713950, at *11 (W.D. Mich. Mar. 7, 2017) (applying Michigan law) (actual attorney fees are reasonable fees, plaintiffs entitled to an award of the actual attorney fees incurred in defending litigation; Michigan authority on this issue does not clearly distinguish between reasonable fees and actual fees in the situation where the insurer has been given notice of a claim and wrongfully refuses to defend). Certain Defendants do not dispute the principle that actual attorney fees are reasonable fees in this situation, rather Certain Defendants object that the fees are simply excessive and unreasonable.

Plaintiff is thus entitled to an award of the actual defense costs in defending the underlying actions; moreover, there is no triable issue on the reasonableness of the costs based on insurers' argument that hourly rates from out-of-state retained counsel exceed the prevailing hourly rate for

4

senior partners in Michigan, where insurers failed to assume the defense, select, supervise, and pay for the defense (ECF No. 825 at PageID.110875). *See, e.g.*, *Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1076 (7th Cir. 2004); *Alticor Glob. Holdings, Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. 1:17-CV-388, 2022 WL 1090552, at *10 (W.D. Mich. Feb. 7, 2022) (applying Michigan law) (holding that insurer waived the ability to challenge the reasonableness of defense costs based on wrongful refusal to defend). This objection is overruled and denied.

*Prejudgment Interest Accrued from the Filing of the Action*

Plaintiff objects that prejudgment interest should be calculated from the date of the commencement of the action in accordance with the plain terms of Mich. Comp. Laws § 600.6013(8) (ECF No. 1399 at PageID.123916). Certain Defendants respond that they should not be responsible for prejudgment interest until Plaintiff first provided unredacted invoices of defense costs according to the Special Master's order in December 2019 (ECF No. 231 at PageID.9048; ECF No. 1435 at PageID.124884).

Prejudgment interest is determined in this case under Michigan law. *Perceptron, Inc. v. Sensor Adaptive Machines, Inc.*, 221 F.3d 913, 922 (6th Cir. 2000). Under Michigan law, prejudgment interest is not discretionary and must be calculated from the date that the complaint was filed according to the plain terms of the statute. *Id.* at 923 ("the purpose of awarding statutory prejudgment interest is not only to compensate the prevailing party for the delay in the use of the money, but also to offset the costs of bringing the action and to provide an incentive for prompt settlement"). The breach of contract-duty to defend claim was alleged in the Complaint and arose before the Complaint was filed (ECF No. 1-1 at PageID.63). *Id.* at 924. Consistent with the plain terms of the statute, Plaintiff is entitled to prejudgment interest from the date the complaint was filed. *Id.* The objection is granted.

Accordingly, this Court adopts in part and rejects in part the Special Master's Report and Recommendation as the Opinion of the Court.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment Regarding Award of Consequential Damages (ECF No. 690) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Certain Defendants' Objections (ECF No. 1397) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF No. 1399) are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS IN PART** and **REJECTS IN PART** the Special Master's Report and Recommendation (ECF No. 1373).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify and/or Exceed Page Limitation (ECF No. 1377) is **DENIED**, for the reasons stated in Certain Defendants' Memorandum in Opposition (ECF No. 1379).

Dated:  April 26, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge