UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.

THE AMERICAN INSURANCE
COMPANY, et al.,

    Defendants.
_____/

Case No. 1:19-cv-10

HON. JANET T. NEFF

## OPINION AND ORDER

Before the Court is Plaintiff's Objections (ECF No. 1192) to the Special Master's Report and Recommendation Regarding Certain Defendants' Cross-Motion for Partial Summary Judgment on Classification of Non-Defense Costs (ECF No. 1186). The Special Master made four recommendations in the Report and Recommendation: (1) the costs for providing alternative water supplies to residents are not compensable as defense costs; (2) the public relations and governmental affairs costs are not defense costs but are normally incurred business costs; (3) the vendor and consultant costs are remediation costs, not defense costs, and are not recoverable; and (4) Defendants' Motion for Partial Summary Judgment on Classification of Non-Defense Costs (ECF No. 624) should be granted (ECF No. 1186 at PageID.119790). For the reasons that follow, the Court approves and adopts the Special Master's Report and Recommendation as the Opinion of the Court, and Defendants' Motion for Partial Summary Judgment is granted.

## I. STANDARD OF REVIEW

The Court applies *de novo* review to the parts of the Special Master's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 53(f). The Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." FED. R. CIV. P. 53(f)(1).

Summary judgment is appropriate where the movant shows there is no genuine issue as to any material fact, and "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." FED. R. CIV. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court views the facts and draws all reasonable inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587. The key question is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *EQT Prod. Co. v. Phillips*, 767 F. App'x 626, 630 (6th Cir. 2019) (internal quotation and citation omitted).

## II. ANALYSIS

Plaintiff objects to the Special Master's recommendation as to the classification of two categories of costs: (1) alternative water supplies costs; and (2) public relations and governmental affairs costs (ECF No. 1192 at PageID.119979).[1] Plaintiff argues that both categories of defense costs were incurred for the purpose of disproving or limiting the scope of liability, as exemplified by the evidence in the record (*id.* at PageID.119986).

1. *Alternative Water Supply Costs*

Plaintiff maintains that under Michigan law the costs expended for alternative water

---

[1] Plaintiff also requests that the Court "adopt the Breach R&R, find all costs at issue here are presumed reasonable and assess consequential damages" (ECF No. 1192 at PageID.119999). The Court addressed this request in a previous Opinion and Order (ECF No. 1477).

supplies are defense costs because they were incurred to limit liability and lessen the costs of remediation (*id.* at 119985-119993). Plaintiff cites in support its environmental expert, who stated that the water supply measures were conducted "to limit potential exposure of human receptors to contamination while also mitigating concerns that these individuals may have had as the investigation proceeded" (*id.* at PageID.119989, 119992; Wood Rebuttal Report, ECF No. 816-1 at PageID.109806). Plaintiff also argues that at the very least a material factual dispute exists as to the classification of these costs, precluding summary judgment (ECF No. 1192 at PageID.119992).

The Court agrees with the Special Master that this issue can be determined as a matter of law. The case law is coherent as to reasonable and necessary defense costs: "defense costs are monies expended to develop and put forth a theory that the defendant is not liable or only partially liable for the plaintiff's injuries." *Gelman Scis., Inc. v. Fireman's Fund Ins. Companies*, 455 N.W.2d 328, 330 (Mich. Ct. App. 1990). Defense costs encompass environmental investigatory costs related to mounting a defense and/or identifying, evaluating, comparing remediation plans, and *proving* the most cost-effective method for remediation. *S. Macomb Disposal Auth. v. Am. Ins. Co.*, 572 N.W.2d 686, 711-12 (Mich. Ct. App. 1997); *Am. Bumper & Mfg. Co. v. Hartford Fire Ins. Co.*, 550 N.W.2d 475, 485 (Mich. 1996).

Plaintiff does not say in its Objections how the alternative water supply costs serve its defense, investigation of liability, or proof of its remediation plan. The Court agrees with the Special Master, therefore, that the alternative water supply costs were a commendable effort to make injured parties whole, but these costs are not defense costs (ECF No. 1186 at PageID.119874, 119786). *See Gelman Scis.*, 455 N.W.2d at 330. The objection is denied on this ground.

### 2. *Public Relations and Governmental Affairs Expenses*

Plaintiff also objects that the Special Master inaccurately categorized Plaintiff's public relations and governmental affairs costs as ordinary costs of doing business (*id.* at PageID.119789, 119790). *See Am. Bumper*, 550 N.W.2d at 486. Plaintiff counters that these costs were expended as part of Plaintiff's overall defense strategy, to defeat and/or limit liability, which included meeting Plaintiffs' counsel's press and political campaigning (ECF No. 1192 at PageID.119996-119997). According to Plaintiff, the Court should look to the underlying purpose of these costs and draw all inferences in favor of Plaintiff, the non-movant (*id.* at PageID.119998).

The case law cited by the parties does not squarely address public relations costs as defense costs. The Court finds that public relations costs are too tangentially related to Plaintiff's defense in the suits against it to constitute defense costs. *See, e.g.*, *Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pennsylvania*, No. 1:2007-CV-522, 2009 WL 4069260, at *4 (W.D. Mich. Nov. 23, 2009). It is clear to the Court that defense costs relate only to costs expended for the purpose of material to be offered directly in an action to defeat or limit liability. *See, e.g.*, *id.*; *Buhl v. City of Oak Park*, 942 N.W.2d 667, 686 (Mich. Ct. App. 2019) (a defense is that which is offered by the party proceeded against in an action or suit to diminish plaintiff's cause of action or defeat recovery), *rev'd on other grounds*, 968 N.W.2d 348 (Mich. 2021). The Court agrees with the Special Master that public relations costs, even addressing a litigation event, are not defense costs and are normally anticipated business costs. *Am. Bumper*, 550 N.W.2d at 486. The objection is denied on this ground.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 1192) are DENIED.

**IT IS FURTHER ORDERED** that the Court APPROVES and ADOPTS the Special Master's Report and Report and Recommendation Regarding Certain Defendants' Cross-Motion for Partial Summary Judgment on Classification of Non-Defense Costs (ECF No. 1186) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment on Classification of Non-Defense Costs (ECF No. 624) is GRANTED.

Dated:  August 31, 2022               /s/ Janet T. Neff
                                      JANET T. NEFF
                                      United States District Judge