UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WOLVERINE WORLD WIDE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-CV-00010 |
| ) | |
| THE AMERICAN INSURANCE COMPANY, ) | Honorable Janet T. Neff |
| et al., ) | Mag. Judge Sally J. Berens |
| ) | Special Master Paula J. Manderfield |
| Defendants. ) | |

**DEFENDANT NORTH RIVER INSURANCE COMPANY'S PHASE II MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING ANNUALIZATION OF POLICY LIMITS**

Defendant North River Insurance Company ("North River"), by and through counsel, and for its Phase II Motion for Partial Summary Judgment Regarding Annualization of Policy Limits ("Motion"), states as follows:

1. The policy issued by North River to Plaintiff Wolverine World Wide, Inc. ("Wolverine") that is at issue in this action (the "North River policy") is an umbrella liability policy with a three-year policy period and a per-occurrence policy limit of $5 million. Under the plain and unambiguous language of the North River policy, the $5 million per-occurrence limit is the most North River can potentially be obligated to pay for an "occurrence," as that term is defined in the policy.

2. In this action, Wolverine contends that because the North River policy was issued for a three-year term, it should be entitled to recover $5 million *per year*, for a total of $15 million per occurrence. This contention is contrary to the clear language of the North River

policy and applicable law.  As courts across the country analyzing this language have properly determined, the policy limit applicable to each "occurrence" is not "annualized" as Wolverine contends, but rather applies to the full policy term.

3.  Under Federal Rule of Civil Procedure 56, "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he construction and interpretation of an insurance contract is a question of law for a court to determine…."  *Henderson v. State Farm Fire and Cas. Co.*, 460 Mich. 348, 353, 596 N.W.2d 190, 193 (1999).  "[T]he terms of a contract must be enforced as written where there is no ambiguity.  *Id.* at 354 (citing *Stine v. Cont'l Cas. Co.*, 419 Mich. 89, 114, 349 N.W.2d 127 (1984)).  Because this Motion turns solely on the interpretation of the clear and unambiguous language of the North River policy, it is ripe for determination by the Court as a matter of law.

WHEREFORE, for all of these reasons and as more fully set forth in the accompanying Brief in support of this Motion, North River respectfully requests that the Court grant its Motion for Partial Summary Judgment Regarding Annualization of Policy Limits, and enter an Order:

- A. Entering judgment in favor of North River and against Wolverine declaring that the $5 million per-occurrence limit in the North River policy is not "annualized," but rather applies to the full three-year policy term and is the most North River is potentially obligated to pay for any "occurrence," as that term is defined in the North River policy; and
- B. Granting such other and further relief as this Court deems just and proper.

| | | |
|---|---|---|
| Dated: April 13, 2023 | By: | /s/ Seth M. Jaffe |
| | | Brent J. Graber |
| | | Seth M. Jaffe |
| | | Hinkhouse Williams Walsh LLP |
| | | Two Prudential Plaza |
| | | 180 N. Stetson Ave., Suite 3400 |
| | | Chicago, Illinois 60601 |
| | | Telephone: (312) 784-5400 |
| | | Fax Number: (312) 784-5499 |
| | | bgraber@hww-law.com |
| | | sjaffe@hww-law.com |
| | | |
| | | *Attorneys for Defendant North River Insurance Company* |