IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.

THE AMERICAN INSURANCE COMPANY, et al.,

    Defendants.

**\*\*ORAL ARGUMENT REQUESTED\*\***

Case No. 1:19-cv-00010-JTN-SJB

Honorable Janet T. Neff
Mag. Judge Sally J. Berens
Special Master Paula Manderfield

## PLAINTIFF WOLVERINE WORLD WIDE, INC.'S MOTION FOR DISCOVERY SANCTIONS AGAINST TRAVELERS

Pursuant to Rules 26 and 37(b)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff Wolverine World Wide, Inc. ("Wolverine") hereby respectfully requests that this Court impose discovery sanctions against The Travelers Indemnity Company ("Travelers") for Travelers' refusal to comply with this Court's Orders. In support thereof, Wolverine states as follows:

1. As set forth in greater detail in Wolverine's Brief in Support of this Motion (filed contemporaneously herewith), Defendant Travelers has continuously violated this Court's direct and clear orders with respect the production of claim handler notes, reinsurance policies, and underwriting documents.

2. More specifically, on February 2, 2022, the Special Master unambiguously ordered Travelers "to produce their entire claim files related to the policies, or Wolverine's claim for insurance coverage with respect to the Underlying Actions, including any Documents and Communications related thereto." (ECF No. 1357, PageID.123209.) The Special Master explained "that claims files are 'generally not protected from disclosure by the work product doctrine,

because investigation of a claim is generally done in the normal course of business, and not in anticipation of litigation.'" (ECF No. 1357, PageID.123208) (citations omitted). The Special Master further made clear, that "claim files and a factual investigation done by Claim Handlers . . . are not protected by the attorney client privilege." (ECF No. 1644, PageID.131007; ECF No. 1750, PageID.133479.)

3. In contravention of this Court's Orders and the Federal Rules of Civil Procedure, Travelers has refused to produce Jane Kelly's (Travelers' primary claim handler) claim notes regarding her investigation and analysis of coverage or even confirm whether such notes exist. Importantly, Travelers does not identify any claim notes on its privilege log nor does it contend that such notes do not exist. The Federal Rules of Civil Procedure require a party to state whether the party is withholding a document on the basis of privilege, and to provide enough information regarding both the document and the assertion of privilege to allow the opposing party to challenge that assertion. Fed.R.Civ.P. 26(b)(5). Wolverine has already successfully moved on whether claim notes are privileged and this Court has already held that claim notes and factual investigation done by a claim handler are not privileged. Travelers' refusal to produce these documents violates this Court's Orders and its failure to even identify these documents on its privilege log (to the extent it contends these documents are privileged) violates the Federal Rules.

4. Next, the Special Master ordered Defendant Insurers to produce unredacted copies of reinsurance policies and underwriting files. (ECF. No. 1357, PageID.123207, 123212; ECF No. 1391, PageID.123837.) In contravention of this Court's Orders, Travelers has produced heavily redacted copies of its reinsurance policies and underwriting files on the improper basis of "relevance." Contrary to Travelers' position, this Court has already held that the reinsurance

policies and the underwriting files are relevant and discoverable and must be produced in unredacted form. (*Id.*)

5.  Wolverine has attempted to resolve these issues with Travelers in a meet and confer on numerous occasions and has been woefully unsuccessful. Counsel for Travelers continues to provide evasive responses to clear questions regarding Jane Kelly's claim notes. What has become abundantly clear is that Wolverine has no choice but to seek sanctions in order to put an end to Travelers' shell game, abuse of discovery, and disregard for this Court's Orders.

WHEREFORE, Wolverine respectfully requests that this Court impose discovery sanctions against Travelers, including (1) ordering Travelers to produce Jane Kelly's claim notes and unredacted copies of its reinsurance policies and underwriting documents, (2) allowing Wolverine to re-depose Travelers' witnesses regarding the improperly withheld or redacted documents, and (3) granting any other relief this Court deems just and proper.

Dated: July 12, 2023

Respectfully submitted,

*/s/ Kevin B. Dreher*
Kevin B. Dreher
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone: (312) 214-8308
kdreher@btlaw.com

*Counsel for Wolverine World Wide, Inc., f/k/a Wolverine Shoe & Tanning Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.                                              Case No. 1:19-cv-00010-JTN-SJB

THE AMERICAN INSURANCE COMPANY, et al.,    Honorable Janet T. Neff
                                                                 Mag. Judge Sally J. Berens
    Defendants.                                 Special Master Paula Manderfield

## **CERTIFICATE OF SERVICE**

       I hereby certify that on July 12, 2023 I electronically filed the foregoing document with the Clerk of Court using the ECF system, which provides notice to all attorneys of record.

                                                                             *s/ Kevin B. Dreher*
                                                                              Kevin B. Dreher