**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WOLVERINE WORLD WIDE, INC.,

  Plaintiff,

v.

THE AMERICAN INSURANCE COMPANY, et. al,

  Defendants.
_____

**ORAL ARGUMENT REQUESTED**

Case No. 1:19-cv-00010-JTN-SJB

Honorable Janet T. Neff
Mag. Judge Sally J. Berens
Special Master Paula Manderfield

**THE TRAVELERS INDEMNITY COMPANY'S RULE 53(F)(2)
OBJECTIONS TO THE SPECIAL MASTER'S ORDER ON WOLVERINE WORLD WIDE'S
MOTION TO COMPEL PRODUCTION OF TRAVELERS' INSPECTION REPORTS**

The Travelers Indemnity Company respectfully submits these Fed. R. Civ. P. 53(f)(2) Objections ("Objections") to Special Master Paula Manderfield's August 24, 2023 Order on Wolverine World Wide's ("Wolverine") Motion to Compel Production of Travelers' Inspection Reports ("Order").

## I.   INTRODUCTION

Wolverine's requests for production that were the subject to its motion to compel were directed to Defendant The Travelers Indemnity Company, and only The Travelers Indemnity Company. While there are other Travelers companies in this action by way of a counterclaim, Wolverine did not direct discovery to those entities. In fact, in response to requests for admission, Wolverine admitted that it is not seeking insurance coverage under any of the policies issued by the counterclaimants. Despite this, the Order is directed to not only The Travelers Indemnity Company – the only entity to which the subject discovery was propounded – but also to the counterclaimants. On this basis alone, the Order should be overruled.

Additionally, the Order is inconsistent with the Special Master's prior order addressing this very same set of discovery requests. The Special Master previously ruled, without limitation, that all interrogatories and documents requests directed to Travelers are limited to the following time frames: the dates of the six policies issued by the Travelers Indemnity Company (1/1/80 – 1/1/86) and from 1/1/14 – 1/1/17. The Order contradicts that prior order, requiring Travelers to produce documents without *any* limitation of time. On this independent basis, the Order should be rejected or, at a minimum, revised to be limited to the discoverable time period of 1/1/80 – 1/1/86 and 1/1/14 – 1/1/17.

1

## II.     LAW AND ARGUMENT

### A.    Standard of Review

Pursuant to the May 31, 2019 Order Appointing and Authorizing Special Master Pursuant to Fed. R. Civ. P. 53, "[a]ny recommendation, order or decision of the Master is subject to de novo review by the Court." ECF No. 96 at Paragraph 8.

### B.     The Order pertains to parties to which the subject discovery was not directed

The discovery request that is the subject of the motion practice giving rise to the Order is request for production number 2 of Wolverine's Third Set of Phase II Interrogatories and Requests for Production.  Those discovery requests were propounded to Defendant The Travelers Indemnity Company.  They were not propounded to any other Travelers company.  Indeed, while there are other Travelers' entities that are counterclaimants in this action, Wolverine has admitted, in response to a request for admission, that it is not seeking insurance coverage under policies issued by those entities. See Wolverine's Response to Request for Admission No. 1 of Travelers Requests for Admission. **Exhibit 1**.

The fact that the subject discovery is directed only to The Travelers Indemnity Company is important because The Travelers Indemnity Company only issued policies to Wolverine from 1/1/80 – 1/1/86. Travelers looked for, found, and produced all of the inspection reports from that time period, including reports from 1979 (the year during which the 1980 policy was underwritten).  Travelers also directed its Risk Control Department to search its records for any and all such reports – without limiting the time frame of the search. **Exhibit 2**, Affidavit of Julio Velez, ¶¶ 9-10.  They did not find any such reports. *Id.*, ¶ 11.

2

Despite this, Wolverine sought to compel, and the Special Master's Order requires, the production of documents relating to time periods after 1986 and relating to entities to which the discovery was not directed. But Wolverine did not ask for them, because the request was directed only to The Travelers Indemnity Company. Wolverine cannot seek to compel the production of something it did not ask for. The Travelers Indemnity Company fully and completely responded to the document request, producing all reports it could locate from the discoverable time period. On this basis alone, the Order should be rejected.

C. **The Order contradicts the Special Master's prior discovery order, is not limited in time and should, at a minimum, be limited to the discoverable time period under the Special Master's prior order**

The request for these reports is found in document request number 2 of Wolverine's Third Set of Phase II Interrogatories and Requests for Production. This set of discovery requests was subject to prior motion practice and resulted in a broad order, issued by the Special Master on April 28, 2023 (ECF No. 1989, the "Prior Order"), which addressed relevancy and, more specifically, the relevant time period with respect to those discovery requests. The Prior Order begins "This Motion pertains to Wolverine's Third Set of Phase II Interrogatories and Requests for Production of Documents served on Defendants." ECF No. 1989, PageID.137296. The order goes on to state that "Wolverine served five (5) interrogatories and six (6) requests for production of documents." PageID.137299. Request No. 2 is included within those six requests for production referenced in the Prior Order. The Prior Order concludes by broadly stating that "It is further ordered that all Interrogatories and document requests are limited to the period of each defendant's policies were in effect and to the period from January 1, 2014." *Id.*, PageID.137305. Not certain document requests, not just custom and practice document requests, ***all*** document

3

requests. This includes document request No. 2 – the subject of this motion.

The Order ignores the Prior Order, holding that all Travelers' entities that are a party to this action must produce all engineering and industrial hygiene reports for an undefined and unlimited period of time. The failure to limit the time period to which the Order applies is per se unreasonable and violates Rule 26, which limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A discovery request – or in this case an order – that is "unbounded by time … runs afoul of Rule 26(g)." *Effyis, Inc. v. Kelly*, No. 18-13391, 2020 WL 4915559, at *2 (E.D. Mich. Aug. 21, 2020).

Finally, the Order conflicts with the Prior Order, which placed temporal limitations on all of the interrogatories and requests for production in Wolverine's Third Set of Phase II Discovery Requests. Wolverine contends that the Prior Order only relates to so-called custom and practice discovery. However, the Prior Order does not impose such a limitation. It very clearly and unequivocally states "that all Interrogatories and document requests are limited to the period of each defendant's policies were in effect and to the period from January 1, 2014." *Id.*, PageID.137305. Limiting the Prior Order to so-called "custom and practice" discovery reads into the order language that is not there. And rewriting the order now and compelling Travelers to look for and produce documents that Wolverine did not ask for and that fall outside of the discoverable time period is grounds for reversal. The Order is contrary to the Special Master's Prior Order and is contrary to the Federal Rules of Civil Procedure. The Order should be rejected or, at an absolute minimum, limited to the relevant time period of 1/1/80 – 1/1/86 and 1/1/14 – 1/1/17.

### III. CONCLUSION

WHEREFORE, for the reasons stated herein, the Court should reject the Special Master's Opinion and Order in its entirety. At an absolute minimum, the Special Master's Order should be revised to apply only to The Travelers Indemnity Company and the discoverable time period of 1/1/80 – 1/1/86 and 1/1/14 – 1/1/17.

Respectfully submitted,

 s/Patrick E. Winters
Charles W. Browning
Patrick E. Winters
Drew L. Block
PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 901-4000; (248) 901-4040 (Fax)
cbrowning@plunkettcooney.com
pwinters@plunkettcooney.com
dblock@plunkettcooney.com

***Attorneys for Defendant The Travelers Indemnity Company***

Dated: August 31, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.                                                                          Case No. 1:19-cv-00010-JTN-SJB

THE AMERICAN INSURANCE COMPANY, et. al,   Honorable Janet T. Neff
                                                                         Mag. Judge Sally J. Berens
    Defendants.                                              Special Master Paula Manderfield

## CERTIFICATE OF COMPLIANCE

       This is to certify that, pursuant to L.R. 7.3(b), that the foregoing brief was composed in Microsoft Word using 12-point Cambria typesetting, and consists of 1,233 words and is 10 pages or less in length.

                                                                          *s/ Patrick E. Winters*
                                                                          Patrick E. Winters
                                                                          PLUNKETT COONEY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.                                                 Case No. 1:19-cv-00010-JTN-SJB

THE AMERICAN INSURANCE COMPANY, et. al,     Honorable Janet T. Neff
                                                                      Mag. Judge Sally J. Berens
    Defendants.                                              Special Master Paula Manderfield

_____

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 31st day of August, 2023, I filed the foregoing document and this Certificate of Service to all Counsel of Record with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

                                                       *s/ Patrick E. Winters*
                                                       Patrick E. Winters
                                                       PLUNKETT COONEY

Open.06900.81530.31675096-1