# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.                                                                  Case No. 1:19-cv-00010-JTN-ESC

THE AMERICAN INSURANCE COMPANY, et. al,    Honorable Janet T. Neff
                                                                    Mag. Judge Ellen S. Carmody
    Defendants.                                         Special Master Paula Manderfield

**PLAINTIFF WOLVERINE WORLD WIDE, INC.'S OBJECTIONS AND RESPONSES TO TRAVELERS FIRST REQUEST FOR ADMISSION AND ACCOMPANYING INTERROGATORIES AND REQUEST FOR PRODUCTION**

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff Wolverine World Wide, Inc. ("Wolverine" or "Plaintiff"), by and through its attorneys, hereby submits its objections and responses to Defendant Travelers Indemnity Company's ("Travelers") First Request for Admission and Accompanying Interrogatory and Request for Production.

**GENERAL OBJECTIONS**

The following general objections shall pertain to each and every Request for Admission, Interrogatory, and Document Request (collectively, the "Requests") whether or not separately stated in response thereto:

1.    Wolverine objects to the Requests to the extent they seek documents or information in contravention of the Special Master's Initial Case Management/Scheduling Order (Dkt. 99), the September 26, 2019 Order Denying Defendants' Motion to Compel Production of Documents (Dkt. 182), the September 27, 2019 Order Granting in Part and Denying in Part Defendants' Motion to Compel Response to Interrogatories (Dkt. 183), or any other Order issued by the Court in this matter relevant thereto.

2. Wolverine objects to the Requests as imposing upon Wolverine a vexatious, unreasonable and undue burden and expense in light of the lack of relevance of the requested discovery to resolving the issues currently under consideration by the Court in this case.

3. Wolverine objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege or protection recognized under applicable law. Any inadvertent production of any information protected by the attorney-client privilege, the work-product doctrine and/or any other applicable privilege or protection recognized under applicable law or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such information, its subject matter or information contained therein or of Wolverine's right to object to the use of such material during any later proceeding.

4. Wolverine objects to each Request to the extent that it purports to require Wolverine to undertake the unduly burdensome task of seeking documents or information that is in the possession of third parties.

5. Wolverine objects to each Request to the extent that it seeks information generally available to the public and/or in the public domain.

6. Wolverine objects to each Request to the extent that it seeks information already in Defendants' possession, including information that previously was provided by Wolverine to Defendants or otherwise obtained by Defendants from third parties or public sources.

7. Wolverine objects to each Request to the extent that it seeks information that is proprietary, confidential, sensitive or competitive in nature. Any inadvertent disclosure of proprietary, confidential or otherwise competitively sensitive information shall not constitute a waiver of the proprietary, confidential and/or competitively sensitive nature of the material.

8. Wolverine objects to the Requests to the extent the Requests are unreasonable, duplicative, and unduly burdensome. Wolverine reserves the right to decline to respond further to the Requests on the ground that the Requests are unreasonable, duplicative, and unduly burdensome.

9. Wolverine objects to the Requests to the extent the Requests are irrelevant due to Defendants being estopped from raising or relying on any defenses to coverage.

10. Wolverine reserves the right to supplement and/or amend its responses as may be necessary or appropriate for any reason, including but not limited to as a result of Wolverine's continued investigation thereof, and/or as directed by the Court in any existing or forthcoming Orders.

11. Wolverine's responses and objections asserted herein, including its General Objections, are asserted solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds that would require the exclusion of any statement, document or information produced or provided as a response. All such objections and grounds are reserved and may be interposed at the time of trial, arbitration, hearing, or any other proceeding in this case.

12. Nothing in Wolverine's responses to Travelers' Requests shall be construed as an admission regarding the admissibility or relevance of any information, or of the truth or accuracy of any characterization of any matter contained in the Requests themselves or in the documents and/or information produced in response. Also, no incidental or implied admissions are intended by Wolverine's responses to Travelers' Requests. The fact that Wolverine has answered or objected to any Request, or any part thereof, should not be construed as an admission that Wolverine accepts or admits the existence of any facts set forth or assumed by such Document

Request, or that such response or objection, or any information provided in connection therewith, constitutes relevant or admissible evidence. The fact that Wolverine has answered all or part of any Request is not intended to be and shall not be construed as a waiver of any objection and all such objections are preserved. Wolverine specifically reserves its rights to assert additional objections to the Requests and/or to seek protection from the Court, including but not limited to seeking a protective order.

13. Wolverine's responses are based only on the information, witnesses, and documents presently available to and known by Wolverine. Further discovery, independent investigation, legal research and analysis may give rise to additional contentions, facts, documents and testimony, as well as establish entirely new facts or conclusions and legal contentions, all of which may lead to substantial additions to, changes in, or variations from these responses. Accordingly, Wolverine reserves the right to change, modify, supplement, add to, or subtract from its responses, up to the time of trial, as new, different or additional information, facts, documents, evidence or witnesses become known to or are recalled by Wolverine, as further analyses are made, legal research is compiled, and/or contentions are made. The following responses are given without prejudice to further discovery, research, and/or analyses.

14. Each of these General Objections is incorporated into each response by Wolverine to each specific Request as if fully set forth therein.

## OBJECTIONS TO DEFINITIONS

Wolverine objects to each "Definition" contained in the Requests to the extent it is or may be vague, overly broad, unduly burdensome, beyond the requirements of applicable law, or seeks information that is not relevant to the subject matter involved in the pending action and/or the

current stage of these proceedings pursuant to the Orders and findings of the Court and Special Master.

7. "Underlying Environmental Matters" means (1) multiple individual actions filed in 2017, 2018 and 2019 in Kent County Circuit Court, State of Michigan; (2) *Beverly Zimmerman, et al. v. The 3M Company, et al.*, Case No. 1:17-cv-01062, United States District Court, Western District of Michigan; (3) *Megan Johns, et al. v. Wolverine World Wide, Inc.*, Case No. 18-02078-CE, Kent County Circuit Court, State of Michigan removed to United States District Court, Western District of Michigan, Case No. 1:18-cv-01302 and *Susan Henry v. Wolverine World Wide, Inc.*, Case No. 1:18-cv-01924 (D. Del.); (4) *Michigan Department of Environmental Quality v. Wolverine World Wide, Inc.*, Case No. 1:18-cv-00039, United States District Court, Western District of Michigan; (5) The Unilateral Administrative Order, No. V-W-18-C-004, Removal Actions served on Wolverine World Wide, Inc. in January 2018 by the United States Environmental Protection Agency for Wolverine Worldwide Tannery and House Street Disposal Area; and (6) *Boulder Creek Development Co., LLC v. Wolverine World Wide, Inc.*, Case No. 18-10212-CE, Kent County Circuit Court, State of Michigan.

**RESPONSE:** Wolverine incorporates its General Objections as if stated in full herein and further objects to this Definition as vague and ambiguous. By way of example and not limitation, this Definition defines "Underlying Environmental Matters" as "multiple individual actions filed in 2017, 2018 and 2019 in Kent County Circuit Court, State of Michigan" which fails to describe this term with reasonable particularity and creates an undue burden of production on Wolverine without sufficient knowledge to determine Defendants' precise requests with respect to this term.

**OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION**

1. Admit that Travelers does not have any obligation under the Travelers Policies (as defined herein) to defend Wolverine in the Underlying Actions (as defined herein).

**RESPONSE:** Wolverine hereby incorporates its General Objections as if stated herein in full. Wolverine further objects to this Request on the grounds that it seeks a legal conclusion as to, among other things, the interpretation of the terms of the Travelers Policies and their ultimate application in this matter, particularly with respect to the duty to defend which is the fundamental legal issue presently in dispute in Phase I of this matter. Because this Request seeks application

- 5 -

of the terms of the Travelers Policies to central facts in dispute in this litigation, it is wholly improper and no response is required. *See*, *e.g.*, *Quicken Loans v. Jolly*, No. 2:07-CV-13143, 2007 WL 3408551, at *1 (E.D. Mich. Nov. 15, 2007) ("Requests for admissions should not be directed toward conclusions of law. Also, a request for admission as to a central fact in dispute – i.e. the core of plaintiff's asserted contentions – is beyond the proper scope of normal discovery.").

Wolverine objects to this Request on the grounds that the Travelers Policies are written contracts, the terms of which speak for themselves. Wolverine further objects to this Request on the grounds that it is overbroad, premature, harassing, and unduly burdensome and because it seeks information that is irrelevant to any party's claim or defense and is disproportional to the needs of the case. Wolverine also objects to this Request to the extent that it seeks information protected from discovery under the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

Subject to and without waiving the foregoing, Wolverine admits only that Wolverine does not presently seek a defense in this litigation pursuant to the terms of the Travelers Policies, and has not otherwise placed the Travelers Policies at issue in this litigation whatsoever. All allegations in this Request not expressly admitted are denied. Wolverine's response to this Request is based on its current knowledge and Wolverine reserves its right to supplement this Response as more information becomes available.

## OBJECTIONS AND RESPONSE TO INTERROGATORIES

1. If Wolverine's response to Request for Admission No. 1 is anything but an unqualified admission, please describe all reasons and all factual bases on which Wolverine relies to support its contention.

**RESPONSE:**  Wolverine hereby incorporates its General Objections as if stated herein in full.  Wolverine further objects to this Request on the grounds that it seeks a legal conclusion as to, among other things, the interpretation of the terms of the Travelers Policies and their ultimate application in this matter, particularly with respect to the duty to defend which is the fundamental legal issue presently in dispute in Phase I of this matter.  Because this Request seeks application of the terms of the Travelers Policies to central facts in dispute in this litigation, it is wholly improper and no response is required. *See, e.g.*, *Quicken Loans v. Jolly*, No. 2:07-CV-13143, 2007 WL 3408551, at *1 (E.D. Mich. Nov. 15, 2007) ("Requests for admissions should not be directed toward conclusions of law. Also, a request for admission as to a central fact in dispute – i.e. the core of plaintiff's asserted contentions – is beyond the proper scope of normal discovery.").

Wolverine objects to this Request on the grounds that the Travelers Policies are written contracts, the terms of which speak for themselves. Wolverine further objects to this Request on the grounds that it is overbroad, premature, harassing, and unduly burdensome and because it seeks information that is irrelevant to any party's claim or defense and is disproportional to the needs of the case. Wolverine also objects to this Request to the extent that it seeks information protected from discovery under the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

Subject to and without waiving the foregoing, Wolverine incorporates its response to Request for Admission No. 1 as if fully set forth herein.

2. If Wolverine's response to Request for Admission No. 1 is anything but an unqualified admission, please Identify each and every Document on which Wolverine relies to support its contention.

**RESPONSE:** Wolverine hereby incorporates its General Objections as if stated herein in full. Wolverine further objects to this Request on the grounds that it seeks a legal conclusion as to, among other things, the interpretation of the terms of the Travelers Policies and their ultimate application in this matter, particularly with respect to the duty to defend which is the fundamental legal issue presently in dispute in Phase I of this matter.  Because this Request seeks application of the terms of the Travelers Policies to central facts in dispute in this litigation, it is wholly improper and no response is required. *See*, *e.g.*, *Quicken Loans v. Jolly*, No. 2:07-CV-13143, 2007 WL 3408551, at *1 (E.D. Mich. Nov. 15, 2007) ("Requests for admissions should not be directed toward conclusions of law. Also, a request for admission as to a central fact in dispute – i.e. the core of plaintiff's asserted contentions – is beyond the proper scope of normal discovery.").

Wolverine objects to this Request on the grounds that the Travelers Policies are written contracts, the terms of which speak for themselves. Wolverine further objects to this Request on the grounds that it is overbroad, premature, harassing, and unduly burdensome and because it seeks information that is irrelevant to any party's claim or defense and is disproportional to the needs of the case. Wolverine also objects to this Request to the extent that it seeks information protected from discovery under the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

Subject to and without waiving the foregoing, Wolverine incorporates its response to Request for Admission No. 1 as if fully set forth herein. Answering further, Wolverine refers Travelers to the Complaint in this matter, Travelers' Amended Counterclaim and Demand for Jury Trial against Wolverine, Wolverine's Answer to Travelers' Amended Counterclaim, and copies of the Travelers Policies in its possession, custody and control.

3. If Wolverine's response to Request for Admission No. 1 is anything but an unqualified admission, please Identify each and every Person on which Wolverine relies to support its contention.

**RESPONSE:** Wolverine hereby incorporates its General Objections as if stated herein in full. Wolverine further objects to this Request on the grounds that it seeks a legal conclusion as to, among other things, the interpretation of the terms of the Travelers Policies and their ultimate application in this matter, particularly with respect to the duty to defend which is the fundamental legal issue presently in dispute in Phase I of this matter. Because this Request seeks application of the terms of the Travelers Policies to central facts in dispute in this litigation, it is wholly improper and no response is required. *See, e.g.*, *Quicken Loans v. Jolly*, No. 2:07-CV-13143, 2007 WL 3408551, at *1 (E.D. Mich. Nov. 15, 2007) ("Requests for admissions should not be directed toward conclusions of law. Also, a request for admission as to a central fact in dispute – i.e. the core of plaintiff's asserted contentions – is beyond the proper scope of normal discovery.").

Wolverine objects to this Request on the grounds that the Travelers Policies are written contracts, the terms of which speak for themselves. Wolverine further objects to this Request on the grounds that it is overbroad, premature, harassing, and unduly burdensome and because it seeks information that is irrelevant to any party's claim or defense and is disproportional to the needs of the case. Wolverine also objects to this Request to the extent that it seeks information protected from discovery under the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

Subject to and without waiving the foregoing, Wolverine incorporates its response to Request for Admission No. 1 as if fully set forth herein. Answering further, Wolverine states that its response to Request for Admission No. 1 was prepared by counsel for Wolverine.

**OBJECTIONS AND RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1.  Please produce all Documents identified in Wolverine's response to any of the above Interrogatories and/or Relating to or used in the Wolverine's preparation of its responses to any of these Interrogatories.

**RESPONSE:** Wolverine hereby incorporates its General Objections as if stated herein in full. Wolverine further objects to this Request on the grounds that it seeks a legal conclusion as to, among other things, the interpretation of the terms of the Travelers Policies and their ultimate application in this matter, particularly with respect to the duty to defend which is the fundamental legal issue presently in dispute in Phase I of this matter. Because this Request seeks application of the terms of the Travelers Policies to central facts in dispute in this litigation, it is wholly improper and no response is required. *See*, *e.g.*, *Quicken Loans v. Jolly*, No. 2:07-CV-13143, 2007 WL 3408551, at *1 (E.D. Mich. Nov. 15, 2007) ("Requests for admissions should not be directed toward conclusions of law. Also, a request for admission as to a central fact in dispute – i.e. the core of plaintiff's asserted contentions – is beyond the proper scope of normal discovery.").

Wolverine objects to this Request on the grounds that the Travelers Policies are written contracts, the terms of which speak for themselves. Wolverine further objects to this Request on the grounds that it is overbroad, premature, harassing, and unduly burdensome and because it seeks information that is irrelevant to any party's claim or defense and is disproportional to the needs of the case. Wolverine also objects to this Request to the extent that it seeks information protected from discovery under the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.

Subject to and without waiving the foregoing, Wolverine incorporates its responses to Request for Admission No. 1 and Interrogatory No. 2 as if fully set forth herein. Answering further, Wolverine refers Travelers to the Complaint in this matter, its Amended Counterclaim and

Demand for Jury Trial against Wolverine, Wolverine's Answer to Travelers' Amended Counterclaim, the complaints and amended complaints in the Underlying Actions, correspondence between Wolverine and Travelers related to the Underlying Actions, and copies of the Travelers Policies in its possession, custody and control.

Dated: October 30, 2019

*s/ Kevin B. Dreher*
Kevin B. Dreher
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
kdreher@reedsmith.com

Charles M. Denton
Erika P. Weiss
BARNES & THORNBURG LLP
171 Monroe Ave. NW, Suite 1000
Grand Rapids, MI 49503
Telephone: (616) 742-3930
Charles.Denton@btlaw.com
Erika.Weiss@btlaw.com

*Counsel for Wolverine World Wide, Inc., f/k/a Wolverine Shoe & Tanning Corporation*

- 11 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.

THE AMERICAN INSURANCE COMPANY, et al.,

    Defendants.

Case No. 1:19-cv-00010-JTN-ESC

Honorable Janet T. Neff
Mag. Judge Ellen S. Carmody
Special Master Paula Manderfield

## CERTIFICATE OF SERVICE

I, Kevin B. Dreher, an attorney, certify that on October 30, 2019, a true and correct copy of **PLAINTIFF WOLVERINE WORLD WIDE, INC.'S OBJECTIONS AND RESPONSES TO TRAVELERS FIRST REQUEST FOR ADMISSION AND ACCOMPANYING INTERROGATORIES AND REQUEST FOR PRODUCTION** was served upon counsel for all Defendants via U.S. Mail and e-mail, and that this certificate of service was filed with the Clerk of Court which provides electronic notice to all counsel of record.

                                                  *s/ Kevin B. Dreher*
                                                   Kevin B. Dreher