**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.

THE AMERICAN INSURANCE COMPANY, et. al,

    Defendants.

**ORAL ARGUMENT REQUESTED**

Case No. 1:19-cv-00010-JTN-SJB

Honorable Janet T. Neff
Mag. Judge Sally J. Berens
Special Master Paula Manderfield

**THE TRAVELERS INDEMNITY COMPANY'S RULE 53(F)(2)
OBJECTIONS TO THE SPECIAL MASTER'S OPINION AND ORDER
ON WOLVERINE WORLD WIDE'S MOTION FOR DISCOVERY SANCTIONS**

The Travelers Indemnity Company respectfully submits these Fed. R. Civ. P. 53(f)(2) Objections ("Objections") to Special Master Paula Manderfield's August 25, 2023 Opinion and Order on Wolverine World Wide's ("Wolverine") Motion for Discovery Sanctions Against Travelers ("Opinion and Order").

## I. INTRODUCTION

The Opinion and Order imposed the extreme sanction of the evisceration of Travelers' attorney-client and work product privileges. And it did so with only a cursory discussion of the strict conditions necessary for imposing such a punishing sanction. The conclusions that Travelers' conduct was willful and/or in bad faith and that Wolverine was prejudiced, in particular, were reached without analysis. In fact, Travelers established, through unrefuted affiant testimony, that its conduct was not willful and that it did not act in bad faith. This unrefuted testimony showed that Travelers inadvertently failed to identify and produce certain documents and took corrective action when it discovered its mistake. Nothing less happened here, but certainly nothing more. Further, the only purported prejudice – producing documents near the discovery deadline – was cured when the Special Master granted Wolverine three additional months to take discovery against Travelers.

The Special Master also previously held that Travelers was not required to produce or even log any file materials that post-date Travelers' anticipation of litigation. ECF No. 1867. That ruling was made after the Special Master ordered Travelers to produce its claim file and thus limited what Travelers was actually required to produce and log. Indeed, when Wolverine challenged Travelers' production and privilege log, the Special Master upheld Travelers' decision to withhold claim file materials that post-date Travelers' anticipation of litigation, concluding that Travelers did not have to log those materials. Yet, in the Opinion and Order sanctioning Travelers, in direct contradiction of ECF No. 1867, the Special Master held that Travelers must produce, unredacted, all internal claim communications and emails. The result of the Opinion and Order is that the Special Master

1

has sanctioned Travelers, including eviscerating Travelers' fundamental right to the protection of attorney-client privilege and the work product doctrine, at least in part as a result of Travelers' failure to produce documents that the Special Master previously held Travelers did not have to produce or log.

With respect to Ms. Jane Kelly's claim notes, Ms. Kelly confirmed – in a sworn affidavit submitted with Travelers' opposition to Wolverine's motion for sanctions – that anything from her file that could be considered a "note" had been provided to counsel and produced to Wolverine. Ms. Kelly, in her affidavit, even outlined and provided her notes and swore that these were the only notes she made with respect to Wolverine's claim. That testimony remains unrefuted but was summarily dismissed in the Opinion and Order.

This is not a situation that warrants sanctions, let alone a sanction waiving the attorney client privilege and attorney work product protection. Travelers has, at all times, acted in good faith with respect to discovery and this Court's and the Special Master's orders. The strict conditions precedent that must be satisfied before sanctions can be authorized have not been met, and the Opinion and Order should be rejected.

## II.　LAW AND ARGUMENT

### A.　Standard of Review

Pursuant to the May 31, 2019 Order Appointing and Authorizing Special Master Pursuant to Fed. R. Civ. P. 53, "[a]ny recommendation, order or decision of the Master is subject to de novo review by the Court." ECF No. 96 at Paragraph 8.

### B.　There is no basis to sanction Travelers

When analyzing a request for sanctions under Rule 37, courts apply a multifactor analysis as follows:

2

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Regarding the first factor in particular, a party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Mager v. Wisconsin Cent. Ltd*., 924 F.3d 831, 837 (6th Cir. 2019).

    1.    *Travelers conduct was not willful or in bad faith*

Travelers has been sanctioned for a mistake. Nothing in the record suggests, much less establishes, that Travelers willfully delayed discovery or acted in bad faith. Travelers instead discovered a mistake in its prior document search and production, and immediately took good faith steps to remedy that mistake.

Contrary to the Special Master's conclusion that Travelers "intentionally withheld documents," the actual record, including the unrebutted affidavit of Julio Velez tells a far different story. In his affidavit, Mr. Velez, a Legal Specialist in Travelers Claim Legal – SRG Department, stated that Travelers discovered that some internal email communications and communications with Wolverine were not placed into the Claim Platform system. Ex. 1, Affidavit of Julio Velez, previously filed under seal as Exhibit 1 to ECF No. 2114, ¶ 6. The Claim Platform system is where the Strategic Resolution Group ("SRG") of Travelers now retains documents in the regular course of Travelers' business. *Id*., ¶ 7. Mr. Velez was unaware that certain documents had not been placed into the Claim Platform system, and therefore those documents were not located during his earlier searches for responsive documents. *Id*., ¶ 8. As soon as this mistake was discovered, Travelers began searching for and collecting documents outside of the Claim Platform system and provided

3

them to Travelers' counsel for privilege review in this action. *Id*., ¶ 9.

Notwithstanding the foregoing, and despite the fact that Mr. Velez's affidavit was unrebutted, the Opinion and Order does not even acknowledge the affidavit, which explained where documents were stored and how the newly discovered documents had been missed in earlier searches. Instead, the Opinion and Order, without any basis, attributed malice to Travelers for this mistake.

Travelers' good faith efforts to rectify its mistake are clearly set forth in the record. Once it identified the newly discovered documents, Travelers postponed two depositions (of Jane Kelly and a 30(b)(6) witness) and advised Wolverine that it was doing so in order to complete its supplemental production in advance of the depositions. Travelers even went as far as to agree to allow the depositions that Wolverine had noticed to be taken after the close of discovery. All this was explained in Travelers' briefing, ECF No. 2089, filed under seal; ECF No. 2114, filed under seal, which Travelers incorporates herein by reference. It was also explained at oral argument. Ex. 2; transcript of oral argument dated August 17, 2023. Despite this, and without prior warning or threat of sanctions by the Special Master or any previous imposition of sanctions, the Special Master not only granted sanctions arising from a mistake, but imposed one of the most drastic sanctions possible, the waiver of the attorney client privilege and the work product protection.

Travelers nevertheless accepts responsibility for the mistake that led to the incomplete production of documents, and the record is clear that as soon as the mistake was discovered it took immediate steps to correct it, with no intent to deceive or delay discovery. Travelers never acted in bad faith or "exhibited an intent to thwart judicial pleadings or a reckless disregard for the effect of his conduct on those proceedings." *Turner v. Evergreen Recovery Sols., LLC*, No. 4:20-CV-12568, 2022 WL 18588076, *3 (E.D. Mich. Nov. 4, 2022), *report and recommendation adopted*, No. 20-

4

CV-12568, 2023 WL 22164 (E.D. Mich. Jan. 3, 2023). Indeed, Judge Quist previously offered insight on the precise issue of whether sanctions are appropriate when there has been an oversight with respect to searching for documents and ruled that they are not. *Century Indem. Co. v. Aero-Motive Co.*, 254 F. Supp. 2d 670, 695 (W.D. Mich. 2003). Judge Quist stated:

> "Aero's late production was not the result of bad faith or dilatory conduct, but rather was the result of a good-faith oversight during a search for decades-old documents. Furthermore, Century and the other insurers have had the opportunity to re-depose Aero's witnesses regarding those documents and, thus, have not been prejudiced by the late production. Therefore, the Court concludes that sanctions are not warranted …."

The same situation is presented here, and the result should be the same.

The Special Master's decision to impose sanctions is also troubling as it is based in large part on Travelers' failure to produce documents that the Special Master previously held did not have to be produced or logged as they post-dated Travelers' anticipation of litigation. *See* ECF No. 1867. After Wolverine challenged Travelers' privilege log stating Travelers would not identify or log documents or communications produced in anticipation of litigation, the Special Master ***rejected*** Wolverine's challenge, finding that "***Travelers privilege log is fully compliant and provides all necessary information to assess the privileges claimed, and there is no basis to require in camera review of the documents***."  Ex. 3, ECF No. 1867, PageID135569.

The Opinion and Order also took issue with the lack of "claim notes" authored by Ms. Kelly, Travelers' coverage-related claim analyst. ***Ms. Kelly's sworn, unrefuted affidavit, however, confirms that anything from her file that could even be considered a "note" was provided to counsel and produced to Wolverine***. While Wolverine continues to baselessly contend that reams of "claim notes" taken by Ms. Kelly must exist, a position that the Special Master apparently adopted without any factual basis, the unrefuted evidence is clear that Ms. Kelly has no such reams of "claim notes," and the notes that she did make have been produced. The Court "cannot compel

5

a party to provide information that he or she does not possess any more than it can compel that party to produce documents that do not exist or are not in his possession, custody or control." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021).

    2.    *Wolverine has not been prejudiced*

Prejudice is a prerequisite to any award of sanctions. *Freeland*, 103 F.3d at 1277. Yet at no point did Wolverine establish that it has been prejudiced. In its brief in support of its motion, Wolverine uses the word prejudice once, at the end, to say it has been prejudiced. ECF No. 2068 at p. 13. But Wolverine does not cite a single fact in support of this conclusory statement. In its brief in support of its motion for leave to supplement the record regarding its motion for sanctions, Wolverine once again summarily includes, without any factual support whatsoever, that it has been prejudiced. ECF No. 2085 at pp. 2 and 7.

The Opinion and Order also presumed the existence of prejudice without any factual support. Foremost, there is no prejudice with respect to privileged documents because Wolverine has no inherent right to privileged information. The Special Master's only finding of prejudice was that documents were found and disclosed less than a month before the discovery deadline. The Opinion and Order does not even explain why the production of documents prior to depositions of the pertinent Travelers witnesses and prior to the close of discovery is prejudicial. Indeed, Travelers even offered to allow certain witnesses to be deposed after the close of discovery. There was no loss of information. There was no destruction of evidence. There was no surprise on the eve of trial. Further, the Special Master granted Wolverine an additional three months to take discovery of Travelers. That, alone, resolves any prejudice that could have even been inferred by the timing of the production of documents. ***By giving Wolverine an additional 90 days to take discovery, the Special Master eliminated any prejudice that might have arguably even existed***.  On this basis

alone, the Special Master's Opinion and Order should be rejected.

      3.     *Travelers was not warned that its conduct could lead to the sanctions imposed by the Special Master*

The Special Master suggests that "Travelers certainly knew that sanctions were an option under the Federal Court Rules." ECF No. 2124, PageID.139934. But nowhere does the Special Master assert that Travelers was provided warning that such sanctions would include waiver of privilege. Having general knowledge of court rules permitting sanctions is not the equivalent of receiving an express warning that perceived conduct or alleged omissions in discovery will lead to sanctions. And no such warning occurred here.

Based on a prior filing, Travelers anticipates that Wolverine will argue this Court warned Travelers "regarding Travelers' noncompliance with Court Orders." ECF No. 2132, PageID.140168. This is a blatant mischaracterization of the record. The transcript to which Wolverine cites instead makes clear that when this Court stated, "[t]he remedy required by the special master may come off sounding a little harsh, but you guys have brought this on yourselves. …. You have to produce this stuff in searchable form," ECF No, 1928, 3/8/23 Status Conference Transcript, PageID.136711, this Court was addressing an opinion and order granting Wolverine's motion to compel defendants' production of ESI and metadata, ECF 1763. There was no warning by this Court at that status conference (or in the Special Master's order) regarding **waiver of privilege** as a sanction, and the referenced order imposed no sanctions of any kind. A hasty imposition of severe sanctions with no warning other than the existence of the rules or of a general pretrial discovery order has been held to be insufficient. *Freeland v. Amigo*, 103 F.3d 1271, 1280-81 (6th Cir. 1997). The Special Master's Opinion and Order should be rejected for this additional reason.

### C. The sanctions imposed by the Special Master go too far

As set forth above, the conditions precedent to an award of sanctions were not met. But even if a sanction against Travelers was somehow warranted, the conditions necessary to warrant the evisceration of the attorney-client privilege most certainly have not been met. Indeed, when examining a waiver of privilege, "courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001). "Given the harshness of the waiver sanction … [m]inor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver." *Id*. See also *Hobart Corp. v. Dayton Power & Light Co.*, No. 3:13-cv-115, 2017 WL 3668848, at *2 (S.D. Ohio Aug. 24, 2017) (quoting 6 James Wm. Moore, Moore's Federal Practice § 26.90[2] (3d ed.) ("Waiver is an 'extreme sanction' typically 'reserved for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests.'").

The attorney client privilege and the attorney work product doctrine are fundamental protections deeply imbedded in our jurisprudence. As set forth in detail above, Travelers' mistake does not warrant any sanctions. Regardless, however, Travelers' conduct clearly does not justify the evisceration of those protections and the Opinion and Order should be rejected with respect to that sanction.

WHEREFORE, the Court should reject the Special Master's Opinion and Order in its entirety. At an absolute minimum, the Special Master's evisceration of Travelers' attorney-client privilege and work product protections should be rejected.

                        Respectfully submitted,

                         _s/Mary Massaron_
                        Charles W. Browning
                        Mary Massaron
                        Patrick E. Winters
                        Drew L. Block
                        PLUNKETT COONEY
                        38505 Woodward Avenue, Suite 100
                        Bloomfield Hills, MI 48304
                        (248) 901-4000; (248) 901-4040 (Fax)
                        cbrowning@plunkettcooney.com
                        pwinters@plunkettcooney.com
                        dblock@plunkettcooney.com
                        mmassaron@plunkettcooney.com

                        ***Attorneys for Defendant The Travelers Indemnity Company***

Dated: September 8, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOLVERINE WORLD WIDE, INC.,

 Plaintiff,

v.                                              Case No. 1:19-cv-00010-JTN-SJB

THE AMERICAN INSURANCE COMPANY,   Honorable Janet T. Neff
et. al,                                         Mag. Judge Sally J. Berens
                                                Special Master Paula Manderfield

 Defendants.

---

## CERTIFICATE OF COMPLIANCE

This is to certify that, pursuant to L.R. 7.3(b), that the foregoing brief was composed in Microsoft Word using 12-point Cambria typesetting and consists of 2,555 words.

 _s/ Mary Massaron_
 Mary Massaron
 PLUNKETT COONEY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WOLVERINE WORLD WIDE, INC.,

    Plaintiff,

v.                                            Case No. 1:19-cv-00010-JTN-SJB

THE AMERICAN INSURANCE COMPANY,     Honorable Janet T. Neff
et. al,                                      Mag. Judge Sally J. Berens
                                                  Special Master Paula Manderfield

    Defendants.

---

**CERTIFICATE OF SERVICE**

    I do hereby certify that on the 8th day of September, 2023, I filed the foregoing document and this Certificate of Service to all Counsel of Record with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

                                                   _s/ Mary Massaron_
                                                   Mary Massaron
                                                   PLUNKETT COONEY

Open.06900.81530.31759782-1